State of Alabama
Unified Judicial System

Form ARCivP-93    Rev. 5/99

# COVER SHEET
## CIRCUIT COURT - CIVIL CASE
### (Not For Domestic Relations Cases)

Case Number

CV 2006 1 3123

Date of Filing: 09 08 2006
Month  Day  Year

Judge Code:

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF ___Mobile___, ALABAMA

(Name of County)

v.

| Plaintiff | Defendant |
|---|---|

First Plaintiff:  ☐ Business  ☒ Individual  ☐ Government  ☐ Other

First Defendant:  ☒ Business  ☐ Individual  ☐ Government  ☐ Other

## NATURE OF SUIT:  Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantoniness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☒ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PROPERTY INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

## ORIGIN (check one):

F ☒ INITIAL FILING
A ☐ APPEAL FROM DISTRICT COURT
O ☐ OTHER:
R ☐ REMANDED
T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

## HAS JURY TRIAL BEEN DEMANDED?   ☐ YES  ☒ NO

Note:  Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P., for procedure)

## RELIEF REQUESTED:   ☒ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

& Punitive Damages

ATTORNEY CODE: _____

Date 9/8/06

Signature of Attorney/Party filing this form

Revised 1-1-94; 4-1-99; 11-1-99

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

JOSEPH M. SHEFFIELD                          *

_____                      *

Plaintiff(s)                                 *

vs.                                          *

FRANKLIN BANK SSB                            *    CIVIL ACTION NO. CV06-3123

ET AL                                        *    DATE COMPLAINT FILED    SEP 0 8 2006

_____                      *

Defendant(s)                                 *

## ASSIGNMENT TO EXPEDITED CASE MANAGEMENT SYSTEM AND GENERAL PRE-TRIAL ORDER

This case has been placed in the Expedited Case Management System which is designed to dispose of a case within 12 months after filing.

### OBJECTION TO INCLUSION IN SYSTEM

If a party to this cause believes that the cause is extremely complex or will involve unique problems and will be impossible to prepare for trial within the time frame of the system, he may, within 40 days after the date of this order, or if the party has not been served at the date of this order, within 40 days after service, file a motion requesting that the cause not be included in the system and that the parties be allowed additional time to prepare the cause for trial. A motion filed later than the aforesaid 40 days will not be considered by the Court. Oral argument may be requested on an exclusion motion. If a cause is excluded from the system by the Court, a discovery schedule will be set by the Court after conference with the parties. If a case is so excluded the general pre-trial portion of this order will remain in effect unless specifically altered by the Court.

### DISCOVERY

Unless the Court sets a shorter time, all pre-trial discovery shall be completed within 270 days after filing of the complaint unless party filing the Motion to Set and Certificate of Readiness requests an additional period of time, not to exceed 60 days, and certifies that all discovery will be concluded within that time. Notwithstanding the foregoing, for good cause shown, the Court may permit, of the parties may agree, that additional discovery procedures be undertaken anytime prior to trial, so long as such discovery can be completed so as not to require a continuance of the trial setting.

### MOTION TO SET AND CERTIFICATE OF READINESS

Counsel for the plaintiff shall, and counsel for any other party may, file a Motion to Set and Certificate of Readiness, which shall be filed not later than 270 days after the filing of the complaint. If such a motion is not filed by the 280th day, the Court will place the case marked "To Be Dismissed" on a disposition docket as near as possible to the 300th day and send notice of such to all parties. If a Motion to Set and Certificate of Readiness is not received by the Court prior to the disposition date, the case will be dismissed.

The Motion to Set and Certificate of Readiness will be in a form similar to that available of in the clerk's office and will contain the following information:

(1) The date the complaint was filed;
(2) That the issues in the case have been defined and joined;
(3) That all discovery has been completed or will be completed within 60 days after the filing of the Certificate of Readiness;
(4) That a jury trial has or has not been demanded;
(5) The expected length of the trial expressed in hours and/or days;
(6) A brief description of the plaintiff's claim;
(7) The names, addresses and telephone numbers of the parties or their attorneys responsible for their litigation;

(8) That the movant certifies that all expert witnesses expected to testify at trial have been disclosed to all parties, together with a summary of their opinions;

(9) That the movant acknowledges his/her responsibility to make all documents, exhibits, and physical evidence, or copies thereof, expected to be used in the case in chief available to the other parties, not less than 21 days prior to trial, for inspection and copying;

(10) That the movant certifies that he/she has read the pre-trial order, that he/she has complied with it to date and will comply with its requirements in the future.

The filing by plaintiff of a Motion to Set and Certificate of Readiness constitutes the voluntary dismissal of all fictitious parties whose true names have not been substituted.

## CONTROVERTING CERTIFICATE

Within 14 days after a Motion to Set and Certificate of Readiness has been filed, counsel for any other party may file a Controverting Certificate specifying the particular statements contained in the Certificate of Readiness to which objection is made, and the reasons therefore. Oral argument may be requested. The Court shall thereupon enter an order placing the case on the Active Calendar either immediately or, where good cause is shown, at a specified later date.

## ACTIVE CALENDAR

Fourteen days after a Motion to Set and Certificate of Readiness is filed, if a Controverting Certificate has not been filed, the case shall be placed on the Active Calendar, unless otherwise ordered by the Court.

## SETTING FOR TRIAL

Unless specifically set by the Court, cases on the Active Calendar shall be set for trial generally in the same order as they came on the Active Calendar and as soon as possible. Preference shall be given to cases which by statute, rule or order of the Court are entitled to priority. Counsel shall be given at least sixty days notice of the trial date.

## DELAY

When a case has been set for trial, no postponement of the trial will be considered by the Court except on a written motion substantially in the form previously approved by the Court. (Obtain from the Court a Request for Delay form.)

## NOTIFICATION OF SETTLEMENT

In order to provide other litigants with prompt trial settings all attorneys shall notify the Court of settlement, regardless of to status or stage of the case (discovery stage, active calendar on trial calendar).

### GENERAL PRE-TRIAL ORDER

To expedite pre-trial and trial procedure, it is ORDERED by the Court that the following will apply:

1.   EXHIBITS, DOCUMENTS, AND PHYSICAL EVIDENCE, GENERALLY

a.   Each party shall identify in writing to all other parties and shall make all documents, exhibits and physical evidence, or copies thereof, expected to be used in the case in chief available to the other parties, not less than 21 days prior to trial, for inspection and copying. The same shall then be authenticated and admitted into evidence without further proof, unless written objections to any such documents or exhibits be made to the Court not less than 14 days prior to trial specifying the grounds of objection to the genuineness and relevancy of the proposed document, exhibit, or physical evidence. The requirement does not apply to documents, exhibits and physical evidence used solely as impeachment evidence.

b.   Documents, exhibits or physical evidence not timely exhibited to or made available to other parties prior to trial under this Order will not be admitted into evidence at the trial unless solely for impeachment purposes or unless the ends of justice so require.

c.   Documents, exhibits or physical evidence so admitted hereunder shall be presented to the court reporter for marking in evidence prior to trial.

2.   DOCTOR, HOSPITAL AND MEDICAL EXPENSES

a.      If applicable, all doctor, medical and hospital bills shall be sent to or made available to all parties not less than 21 days before trial and shall be admitted in evidence as reasonable without further proof, unless written objection to any such bills be made to the Court no less than 14 days before trial specifying the grounds for objection.

b.      Any such bills not timely exhibited to the other parties will jot be admitted in evidence at trial unless the ends of justice so require.

c.      The bills so admitted shall be presented to the court reporter for marking in evidence prior to trial.

3.   SPECIAL DAMAGES

a.      All parties seeking special damages shall furnish the other parties with a list thereof not less than 21 days before trial. Written objections thereto may be made not less than 14 days before trial specifying grounds of objections.

b.      Evidence of special damages claimed, but not timely exhibited to other parties, will not be admitted into evidence unless the ends of justice require so.

4.   AGENCY-TIME AND PLACE-DUTY

a.      Agency and the time and place of the incident involved, if alleged in the complaint, and, if a negligence case, the existence of a duty, are admitted and the parties are deemed correctly named and designated unless specifically denied by answer or unless written objection is made not less than 14 days before trial. The objections shall include the correct name and entity and/or the grounds relied on.

5.   EXPERTS

a.      Unless previously obtained by discovery, each party will furnish to all other parties the names, addresses and qualifications of all expert witnesses expected to testify, together with a brief summary of their opinions. Such disclosure of experts shall be made by the party filing the Motion to Set and Certificate of Readiness not later than the time of filing such motion. Disclosure by all parties shall be made not later than 14 days after the filing of the Motion to Set and Certificate of Readiness.

b.      Disclosure of experts in cases not included in the Fasttrack system shall be made by all parties not less than 60 days before trial.

c.      Unless written objection to the qualifications of an expert is made not later than 30 days before trial, stating grounds, the qualification of such expert will be admitted.

d.      Upon calling an expert to testify at trial, the attorney may state to the Court and jury the name, address and summary of the qualifications of the expert.

6.   JURY INSTRUCTIONS

If the case is to be tried by a jury, requested written charges shall be submitted to the Court not later than the close of the plaintiff's case, subject to supplementation during the course of the trial on matters which could not be reasonably anticipated. Each requested charge will be typed on letter size paper and identified by the party's last name and shall be numbered.

7.   JURY SELECTION

Before the commencement of trial, the parties will furnish or advise the court, outside the presence of the jury, the names of all insurance companies involved and any special voir dire questions for the purpose of qualifying the jury.

8.   DUTY TO SUPPLEMENT DISCOVERY

All parties are under duty to supplement responses to discovery as provided by Rule 26(e)(3) ARCP which should be done not less than 30 days before trial.

9.    MOTIONS GENERALLY

    If motion to strike or motion to dismiss a pleading is filed, the Court will not consider such unless a copy of the pleading sought to be struck or dismissed is attached thereto.

10.    CONFLICTS

    In the event of scheduling conflict affected counsel shall comply with the Attorney Calendar Conflict Resolution Order of the Alabama Supreme Court.

    It is further ORDERED by the Court that the Court will reconsider any portion of the General Pre-Trial Order upon timely application by any party.

Done this the _____ day of _____ SEP 0 8 2006 _____, 2006.

_____
Charles A. Graddick, Presiding Circuit Judge

Revised 1-1-94; 4-1-99; 11-1-99

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

JOSEPH M. SHEFFIELD                    *

_____                *

Plaintiff(s)                           *

vs.                                    *

FRANKLIN BANK SSB                      *    CIVIL ACTION NO. CV06-3123

ET AL                                  *    DATE COMPLAINT FILED  SEP 0 8 2006

_____                *

Defendant(s)                           *

## ASSIGNMENT TO EXPEDITED CASE MANAGEMENT SYSTEM AND GENERAL PRE-TRIAL ORDER

This case has been placed in the Expedited Case Management System which is designed to dispose of a case within 12 months after filing.

### OBJECTION TO INCLUSION IN SYSTEM

If a party to this cause believes that the cause is extremely complex or will involve unique problems and will be impossible to prepare for trial within the time frame of the system, he may, within 40 days after the date of this order, or if the party has not been served at the date of this order, within 40 days after service, file a motion requesting that the cause not be included in the system and that the parties be allowed additional time to prepare the cause for trial. A motion filed later than the aforesaid 40 days will not be considered by the Court. Oral argument may be requested on an exclusion motion. If a cause is excluded from the system by the Court, a discovery schedule will be set by the Court after conference with the parties. If a case is so excluded the general pre-trial portion of this order will remain in effect unless specifically altered by the Court.

### DISCOVERY

Unless the Court sets a shorter time, all pre-trial discovery shall be completed within 270 days after filing of the complaint unless party filing the Motion to Set and Certificate of Readiness requests an additional period of time, not to exceed 60 days, and certifies that all discovery will be concluded within that time. Notwithstanding the foregoing, for good cause shown, the Court may permit, of the parties may agree, that additional discovery procedures be undertaken anytime prior to trial, so long as such discovery can be completed so as not to require a continuance of the trial setting.

### MOTION TO SET AND CERTIFICATE OF READINESS

Counsel for the plaintiff shall, and counsel for any other party may, file a Motion to Set and Certificate of Readiness, which shall be filed not later than 270 days after the filing of the complaint. If such a motion is not filed by the 280th day, the Court will place the case marked "To Be Dismissed" on a disposition docket as near as possible to the 300th day and send notice of such to all parties. If a Motion to Set and Certificate of Readiness is not received by the Court prior to the disposition date, the case will be dismissed.

The Motion to Set and Certificate of Readiness will be in a form similar to that available of in the clerk's office and will contain the following information:

(1) The date the complaint was filed;
(2) That the issues in the case have been defined and joined;
(3) That all discovery has been completed or will be completed within 60 days after the filing of the Certificate of Readiness;
(4) That a jury trial has or has not been demanded;
(5) The expected length of the trial expressed in hours and/or days;
(6) A brief description of the plaintiff's claim;
(7) The names, addresses and telephone numbers of the parties or their attorneys responsible for their litigation;

(8) That the movant certifies that all expert witnesses expected to testify at trial have been disclosed to all parties, together with a summary of their opinions;

(9) That the movant acknowledges his/her responsibility to make all documents, exhibits, and physical evidence, or copies thereof, expected to be used in the case in chief available to the other parties, not less than 21 days prior to trial, for inspection and copying;

(10) That the movant certifies that he/she has read the pre-trial order, that he/she has complied with it to date and will comply with its requirements in the future.

The filing by plaintiff of a Motion to Set and Certificate of Readiness constitutes the voluntary dismissal of all fictitious parties whose true names have not been substituted.

## CONTROVERTING CERTIFICATE

Within 14 days after a Motion to Set and Certificate of Readiness has been filed, counsel for any other party may file a Controverting Certificate specifying the particular statements contained in the Certificate of Readiness to which objection is made, and the reasons therefore. Oral argument may be requested. The Court shall thereupon enter an order placing the case on the Active Calendar either immediately or, where good cause is shown, at a specified later date.

## ACTIVE CALENDAR

Fourteen days after a Motion to Set and Certificate of Readiness is filed, if a Controverting Certificate has not been filed, the case shall be placed on the Active Calendar, unless otherwise ordered by the Court.

## SETTING FOR TRIAL

Unless specifically set by the Court, cases on the Active Calendar shall be set for trial generally in the same order as they came on the Active Calendar and as soon as possible. Preference shall be given to cases which by statute, rule or order of the Court are entitled to priority. Counsel shall be given at least sixty days notice of the trial date.

## DELAY

When a case has been set for trial, no postponement of the trial will be considered by the Court except on a written motion substantially in the form previously approved by the Court. (Obtain from the Court a Request for Delay form.)

## NOTIFICATION OF SETTLEMENT

In order to provide other litigants with prompt trial settings all attorneys shall notify the Court of settlement, regardless of to status or stage of the case (discovery stage, active calendar on trial calendar).

### GENERAL PRE-TRIAL ORDER

To expedite pre-trial and trial procedure, it is ORDERED by the Court that the following will apply:

1.    **EXHIBITS, DOCUMENTS, AND PHYSICAL EVIDENCE, GENERALLY**

a.    Each party shall identify in writing to all other parties and shall make all documents, exhibits and physical evidence, or copies thereof, expected to be used in the case in chief available to the other parties, not less than 21 days prior to trial, for inspection and copying. The same shall then be authenticated and admitted into evidence without further proof, unless written objections to any such documents or exhibits be made to the Court not less than 14 days prior to trial specifying the grounds of objection to the genuineness and relevancy of the proposed document, exhibit, or physical evidence. The requirement does not apply to documents, exhibits and physical evidence used solely as impeachment evidence.

b.    Documents, exhibits or physical evidence not timely exhibited to or made available to other parties prior to trial under this Order will not be admitted into evidence at the trial unless solely for impeachment purposes or unless the ends of justice so require.

c.    Documents, exhibits or physical evidence so admitted hereunder shall be presented to the court reporter for marking in evidence prior to trial.

2.    DOCTOR, HOSPITAL AND MEDICAL EXPENSES

a.    If applicable, all doctor, medical and hospital bills shall be sent to or made available to all parties not less than 21 days before trial and shall be admitted in evidence as reasonable without further proof, unless written objection to any such bills be made to the Court no less than 14 days before trial specifying the grounds for objection.

b.    Any such bills not timely exhibited to the other parties will not be admitted in evidence at trial unless the ends of justice so require.

c.    The bills so admitted shall be presented to the court reporter for marking in evidence prior to trial.

3.    SPECIAL DAMAGES

a.    All parties seeking special damages shall furnish the other parties with a list thereof not less than 21 days before trial.  Written objections thereto may be made not less than 14 days before trial specifying grounds of objections.

b.    Evidence of special damages claimed, but not timely exhibited to other parties, will not be admitted into evidence unless the ends of justice require so.

4.    AGENCY-TIME AND PLACE-DUTY

a.    Agency and the time and place of the incident involved, if alleged in the complaint, and, if a negligence case, the existence of a duty, are admitted and the parties are deemed correctly named and designated unless specifically denied by answer or unless written objection is made not less than 14 days before trial.  The objections shall include the correct name and entity and/or the grounds relied on.

5.    EXPERTS

a.    Unless previously obtained by discovery, each party will furnish to all other parties the names, addresses and qualifications of all expert witnesses expected to testify, together with a brief summary of their opinions.  Such disclosure of experts shall be made by the party filing the Motion to Set and Certificate of Readiness not later than the time of filing such motion.  Disclosure by all parties shall be made not later than 14 days after the filing of the Motion to Set and Certificate of Readiness.

b.    Disclosure of experts in cases not included in the Fasttrack system shall be made by all parties not less than 60 days before trial.

c.    Unless written objection to the qualifications of an expert is made not later than 30 days before trial, stating grounds, the qualification of such expert will be admitted.

d.    Upon calling an expert to testify at trial, the attorney may state to the Court and jury the name, address and summary of the qualifications of the expert.

6.    JURY INSTRUCTIONS

If the case is to be tried by a jury, requested written charges shall be submitted to the Court not later than the close of the plaintiff's case, subject to supplementation during the course of the trial on matters which could not be reasonably anticipated.  Each requested charge will be typed on letter size paper and identified by the party's last name and shall be numbered.

7.    JURY SELECTION

Before the commencement of trial, the parties will furnish or advise the court, outside the presence of the jury, the names of all insurance companies involved and any special voir dire questions for the purpose of qualifying the jury.

8.    DUTY TO SUPPLEMENT DISCOVERY

All parties are under duty to supplement responses to discovery as provided by Rule 26(e)(3) ARCP which should be done not less than 30 days before trial.

9.    MOTIONS GENERALLY

If motion to strike or motion to dismiss a pleading is filed, the Court will not consider such unless a copy of the pleading sought to be struck or dismissed is attached thereto.

10.    CONFLICTS

In the event of scheduling conflict affected counsel shall comply with the Attorney Calendar Conflict Resolution Order of the Alabama Supreme Court.

It is further ORDERED by the Court that the Court will reconsider any portion of the General Pre-Trial Order upon timely application by any party.

Done this the _____ day of _____ SEP 0 8 2006 _____, 2006.

_Charles A. Graddick_

Charles A. Graddick, Presiding Circuit Judge

CV05   315.
ADCC  -  8.
SERA    10.

## IN THE CIRCUIT COURT
## FOR THE COUNTY OF MOBILE
## STATE OF ALABAMA

DATE: 9/9/2006

CV04-3123 HYT

PLANTIFF:  JOSEPH M. SHEFFIELD  PRO-SE

V

DEFENDANT'S:  FRANKLIN BANK SSB, AND PRESTIAGE TITLE CO.INC.

---

### PETITION

I, JOSEPH M. SHEFFIELD, PETITION THIS HONORABLE COURT TO ACCEPT  THIS PETITION TO SUE ABOVE DEFENDANT'S FOR FRAUD, DECEPTION, MISREPRESENTATION, CONCELMENT, AND FORGERY, BOTH COMPANY'S ARE RESPONSIBLE FOR THE ACTIONS OF THEIR EMPLOYEES AND SHOULD BE HELD LIABLE FOR THEIR ACTIONS.  BUT THE  FORGERY WAS COMITTED BY AN EMPLOYEE OF  PRESTIAGE TITLE COMPANY.  I BELIEVE THAT STEVE HOBBS  AT FRANKLIN BANK SSB SEDRO WOOLEY, WA. DID KNOWINGLY COMIT AN ACT OF FRAUD IN THIS CONTRACT.

---

### COMPLAINT

I, JOSEPH M. SHEFFIELD AND MY WIFE MARGIE L. SHEFFIELD, HAVE IN THIS CONTRACT BEEN HARMED MENTALLY AND PHYSICALLY BY FRANKLIN BANK SSB AND PRESTIAGE TITLE COMPANY. SPECIFICALLY, ( LOAN OFFICER  STEVE HOBBS, AT FRANKLIN BANK SSB AT SEDRO WOOLEY, WA. ) AND ( SANDY MOSLEY CLOSING AGENT

AT PRESTIAGE TITLE COMPANY ). MOBILE, ALABAMA

STEVE HOBBS STATED TO ME HIS BANK COULD REFIANCE MY HOME THROUGH THE VA. THAT WAS WHAT I WANTED BECAUSE I WAS WITH GREEN TREE FINIANCE COMPANY AND THEY WERE EATING ME UP ON INTEREST. STEVE HOBBS OFFERED ME 6.339 % ON A VA CASH OUT REFIANCE. I TOLD STEVE HOBBS THAT I WANTED CREDIT LIFE INSURANCE ON MY LOAN. HE STATED THE BANK WOULD GIVE ME THE INSURANCE ON THE LOAN. THIS IS WHERE THE CONTRACT WENT COMPLETELY ILLEGAL. STEVE HOBBS HAD NO INTENTION OF GIVING ME MY CREDIT LIFE INSURANCE. THIS IS ( MISREPRESENTATION , CONSELMENT OF A MATERIAL FACT OF THE CONTRACT. ( FRAUD )

STEVE HOBBS OFFERED ME CREDIT LIFE INSURANCE ON DEC. 23,2005 I ACCEPTED HIS OFFER ON DEC. 29,2005 BUT HE NEVER PUT A PRICE ON THE INSURANCE. INSTEAD HE KEPT SAYING THE BANK WAS GOING TO GIVE ME MY INSURANCE. BUT IN FACT HE CONCELED BOTH THE REASON HE WANTED MY WIFE OFF TITLE AND THE INSURANCE WHICH HE KNEW I WAS NEVER GOING TO GET. STEVE HOBBS KEPT TELLING ME IT WAS THE VA, BUT I FOUND AT CLOSING THAT IT WAS THE LENDER THAT WANTED MY WIFE OFF TITLE.

STEVE HOBBS LIED FROM THE FIRST TO THE LAST ALL THROUGH THE CONTRACT STEVE KEPT TELLING ME ( WE CAN DO THIS THING.) AND KEPT ME BELIEVING EVERTHING WAS GOING TO BE ALRIGHT, I ASK STEVE HOBBS WHY THE VA WANTED MY WIFE OFF TITLE AND I NEVER GOT A RESPONSE. AT CLOSING MY WIFE HAD TO SIGN AWAY HER RIGHTS IN THE PROPERTY. SO WHY WOULD MY WIFE SIGN ON THE MORTGAGE DOCUMENT . THE MORTGAGE DOCUMENT WAS FORGED FOR ONLY ONE REASON TO CONFORM TO ALA. HOMESTEAD LAWS. SEE CODE OF ALABAMA 1975 SUB SECTION 6-10-3 WHICH WAS LEFT OUT REFER TO PAGE 10 OF THE MORTGAGE ITEM 24. AFTER WE CLOSED AND DURING MY RESCISSION PERIOD I GOT WITH STEVE HOBBS AND ASK HIM ABOUT MY CREDIT LIFE INSURANCE. HE STATED WAIT UNTIL AFTER WE CLOSE. WE DID TO OUR HARM. STEVE GAVE ME A PHONE # IN HOUSTON, TX. 866-538-1516 I CALLED AND TALKED TO A LADY IN THE INSURANCE DEPT. ( NO NAME GIVEN ) SHE TOLD ME THAT THERE WAS NO WAY ANYONE AT FRANKLIN BANK WOULD EVER SELL INSURANCE WITH OUT AN ESCROW ACCOUNT. I ASK HER IF THEY HAD A BANK IN SEDRO WOOLEY WA. HER REPLY ( YES ) THEN I SAID I HAD A FORM FOR CREDIT LIFE INSURANCE SIGNED BY HER LOAN OFFICER AT FRANKLIN BANK SSB AND EXCEPTED BY ME .SHE ASK ME TO SEND HER A COPY OF THE FORM

AND I DID. I, CALLED STEVE HOBBS AT FRANKLIN BANK SSB IN SEDRO WOOLEY WA. AFTER I TALKED TO THE LADY IN HOUSTON TX. APPOX. A WEEK LATER THEY TOLD ME STEVE HOBBS DOES NOT WORK HERE ANYMORE. SO I ASK WHO TOOK HIS PLACE AND WAS TOLD TO HOLD ON FOR HIM. THEN I SPOKE TO STEVE SEXEON THE NEW LOAN OFFICER I ASK HIM ABOUT MY LOAN AND HE TOLD ME MY LOAN WAS BEING SOLD. I FAXED HIM ALL THE LOAN PAPERS FROM CLOSING, THEN I TALKED TO HIM AGAIN AND ASK IF THE MORTGAGE WAS FORGED AND HIS REPLY WAS IT WAS PUT ON AFTER THE FACT. THE FACT WAS THE CLOSING OF THE LOAN.

STEVE HOBBS CONTACTED SANDY MOSLEY AT PTI TITLE COMPANY. TO DO OUR CLOSING DOCUMENTS. SANDY CALLED US TO PRESTIAGE TITLE COMPANY AND REQUESTED GREEN TREE PAPERWORK FROM OUR TITLE COMPANY. WE WENT TO TITLE GUARANTY OF MOBILE, AND GOT SANDY THE PAPERWORK SHE REQUESTED. WHEN WE ARRIVED BACK AT PRESTIAGE TITLE WE GAVE SANDY MOSLEY THE PAPERWORK . SANDY STATED TO MY WIFE AND MYSELF THAT SHE HAD SIGNED MY WIFE'S SIGNATURE TO A DOCUMENT BUT SHE STATED THAT SINCE YOU ARE HERE MARGIE YOU CAN SIGN THE DOCUMENT YOUSELF. SHE THREW THE DOCUMENT INTO THE TRASH CAN IN HER OFFICE AND HAD MY WIFE SIGN THE DOCUMENT. I BELIEVE THAT THIS DOCUMENT WAS A RELEASE OF INFORMATION DOCUMENT. SANDY MOSLEY IS GUILTY OF FORGERY, BECAUSE SHE KNEW THAT WE WERE COMING BACK TO HER OFFICE SO WHY DO AN ILLEGAL ACT. WE LEFT AND WENT HOME AND CALLED STEVE HOBBS AND TOLD HIM WHAT SANDY HAD DONE. STEVE CALLED ME BACK LATER AND STATED TO ME THAT THEY HAD FOUND OUT THAT IN FACT SANDY HAD TAKEN MY RECORDS TO A MORTGAGE COMPANY, NEXT DOOR TO PRESTIAGE TITLE. AT THIS TIME I TALKED TO THE MANAGER AT THE BANK AND HE STATED HE WAS ANGRY ABOUT WHAT SANDY HAD DONE. ABOUT TWO WEEKS LATER STEVE STATED ON THE PHONE THAT HE HAD FOUND ANOTHER TITLE COMPANY. WHICH WAS HERTIAGE TITLE COMPANY. THEN APPOX. TWO WEEKS LATER WE WERE TOLD BY STEVE HOBBS THAT THIS TITLE COMPANY DID NOT DO USED MOBILE HOMES. THEN APPOX. TWO WEEKS LATER STEVE HOBBS CONTACTED ME BY PHONE AND STATED WE WERE GOING BACK TO PRESTIAGE TITLE COMPANY BECAUSE THEY ( THE BANK ) FOUND OUT THAT SANDY HAD NOT DONE WHAT THEY SAID SHE HAD DONE.  THIS WAS OVER OUR OBJECTION SINCE WE KNEW THAT SANDY HAD ALREADY COMITTED FORGERY. BUT IN A FEW DAYS SHE CONTACTED US AND TOLD US WE WERE GOING TO CLOSE ON MAY 31, 2006 @ 12:00 PM. WE DID NOT CLOSE UNTIL APPOX. 3:30 PM.

AT CLOSING WE SIGNED ALL DOUMENTS THAT SANDY
REQUESTED . MY WIFE WAS TAKEN OFF TITLE BY LENDER. I WAS THE
ONLY NAME ON THE MORTGAGE. UNDER CODE OF ALABAMA SUB.
SEC.6-10-3  THE MORTGAGE IS NOT VALID WITHOUT THE VOLUNTARY
SIGNATURE AND ASSENT OF THE SPOUSE. ) SEE ALSO PAGE 10 OF
MORTGAGE ITEM 24 THEY  USED THE DOWER AND CURTESY PART BUT
NOT  THE HOMESTEAD LAWS.  THIS IS CONSELMENT OF A TRUE FACT.
WHEN ME AND MY WIFE WENT TO THE PROBATE COURT TO CHECK ON
SOMETHING ELSE WE FOUND THAT MY WIFES NAME HAD BEEN
FORGED, TO THE MORTGAGE.  SANDY MOSLEY , HAD THE PAPERWORK
WHEN WE LEFT HER OFFICE AT CLOSING. SHE WAS THE ONLY PERSON
THERE. WE HAVE NOT SEEN HER AGAIN BECAUSE SHE DOES NOT
WORK FOR PRESTIAGE TITLE ANY MORE.  I THEN SET AN
APPOINTMENT WITH ATTORNEY  BOB  BECKERLE.  HE  INFORMED ME
AND MY WIFE THAT THE BANK DOES NOT HAVE A LEGAL  MORTGAGE ,
THE MORTGAGE UNDER ALABAMA LAW STATES THAT BOTH HUSBAND
AND WIFE HAVE TO SIGN THE MORTGAGE ARE IT BECOMES NULL AN
VOID. ON THE ORIGINAL MORTGAGE THERE IS ONLY A PLACE FOR MY
SIGNATURE. THE MORTGAGE DOCUMENT IN PROBATE COURT IS A
FORGERY BECAUSE MY WIFE'S SIGNATURE WAS PUT ON AFTER
CLOSING WITHOUT MY WIFE'S CONSENT.


        MY WIFE AN MYSELF HAVE BEEN PUT UNDER A GREAT AMOUNT
OF DURESS  BECAUSE OF THE ACTIONS OF ( STEVE HOBBS AND SANDY
MOSLEY)  THIS CONTRACT IS AS THE LADY AT THE FBI OFICE STATED
IT IS WRONG FROM BEGINNING TO END. ( SHE WORKED IN THE
COSUMER FRAUD DIV. ) I ALSO CONTACTED THE HOME LOAN DIV.OF
THE VA OFFICE IN ST.PETERBURG FL. THE PERSON I TALKED TO WAS
STEVE ROBERTS, I ASK HIM  IF THE VA TAKES WIFES OF  A TITLE AND
HE SAID NO.  I BELIEVE IT TO BE A FACT THAT STEVE HOBBS DID
CONCEAL FACTS ABOUT THE CREDIT LIFE INSURANCE. AND HE NEVER
TOLD ME WHY HE WANTED JUST ME ON THE MORTGAGE.  I CALLED
STEVE HOBBS DURING MY RESCISSION  PERIOD AND ASK WHY THERE
WAS NOT ANY PAPERWORK ON THE CREDIT LIFE INS. AND HE TOLD
ME TO WAIT UNTIL WE CLOSED AND THEN EITHER HIS BANK OR THE
ONE THAT SERVICES THE LOAN ARE A THIRD PARTY. THIS IS A CASE
OF PURE FRAUD. SANDY MOSLEY BEING THE ONLY PERSON AT
CLOSING,IT WOULD MAKE SENSE THAT SHE OR ANOTHER PERSON AT
PRESTIAGE TITLE CO.INC. DID COMIT AN ACT OF DECEPTION AND
FORGERY, ALABAMA LAW CONSIDERS FORGERY TO BE A CLASS B
FELONY. SANDY MOSLEY COULD HAVE BROUGHT US BACK TO RESIGN

**THE MORTGAGE BUT INSTEAD SHE CHOSE TO VIOLATE ALABAMA HOMESTEAD LAWS**

     I PRAY THIS HONORABLE COURT WILL ACCEPT PUNITIVE DAMAGES FOR PRESTIAGE TITLE CO.INC. BECAUSE SANDY MOSLEY AN EMPLOYEE OF PRESTIAGE TITLE COMPANY  DID COMIT A WILLFUL ACT WITH  INTENT TO CAUSE HARM. BECAUSE IT WOULD HAVE BEEN VERY EASY FOR SANDY OR STEVE  TO CALL AND TELL US WE NEEDED TO RESIGN. BUT SHE AND STEVE CHOSE TO VIOLATE ALABAMA LAW. I AM ASKING FOR $ 150.000.00 IN PUNITIVE DAMAGES FOR MENTAL DURESS, AS STEVE AND SANDY KNEW OF MY VA MENTAL CONDITION THROUGH OUT THIS CONTRACT.  HAD THE TRUTH BEEN KNOWN ABOUT THE INSURANCE AND TAKING MY WIFE OF TITLE WE COULD HAVE MADE A BETTER CONTRACT LEGALLY.

     I BELIEVE THAT STEVE HOBBS, AT FRANKLIN BANK  DID COMIT A WILLFUL ACT IN TELLING ME FROM THE BEGINNING I COULD GET CREDIT LIFE INSURANCE. WHICH WAS  A VERY IMPORTANT PART OF THIS CONTRACT, HAD STEVE TOLD ME I COULD NOT GET INSURANCE THEN I COULD HAVE MADE A DIFFERENT  DECISION ON THIS LOAN, I, WOULD HAVE STOPED THIS CONTRACT AND WENT TO ANOTHER BANK.  I HAVE A COPY OF HIS OFFER FOR THIS INSURANCE AND ACCEPTANCE BY ME IN WRITING. BECAUSE OF HIS WRONG DOING I AM ASKING THIS HONORABLE COURT TO GRANT THE PAYOFF ON THE LOAN OR PAY THE INSURANCE FOR THE REMAINDER OF THE LOAN FOR BOTH MY WIFE AN I  IN CASE EITHER DIES FIRST THE LOAN WILL BE PAID OFF. PLUS RESIGN ALL DOCUMENTS LEGALLY,  TO BE PAID BY FRANKLIN BANK SSB.

PRESTIGE TITLE, INC.
1535 SCHILLINGER ROAD
SUITE A
MOBILE, ALABAMA 36695

RESPECTIFULLY SUMITTED

*Joseph M. Sheffield*

JOSEPH M. SHEFFIELD, PRO-SE

11835  STRINGFELLOW RD
GRAND BAY, AL. 36541

C/C

FRANKLIN BANK, SSB
9800 RICHMOND AVENUE
STE 680
HOUSTON, TX 77042

State of Alabama
Unified Judicial System

**ORIGINAL**

Form C-34    Rev 6/88

**SUMMONS**
**-CIVIL-**

Case Number

CV- 06-3123

IN THE ____CIRCUIT____ COURT OF ____MOBILE____ COUNTY

Plaintiff _Joseph M. Sheffield_ v. Defendant _FRANKLIN BANK SSB_

NOTICE TO _FRANKLIN BANK SSB 9800 RichMonD Avenue Ste. 680 Houston Tx. 77042_

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY _Joseph M. Sheffield - Pro-Se_ WHOSE

ADDRESS IS _11835 Stringfellow Rd Grand Bay, AL. 36541_

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN ___30___ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED** by the Alabama Rules of Civil Procedure:
    PROCESS SERVER

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

☒ Service by certified mail of this summons is initiated upon the written request of _Joseph M. Sheffield_ pursuant to the Alabama Rules of Civil Procedure.

SUSAN F. WILSON, Circuit Clerk
MOBILE COUNTY - CIVIL DIVISION
Mobile Government Plaza, Room C 936
205 Government Street
Mobile, Alabama 36644-2936

Date _9/8/2006_    _Susan F. Wilson_ LG

---

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:    DUO 1

_FRANKLIN BANK, SSB_
_9800 RICHMOND AVE_
_Ste. 680_
_HOUSTON, TX 77042_
_CV06-3123_ C+S

2. Article Number (Copy from service label)
_7000 0600 0022 5990 0974_

PS Form 3811, July 1999    Domestic Return Receipt    102595-00-M-0952

COMPLETE THIS SECTION ON DELIVERY

A. Received by (Please Print Clearly) | B. Date of Delivery
C. Binkley | 9-21-06

C. Signature
X  C. Binkley    ☐ Agent  ☐ Addressee

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered    ☒ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

MAIL RECEIPT
No Insurance Coverage Provided

Postmark Here

---

Date _____

Address of Server _____

Server's Si____

Type of Pr____

To be completed by mailer
_Franklin Bank, SSB_
_9800 Richmond Ave. Ste. 680_
_Houston TX 77042_
PS Form 3800, July 1999    See Reverse for Instructions

State of Alabama
Unified Judicial System

**ORIGINAL** SUMMONS **ORIGINAL**
CIVIL

Form C-34    Rev 6/88

MOBILE SEP 08

Case Number

CV-06-3123

IN THE ___CIRCUIT___ COURT OF ___MOBILE___ COUNTY

Plaintiff ___Joseph M Sheffield___ v. Defendant ___Prestiage Title Inc.___

NOTICE TO ___Prestiage Title Inc. 1535 Schillinger Rd. Suite A Mobile AL 36695___

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY ___Joseph M. Sheffield Pro Se___ WHOSE

ADDRESS IS ___11835 Stringfellow Rd Grand Bay, AL 36541___

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN ___30___ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

PROCESS SERVER

[X] You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

[ ] Service by certified mail of this summons is initiated upon the written request of ___ pursuant to the Alabama Rules of Civil Procedure.

Date ___9/8/2006___    _Susan F. Wilson_    SUSAN F. WILSON, Circuit Clerk
Clerk    MOBILE COUNTY - CIVIL DIVISION
Mobile Government Plaza, Room C 936
205 Government Street
Mobile, Alabama 36644-2936

[ ] Certified Mail is hereby requested.

_Joseph M Sheffield Pro Se_
Plaintiff's/Attorney's Signature

**RETURN ON SERVICE:**

[ ] Return receipt of certified mail received in this office on ___ (Date)

[✓] I certify that I personally delivered a copy of the Summons and Complaint to

___Prestige Title, Inc w/ Theresa Wood mgr___ in ___Mobile___ County,
Alabama on ___9/20/06___ (Date)

___ Date

_D Vann_
Server's Signature

___ Address of Server

_DS_
Type of Process Server

PTI 0306608M.

2006048102  Book-5995 Page-1242
Total Number of Pages: 18

State of Alabama-Mobile County
I certify this instrument was filed on:
    June 28, 2006 @  12:14:58 PM
MORTGAGE TAX          $155.25
S.R. FEE                $2.00
SURCHARGE              $10.00
RECORDING FEES         $46.00
TOTAL AMOUNT          $213.25

2006048102
Don Davis, Judge of Probate

460
155.25
201.25
10.00
211.25
2.00
213.25

After Recording Return To:
Mortgage Resource Network
ATTN: Post Production Review Unit ID 2278
14800 Landmark Blvd., Suite 400
Dallas, TX 75254

PROBATE
COURT
COPY

This document Prepared By:
Brenda Franco, Preparer
10333 Richmond Avenue, Suite 550
Houston, TX 77042

NIKKING WEST OFFICE
Closing →

**MORTGAGE**

Loan No. 05-820058
MIN No. 1002133-0000013501-7
VA Case No. 22-22-6-0572752

# THIS LOAN IS NOT ASSUMABLE WITHOUT THE APPROVAL OF THE DEPARTMENT OF VETERANS AFFAIRS OR ITS AUTHORIZED AGENT.

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A)     "Security Instrument" means this document, which is dated **May 31, 2006,** together with all Riders to this document.

(B)     "Borrower" is **Joseph M. Sheffield, a married man.** Borrower is the mortgagor under this Security Instrument. **and Margie L. Sheffield, wife** ←

(C)     "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the mortgagee under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

(D)     "Lender" is **Franklin Bank, SSB.** Lender is a **State Savings Bank** organized and existing under the laws of the **State of Texas.** Lender's address is **9800 Richmond Avenue, Ste. 680, Houston, TX 77042.**

(E)     "Note" means the promissory note signed by Borrower and dated **May 31, 2006.** The Note states that Borrower owes Lender **One Hundred Three Thousand Five Hundred**  Dollars (U.S. **$103,500.00** ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than **June 01, 2036.**

(F)     "Property" means the property that is described below under the heading "Transfer of Rights in the Property."

(G)     "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

(H)     "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

    [X] Manufactured Home Rider            [X] VA Policy Assumption Rider

(I)     "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(J)     "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(K)     "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account.

ALABAMA--Single Family--Fannie Mae/Freddie Mac VA INSTRUMENT
Form 3001 1/01                                    (Page 1 of 11 pages)
(R&A) RA0095467 - sivmers.al - Rev. 11/10/2005

Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

**(L)** **"Escrow Items"** means those items that are described in Section 3.

**(M)** **"Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (I) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

**(N)** **"Mortgage Insurance"** means insurance protecting Lender against the nonpayment of, or default on, the Loan.

**(O)** **"Periodic Payment"** means the regularly scheduled amount due for (I) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

**(P)** **"RESPA"** means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

**(Q)** **"Successor in Interest of Borrower"** means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (I) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably mortgages, grants and conveys to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with power of sale, the following described property located in the County of Mobile:

     **See Exhibit "A" attached hereto and made a part hereof for all purposes**

     **Grantor covenants and agrees that among the real property and certain improvements conveyed by this instrument is a manufactured home described as 1998 Belmont Trojanaire Serial #MSB983264S1/2SN37264  7264A/B HUD Label#'s TRA409857 & TRA 409858  32 x 64, and said manufactured home is a permanent improvement to the real property and shall remain attached to and shall not be removed from said land until the indebtedness secured hereby is paid in full.**

which currently has the address of 11835 Stringfellow Road, Grand Bay, AL 36541 ("Property Address"):

     TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

     BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

     THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

     UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

     **1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3.

ALABAMA--Single Family--Fannie Mae/Freddie Mac VA INSTRUMENT
Form 3001 1/01                                  (Page 2 of 11 pages)
(R&A) RA0095467 - sivmers.al - Rev. 11/10/2005

Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds.  Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current.  If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

2. **Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3.  Such payments shall be applied to each Periodic Payment in the order in which it became due.  Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full.  To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due.  Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

3. **Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items."  At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item.  Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section.  Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items.  Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time.  Any such waiver may only be in writing.  In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9.  If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount.  Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under

ALABAMA—Single Family—Fannie Mae/Freddie Mac VA INSTRUMENT
Form 3001 1/01                                            (Page 3 of 11 pages)
(R&A) RA0095467 - sivmers.al - Rev. 11/10/2005

RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

**4. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

**5. Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

ALABAMA--Single Family--Fannie Mae/Freddie Mac VA INSTRUMENT
Form 3001 1/01                    (Page 4 of 11 pages)
(R&A) RA0095467 - sivmers.al - Rev. 11/10/2005

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

**6. Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

**7. Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

**8. Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

**9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a

ALABAMA--Single Family--Fannie Mae/Freddie Mac VA INSTRUMENT
Form 3001 1/01                                    (Page 5 of 11 pages)
(R&A) RA0095467 - sivmers.al - Rev. 11/10/2005

legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**10. Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.

ALABAMA–Single Family–Fannie Mae/Freddie Mac VA INSTRUMENT
Form 3001 1/01                                    (Page 6 of 11 pages)
(R&A) RA0095467 - sivmcrs.al - Rev. 11/10/2005

(E) S Q WKH DJUHP HQVwIDQR DIIR tKHUWKVBRURwHUKDV– II DQ – wlrKUHSIR tRtKH Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

**11. Assignment of Miscellaneous Proceeds; Forfeiture.** All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

**12. Borrower Not Released; Forbearance By Lender Not a t aiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

ALABAMA--Single Family--Fannie Mae/Freddie Mac VA INSTRUMENT
Form 3001  1/01                          (Page 7 of 11 pages)
(R&A) RA0095467 - sivmers.al - Rev. 11/10/2005

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**15. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

**16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

ALABAMA--Single Family--Fannie Mae/Freddie Mac VA INSTRUMENT
Form 3001 1/01                    (Page 8 of 11 pages)
(R&A) RA0095467 - sivmers.al - Rev. 11/10/2005

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

**21. Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

ALABAMA--Single Family--Fannie Mae/Freddie Mac VA INSTRUMENT
Form 3001 1/01                    (Page 9 of 11 pages)
(R&A) RA0095467 - sivmers.al - Rev. 11/10/2005

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**22. Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall give a copy of a notice to Borrower in the manner provided in Section 15. Lender shall publish the notice of sale once a week for three consecutive weeks in a newspaper published in Mobile County, Alabama, and thereupon shall sell the Property to the highest bidder at public auction at the front door of the County Courthouse of this County. Lender shall deliver to the purchaser Lender's deed conveying the Property. Lender or its designee may purchase the Property at any sale. Borrower covenants and agrees that the proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

**23. Release.** Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

**24. t  aivers.** Borrower waives all rights of homestead exemption in the Property and relinquishes all rights of curtesy and dower in the Property.

*# (24 )  LefT ouT*

ALABAMA--Single Family--Fannie Mae/Freddie Mac VA INSTRUMENT
Form 3001  1/01                                    (Page 10 of 11 pages)
(R&A) RA0095467 - sivmers.al - Rev. 11/10/2005

*ADDED TO CONTRACT AFTER CLOSING*

*FORGED SIGNATURE*

**BY SIGNING BELOW,** Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any rider executed by Borrower and recorded with it.

_____ (Seal)     _____
Joseph M. Sheffield                          -Borrower   Margie L. Sheffield
                                                          Margie L. Sheffield

STATE OF ALABAMA,   MOBILE   County

I, the undersigned, a Notary Public in and for said County in said State, hereby certify that **Joseph M. Sheffield,** whose name(s) is / are signed to the foregoing, and who is / are known to me, acknowledged before me on this day that, being informed of the contents of the foregoing, he / she / they executed the same voluntarily on the day the same bears date.

Given under my hand and official seal this the   31   day of   May 2006.

_____
                                                          Notary Public

Sandy Mosley                                              Printed Name
My Commission Expires: 8-5-09

**ALABAMA**--Single Family--Fannie Mae/Freddie Mac VA INSTRUMENT
Form 3001 1/01                              (Page 11 of 11 pages)
(R&A) RA0095467 - sivmers.al - Rev. 11/10/2005

ELECTRONICALLY FILED
10/19/2006 7:06 PM
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
SUSAN WILSON, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
## CIVIL DIVISION

|   |   |   |
|---|---|---|
| JOSEPH M. SHEFFIELD, | * | |
| Plaintiff, | * | |
|  | * | |
| v. | * | Civil Action No. 2006-3123 |
|  | * | |
| PRESTIGE TITLE, INC., et al. | * | |
| Defendant. | * | |
|  | * | |

### APPEARANCE OF COUNSEL

Comes now Chase R. Laurendine and files this general appearance in the above styled cause on

behalf of the Defendant, Prestige Title, Inc.


**CHASE R. LAURENDINE**
Attorney for the Defendant


/s Chase R. Laurendine
_____
Chase R. Laurendine (LAU002)
5909 Airport Boulevard
P. O. Box 850817
Mobile, Alabama 36685
(251) 344-9987

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 19th day of October, 2006, I electronically filed the foregoing with the Clerk of the Court using the AlaFile filing system which will send notification of such filing to the following:

NONE

and I hereby certify that I have mailed by United States Postal Service, properly addressed and first class postage prepaid to the following non AlaFile participants:

Joseph M. Sheffield
11835 Stringfellow Road
Grand Bay, Alabama 36541

<u>/s Chase R. Laurendine</u>
Chase R. Laurendine



**AlaFile E-Notice**

02-CV-2006-003123.00

To:  CHASE LAURENDINE
     seachaseiv@micro-comm.com

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following NOTICE OF APPEARANCE was FILED on 10/19/2006 7:06:01 PM

Notice Date:    10/19/2006 7:06:01 PM

SUSAN WILSON
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36604

251-574-8786
susan.wilson@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

To:  FRANKLIN BANK SSB        (PRO SE)

, AL 0

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following NOTICE OF APPEARANCE was FILED on 10/19/2006 7:06:01 PM

Notice Date:    10/19/2006 7:06:01 PM

**SUSAN WILSON**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36604

251-574-8786
susan.wilson@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

To: PRESTIAGE TITLE CO INC    (PRO SE)

, AL 0

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following NOTICE OF APPEARANCE was FILED on 10/19/2006 7:06:01 PM

Notice Date:    10/19/2006 7:06:01 PM

**SUSAN WILSON**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36604

251-574-8786
susan.wilson@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

To:  SHEFFIELD JOSEPH M        (PRO SE)
     11835 STRINGFELLOW RD
     GRAND BAY, AL 36541

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following NOTICE OF APPEARANCE was FILED on 10/19/2006 7:06:01 PM

Notice Date:      10/19/2006 7:06:01 PM

**SUSAN WILSON**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36604

251-574-8786
susan.wilson@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Sample<br>Form C-25    Rev.    3/95 | APPLICATION, AFFIDAVIT, AND<br>ENTRY OF DEFAULT | CASE NUMBER<br>CIVIL No. 2006-3123 |
| --- | --- | --- |

IN THE _CIRCUIT_ ——————— COURT OF _MOBILE_ ————— COUNTY

_Joseph M. SHEFFIELD Pro SE_ v. _PRESTIAGE TITLE Co._
 Plaintiff                                      Defendant

[X] I, affiant, request that the clerk enter a default judgment against
the defendant, * _PRESTIAGE TITLE, INC._
in the above case for the defendant(s)' failing to plead, answer, or otherwise defend.

[X] I, affiant, request that the [ ] clerk of court; or [X] judge enter a default judgment
against the defendant, * _PRESTIGE TITLE INC_
in the above case for the defendant(s)' failing to plead, answer, or otherwise defend.

Signed _Joseph M Sheffield_

The affiant, _Joseph M SHEFFIELD_ ——————————————, being duly sworn,
states as follows: 9-20-2006

1.  That the affiant has personal knowledge of the facts set forth in this affidavit.
2.  That the defendant was served with a summons and a copy of the Statement of Claim/Complaint on
    (date) _9-20-2006_
3.  That more than _30_ days have elapsed since the defendant was served with a summons and a copy of the
    Statement of Claim/Complaint.
4.  That the defendant has failed to answer or otherwise defend against the plaintiff's claim/complaint.
5.  That this affidavit is executed by the affiant in accordance with Rule 55(a) of the Alabama Rules of Civil Procedure,
    for the purpose of enabling the plaintiff to obtain an entry of default against the defendant, for the defendant's
    failing to answer or otherwise defend against the plaintiff's claim/complaint.
6.  That the defendant is not an infant or an incompetent person, and there has been no violation of the provisions of
    Chapter 19, Title 5, *Code of Alabama 1975.*
7.  Judgment Conditions: [ ] with [X] without waiver of exemptions.
8.  That the amount of money claimed by the defendant to the plaintiff in this case is to be determined as follows:

    Principal Balance    $ _150,700.00_

    Interest    $

    Attorney Fee    $ ————— (If requesting attorney's fees, it must be determined by the judge,
    (If provided by contract, note or law)    not the clerk).

[ ] SPECIFY PROPERTY (Describe on a separate sheet of paper, property of which the plaintiff demanded right to
possession from the defendant in the claim/complaint)

9.  The affiant requests entry of judgment.

Sworn To and Subscribed Before Me This

Date: _10/27/06_                    Affiant _Joseph M Sheffield_

_Angelita Pakmann    Notary_
Officer's Signature    _3/15/10_    Title

Entry of default entered against the defendant, —————————————————

this (date) ———————————    —————————————————
                                                  Clerk/Register

Default judgment is hereby rendered against the Defendant in the amount by of $ —————————

* Separate form shall be completed for each defendant.

*1-306* TO THE JUDGE *447*
*θ* TRIAL DATE

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

JOSEPH M. SHEFFIELD,                        *
                                            *
          Plaintiff,                        *
                                            *
                                            *
v.                                          *     CIVIL ACTION NO.: CV-06-3123  *HYT*
                                            *                                   *- Pending*
FRANKLIN BANK, SSB and                      *
PRESTIGE TITLE CO., INC.,                   *
                                            *     *11/3/06*
          Defendants.                       *     *granted*

### DEFENDANT FRANKLIN BANK'S MOTION FOR
### EXTENSION OF TIME TO FILE ITS INITIAL RESPONSE

Franklin Bank, SSB ("Franklin"), one of the Defendants in the above-styled *pro se*

lawsuit, respectfully requests that this Court enter an Order allowing it an additional twenty

(20) days to file its initial response to Plaintiff's complaint.  As grounds therefor, Franklin

states as follows:

1.     Franklin was served with this lawsuit on or about September 27, 2006, and

undersigned counsel only recently entered his appearance on its behalf.  In order to fully

investigate the allegations made in Plaintiff's *pro se* complaint, and so that Franklin may

meaningfully respond to Plaintiff's complaint, undersigned counsel needs and requests an

additional twenty (20) days, or until November 16, 2006, to file a response.

2.     No prejudice will result from this extension of time to respond.

WHEREFORE, premises considered, Franklin respectfully requests that this Court

enter an Order allowing it until November 16, 2006, to file its initial response in the above-

styled lawsuit.

Respectfully submitted,

KIRKLAND E. REID (REI023)
Attorney for Defendant
Franklin Bank, SSB

OF COUNSEL:
MILLER, HAMILTON,
   SNIDER & ODOM, L.L.C.
Post Office Box 46
Mobile, Alabama 36601
(251) 432-1414

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing by depositing same in the United States mail, first class postage prepaid, on this the 27th day of October, 2006, to the following:

Joseph M. Sheffield
11835 Stringfellow Rd.
Grand Bay, AL 36541

Chase R. Laurendine
P. O. Box 850817
5909 Airport Boulevard
Mobile, Alabama 36685

KIRKLAND E. REID

| STATE OF ALABAMA | Revised 2/22/05 | ►Case No. | |
|---|---|---|---|
| Unified Judicial System | Check one (*Not for Workers' Comp., PFA, or Small Claims cases*): | | CV-06-3123 |
| MOBILE County | ☐ District Court  ☑ Circuit Court | | |

# MOTION COVER SHEET

*Style of case:* JOSEPH M. SHEFFIELD

v.    FRANKLIN BANK, SSB, et al.

*Name of Filing Party:* FRANKLIN BANK, SSB

*Name, Address, and Telephone No. of Attorney or Party, If Not Represented:*
Kirkland E. Reid, Miller, Hamilton, Snider & Odom, LLC
254 State Street, Mobile, AL 251-432-1414
*Attorney Bar No.:*

To be filled out by Clerk of Court:
☐ Filing Fee Charged and Collected (Amt $_____)
☐ Filing Fee Not Required ($ML, Work Comp, PFA)
☐ Affidavit of Hardship on File

## Type of Motion (Check One)

### Motions Requiring Fee

☐ Default Judgment ($50.00)
☐ Intervene or Appear as Third Party Plaintiff - Only in CV cases, excluding DR cases filed on the CV docket ($297.00)
☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00)
☐ Judgment on the Pleadings ($50.00)
☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00)
☐ Other Dispositive Motion not pursuant to Rule 12(b) ($50.00)
☐ Renewed Dispositive Motion (Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00)
☐ Summary Judgment or other Dispositive Motion not pursuant to Rule 12(b) ($50.00)
☐ Other _____,
   pursuant to Rule_____ ($50.00)

* Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees.

☐ Local Court Cost $_____

### Motions Not Requiring Fee

☐ Add Party
☐ Amend
☐ Change of Venue/Transfer
☐ Compel
☐ Consolidation
☐ Continue
☐ Deposition
☐ Designate a Mediator
☐ Judgment as a Matter of Law (during trial)
☐ Disburse Funds
☐ Discovery
☐ Ex Parte Restraining
☑ Extension of Time
☐ In Limine
☐ Joinder
☐ More Definite Statement
☐ Motion to Dismiss pursuant to Rule 12(b)
☐ New Trial
☐ Objection of Exemptions Claimed
☐ Plaintiff's Motion to Dismiss or Stipulation of Dismissal
☐ Preliminary Injunction
☐ Protective Order
☐ Quash
☐ Release from Stay of Execution
☐ Sanctions
☐ Sever
☐ Show Cause
☐ Special Practice in Alabama
☐ Stay
☐ Strike
☐ Supplement to Pending Motion
☐ Temporary Restraining Order
☐ Vacate or Modify
☐ Withdraw
☐ Other_____
   pursuant to Rule_____ (Subject to filing fee)

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship ☐ | *Date:* October 27, 2006 | *Signature of Attorney or Party:* |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

** Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: HERMAN YOUNG THOMAS

To: SHEFFIELD JOSEPH M         (PRO SE)
    11835 STRINGFELLOW RD
    GRAND BAY, AL 36541

# NOTICE OF SERVICE

**IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA**

**JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL**
**02-CV-2006-003123.00**

The following matter was served on 9/20/2006

**D002 PRESTIAGE TITLE CO INC**
**SERVED PERSONALLY**

**SUSAN WILSON**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36604

251-574-8786
susan.wilson@alacourt.gov

| **STATE OF ALABAMA**<br>Unified Judicial System | **Revised 2/14/05** | **Case No.** |
|---|---|---|
| 02-MOBILE       ☐ District Court  ☑ Circuit Court | | CV200600312300 |

| JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL | **CIVIL MOTION COVER SHEET**<br>Name of Filing Party:  D002 - PRESTIAGE TITLE CO INC |
|---|---|

| Name, Address, and Telephone No. of Attorney or Party. If Not Represented.<br><br>CHASE LAURENDINE<br>POST OFFICE BOX 850817<br>MOBILE, AL 36685<br><br>Attorney Bar No.:  LAU002 | ☐ Oral Arguments Requested |
|---|---|

## TYPE OF MOTION

| **Motions Requiring Fee** | **Motions Not Requiring Fee** |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Disburse Funds |
| | ☐ Extension of Time |
| ☐ Other _____ | ☐ In Limine |
| pursuant to Rule _____ ($50.00) | ☐ Joinder |
| | ☐ More Definite Statement |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| ☐ Local Court Costs $ _____ | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other _____ |
| | pursuant to Rule _____ (Subject to Filing Fee) |

| Check here if you have filed  or are filing contemporaneously with this motion an Affidavit of Substantial Hardship ☐ | Date:<br><br>11/1/2006 3:41:48 PM | Signature of Attorney or Party:<br><br>/s CHASE LAURENDINE |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.
**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
11/1/2006 3:43 PM
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
SUSAN WILSON, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
### CIVIL DIVISION

JOSEPH M. SHEFFIELD,                          *

      Plaintiff,                              *

                                               *

v.                                            *      Civil Action No.  2006-3123

                                               *

PRESTIGE TITLE, INC., et al.                  *

      Defendant.                              *

                                               *

### DEFENDANT, PRESTIGE TITLE, INC.'S MOTION FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADING

Comes now the Defendant, Prestige Title, Inc., (Prestige) by and through its attorney, Chase R. Laurendine and files its motion for additional time in which to file its responsive pleading to Plaintiff's complaint and in support thereof respectfully shows unto this Honorable Court as follows:

1.     Prestige was served with Plaintiff's complaint on September 18, 2006.

2.     On October 19, 2006, Prestige's attorney, Chase R. Laurendine, appeared on behalf of said defendant.

3.     Prestige needs additional time to fully investigate the allegations contained in the Plaintiff's complaint and thoroughly respond to said allegations.

4.     Prestige respectfully request an additional fifteen (15) days in which to file a responsive pleading to Plaintiff's complaint.

5.     No prejudice to Plaintiff will result from this extension of time.

WHEREFORE, Prestige prays that this Honorable Court will grant said Defendant until November 16, 2006, to file its responsive pleading to the Plaintiff's complaint.  The Defendant prays for such other, further and different relief as this Honorable Court may deem it entitled to receive the premises considered.

1

**CHASE R. LAURENDINE (LAU002)**
**Attorney for the Defendant**

/s Chase R. Laurendine
_____

5909 Airport Boulevard
P. O. Box 850817
Mobile, Alabama 36685
(251) 344-9987

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of November, 2006, I electronically filed the foregoing with the Clerk of the Court using the AlaFile filing system which will send notification of such filing to the following:

NONE

and I hereby certify that I have mailed by United States Postal Service, properly addressed and first class postage prepaid to the following non-AlaFile participants:

Joseph M. Sheffield
11835 Stringfellow Road
Grand Bay, Alabama 36541

Kirkland E. Reid, Esquire
Miller, Hamilton, Snider &Odom, L.L.C.
Post Office Box 46
Mobile, Alabama 36601

/s Chase R. Laurendine
_____
Chase R. Laurendine

2



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: HERMAN YOUNG THOMAS

To:  CHASE LAURENDINE
seachaseiv@micro-comm.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following matter was FILED on 11/1/2006 3:43:56 PM

**D002 PRESTIAGE TITLE CO INC**

**MOTION FOR EXTENSION OF TIME**

[Attorney: LAURENDINE CHASE R]

Notice Date:     11/1/2006 3:43:56 PM

**SUSAN WILSON**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
susan.wilson@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: HERMAN YOUNG THOMAS

To:  SHEFFIELD JOSEPH M        (PRO SE)
     11835 STRINGFELLOW RD
     GRAND BAY, AL 36541

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following matter was FILED on 11/1/2006 3:43:56 PM

**D002 PRESTIAGE TITLE CO INC**

**MOTION FOR EXTENSION OF TIME**

[Attorney: LAURENDINE CHASE R]

Notice Date:      11/1/2006 3:43:56 PM

**SUSAN WILSON**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
susan.wilson@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: HERMAN YOUNG THOMAS

To:  REID KIRKLAND EDWARD
     MILLER HAMILTON SNIDER
     P O BOX 46
     MOBILE, AL 36601

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following matter was FILED on 11/1/2006 3:43:56 PM

**D002 PRESTIAGE TITLE CO INC**

**MOTION FOR EXTENSION OF TIME**

[Attorney: LAURENDINE CHASE R]

Notice Date:     11/1/2006 3:43:56 PM

**SUSAN WILSON**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
susan.wilson@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: HERMAN YOUNG THOMAS

To:  LAURENDINE CHASE R
     seachaseiv@micro-comm.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following matter was FILED on 11/1/2006 3:43:56 PM

**D002 PRESTIAGE TITLE CO INC**

**MOTION FOR EXTENSION OF TIME**

[Attorney: LAURENDINE CHASE R]

Notice Date:     11/1/2006 3:43:56 PM

**SUSAN WILSON
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644**

251-574-8525
susan.wilson@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: HERMAN YOUNG THOMAS

To:  LAURENDINE CHASE R
     seachaseiv@micro-comm.com

---

# NOTICE OF COURT ACTION

---

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

A court action ws entered in the above case on 11/3/2006 4:59:54 PM

### D002 PRESTIAGE TITLE CO INC

### MOTION FOR EXTENSION OF TIME

[Attorney: LAURENDINE CHASE R]

Disposition:      GRANTED
Judge:            HYT

Notice Date:      11/3/2006 4:59:54 PM

**SUSAN WILSON**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
susan.wilson@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: HERMAN YOUNG THOMAS

To:   REID KIRKLAND EDWARD
      kirkreid@mhsolaw.com

# NOTICE OF COURT ACTION

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

A court action ws entered in the above case on 11/3/2006 4:59:54 PM

**D002 PRESTIAGE TITLE CO INC**

**MOTION FOR EXTENSION OF TIME**

[Attorney: LAURENDINE CHASE R]

Disposition:     GRANTED
Judge:           HYT

Notice Date:     11/3/2006 4:59:54 PM

**SUSAN WILSON**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
susan.wilson@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: HERMAN YOUNG THOMAS

To: SHEFFIELD JOSEPH M        (PRO SE)
11835 STRINGFELLOW RD
GRAND BAY, AL 36541

# NOTICE OF COURT ACTION

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

A court action ws entered in the above case on 11/3/2006 4:59:54 PM

**D002 PRESTIAGE TITLE CO INC**

**MOTION FOR EXTENSION OF TIME**

[Attorney: LAURENDINE CHASE R]

| | |
|---|---|
| Disposition: | GRANTED |
| Judge: | HYT |
| Notice Date: | 11/3/2006 4:59:54 PM |

**SUSAN WILSON**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
susan.wilson@alacourt.gov

ELECTRONICALLY FILED
11/8/2006 11:39 AM
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
SUSAN WILSON, CLERK

**IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA**

| | | |
|---|---|---|
| SHEFFIELD JOSEPH M | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | **Case No.:** CV-2006-003123.00 |
| | ) | |
| FRANKLIN BANK SSB | ) | |
| PRESTIAGE TITLE CO INC | ) | |
| Defendants | ) | |

## <u>ORDER</u>

DEFENDANT FRANKLIN BANK'S MOTION FOR EXTENSION OF TIME TO FILE ITS INITIAL RESPONSE IS GRANTED.

DONE this 8th day of November, 2006

/s HERMAN YOUNG THOMAS
_____

CIRCUIT JUDGE



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: HERMAN YOUNG THOMAS

To: LAURENDINE CHASE R
seachaseiv@micro-comm.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following matter was  on 11/8/2006 11:39:49 AM

Notice Date:     11/8/2006 11:39:49 AM

**SUSAN WILSON**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
susan.wilson@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: HERMAN YOUNG THOMAS

To:  REID KIRKLAND EDWARD
kirkreid@mhsolaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
02-CV-2006-003123.00

The following matter was  on 11/8/2006 11:39:49 AM

Notice Date:      11/8/2006 11:39:49 AM

**SUSAN WILSON**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
susan.wilson@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: HERMAN YOUNG THOMAS

To:  SHEFFIELD JOSEPH M        (PRO SE)
11835 STRINGFELLOW RD
GRAND BAY, AL 36541

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following matter was  on 11/8/2006 11:39:49 AM

Notice Date:      11/8/2006 11:39:49 AM

**SUSAN WILSON**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
susan.wilson@alacourt.gov

ELECTRONICALLY FILED
11/9/2006 7:49 AM
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
SUSAN WILSON, CLERK

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| SHEFFIELD JOSEPH M | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No.:  CV-2006-003123.00 |
| | ) | |
| FRANKLIN BANK SSB | ) | |
| PRESTIAGE TITLE CO INC | ) | |
| Defendants | ) | |

## **ORDER**

DEFENDANT, FRANKLIN BANK'S MOTION FOR EXTENSION OF TIME TO FFILE ITS INITIAL
RESPONSE IS GRANTED.

DONE this 9th day of November, 2006

/s HERMAN YOUNG THOMAS

CIRCUIT JUDGE



**AlaFile E-Notice**

**02-CV-2006-003123.00**

Judge: HERMAN YOUNG THOMAS

To:  LAURENDINE CHASE R
seachaseiv@micro-comm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
02-CV-2006-003123.00

The following matter was  on 11/9/2006 7:49:46 AM

Notice Date:      11/9/2006 7:49:46 AM

**SUSAN WILSON**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
susan.wilson@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: HERMAN YOUNG THOMAS

To:   REID KIRKLAND EDWARD
      kirkreid@mhsolaw.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following matter was  on 11/9/2006 7:49:46 AM

Notice Date:     11/9/2006 7:49:46 AM

**SUSAN WILSON**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
susan.wilson@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: HERMAN YOUNG THOMAS

To:  SHEFFIELD JOSEPH M          (PRO SE)
11835 STRINGFELLOW RD
GRAND BAY, AL 36541

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following matter was  on 11/9/2006 7:49:46 AM

Notice Date:     11/9/2006 7:49:46 AM

**SUSAN WILSON**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
susan.wilson@alacourt.gov

| **STATE OF ALABAMA**<br>Unified Judicial System | Revised 2/14/05 | **Case No.** |
|---|---|---|
| 02-MOBILE | ☐ District Court ☑ Circuit Court | CV200600312300 |

| JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL | **CIVIL MOTION COVER SHEET**<br>*Name of Filing Party:* D001 - FRANKLIN BANK SSB |
|---|---|

| *Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*<br>KIRKLAND REID<br>254 STATE STREET<br>MOBILE, AL 36603<br><br>*Attorney Bar No.:* REI023 | ☐ Oral Arguments Requested |
|---|---|

## TYPE OF MOTION

| **Motions Requiring Fee** | **Motions Not Requiring Fee** |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Disburse Funds |
| | ☐ Extension of Time |
| ☐ Other _____ | ☐ In Limine |
| pursuant to Rule _____ ($50.00) | ☐ Joinder |
| | ☐ More Definite Statement |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☑ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| | ☐ Pendente Lite |
| ☐ Local Court Costs $ _____ | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other _____ |
| | pursuant to Rule ___ (Subject to Filing Fee) |

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship ☐ | Date:<br>11/16/2006 11:55:20 AM | Signature of Attorney or Party:<br>/s KIRKLAND REID |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.
**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
11/16/2006 11:57 AM
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
SUSAN WILSON, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

JOSEPH M. SHEFFIELD,      *

       Plaintiff,     *

v.     *     CIVIL ACTION NO.: CV-06-3123

FRANKLIN BANK, SSB and     *
PRESTIGE TITLE CO., INC.,     *

       Defendants.     *

### MOTION TO DISMISS, OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT

Franklin Bank, SSB ("Franklin"), one of the Defendants in the above-styled lawsuit, respectfully requests that this Court, pursuant to *Ala. R. Civ. P.* 12(b)(6), enter an Order dismissing this case, or, in the alternative, requiring *pro se* Plaintiff to furnish a more definite statement of his claims. As grounds therefor, Franklin states as follows:

1.      It is somewhat difficult to understand exactly what is being alleged against Franklin in Plaintiff's complaint. In part at least, it appears that Franklin is being accused of fraud for **not selling** and **not placing** credit life insurance on Plaintiff's loan, for which Franklin was the lender.

2.      If this is the claim against Franklin, it is illogical at best. First, if Plaintiff truly wants credit life insurance, he is free to obtain it, as there are many companies offering this product. (Franklin does not offer this product.) Second, because Plaintiff does not have credit life insurance he actually is paying *less* on his loan than he otherwise would. Consequently, he has suffered no legally cognizable injury. *See, e.g., National Security Ins. Co. v. Beasley*, 406 So. 2d 923 (Ala. Civ. App. 1981) ("Damage is an essential element of actionable fraud."). Finally, Plaintiff obviously is alive. There can therefore be no damage for *not having* credit life insurance at this time. In other words, Plaintiff's claim is not ripe because no legally-recognized injury has occurred. Again, if

Plaintiff truly wants credit life insurance, he is free to obtain it. Because Plaintiff obviously has suffered no damage because of currently not having credit life insurance, his fraud claim based on this allegation fails to state a claim and should be dismissed.

      3.     Moreover, as Franklin understands Plaintiff's fraud claim against it, the claim is based on alleged acts that were to take place in the future, and thus would constitute a claim for promissory fraud. Promissory fraud requires a present intent to deceive when the alleged promise is made. *See, e.g., Aldridge v. DaimlerChrysler Corp.*, 809 So. 2d 785 (Ala. 2001). There is not even an allegation of a present intent to deceive in Plaintiff's complaint, and the complaint therefore should be dismissed for failure to state a claim.

      4.     In the alternative, to the extent there are other claims and allegations made against Franklin, Plaintiff should be required to furnish a more definite statement of those claims. Specifically, Plaintiff complains of various things involving the closing on his mortgage. Franklin was not involved in the closing in any way. Title companies and their closing agents generally conduct closings – as Plaintiff alleges happened here. If, as it seems, Plaintiff is seeking to impose liability on Franklin for actions occurring at or around the closing, this would be improper and inconsistent with his pleadings. Plaintiff should, at a minimum, be required to more particularly delineate which allegations of his complaint are directed at which Defendant so that each Defendant may properly form a response to those allegations. *Ala. R. Civ. P.* 12(e).

      WHEREFORE, premises considered, Franklin requests that this Court dismiss Plaintiff's fraud claim against it because Plaintiff has obviously suffered no damage based on the allegations made herein. In the alternative, Franklin respectfully requests that Plaintiff be required to furnish

a more definite statement of his allegations so that Franklin may form a meaningful response thereto.

Franklin requests such other, further, and different relief as justice may require.

Respectfully submitted,

KIRKLAND E. REID (REI023)
Attorney for Defendant
Franklin Bank, SSB

OF COUNSEL:
MILLER, HAMILTON,
  SNIDER & ODOM, L.L.C.
Post Office Box 46
Mobile, Alabama 36601
(251) 432-1414

## CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing has been filed electronically with AlaFile on this 16th day of November, 2006, and will be served as indicated to the following:

**VIA ELECTRONIC MAIL:**
Chase R. Laurendine
P. O. Box 850817
5909 Airport Boulevard
Mobile, Alabama 36685
seachaseiv@micro-comm.com

**VIA U.S. MAIL:**
Joseph M. Sheffield
11835 Stringfellow Rd.
Grand Bay, AL 36541

KIRKLAND E. REID

3



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: HERMAN YOUNG THOMAS

To:  KIRKLAND REID
     kirkreid@mhsolaw.com

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following matter was FILED on 11/16/2006 11:57:22 AM

**D001 FRANKLIN BANK SSB**

**MOTION TO DISMISS PURSUANT TO RULE 12(B)**

[Attorney: REID KIRKLAND EDWARD]

Notice Date:     11/16/2006 11:57:22 AM

**SUSAN WILSON**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
susan.wilson@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: HERMAN YOUNG THOMAS

To:  SHEFFIELD JOSEPH M        (PRO SE)
     11835 STRINGFELLOW RD
     GRAND BAY, AL 36541

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following matter was FILED on 11/16/2006 11:57:22 AM

**D001 FRANKLIN BANK SSB**

**MOTION TO DISMISS PURSUANT TO RULE 12(B)**

[Attorney: REID KIRKLAND EDWARD]

Notice Date:      11/16/2006 11:57:22 AM

**SUSAN WILSON**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
susan.wilson@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: HERMAN YOUNG THOMAS

To:  LAURENDINE CHASE R
     seachaseiv@micro-comm.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following matter was FILED on 11/16/2006 11:57:22 AM

**D001 FRANKLIN BANK SSB**

**MOTION TO DISMISS PURSUANT TO RULE 12(B)**

[Attorney: REID KIRKLAND EDWARD]

Notice Date:     11/16/2006 11:57:22 AM

**SUSAN WILSON**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
susan.wilson@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: HERMAN YOUNG THOMAS

To:  REID KIRKLAND EDWARD
kirkreid@mhsolaw.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following matter was FILED on 11/16/2006 11:57:22 AM

**D001 FRANKLIN BANK SSB**

**MOTION TO DISMISS PURSUANT TO RULE 12(B)**

[Attorney: REID KIRKLAND EDWARD]

Notice Date:    11/16/2006 11:57:22 AM

**SUSAN WILSON**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
susan.wilson@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: HERMAN YOUNG THOMAS

To:  LAURENDINE CHASE R
     seachaseiv@micro-comm.com

---

# NOTICE OF CASE SETTING

---

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following matter was SET FOR HEARING

**D001 FRANKLIN BANK SSB**

**MOTION TO DISMISS PURSUANT TO RULE 12(B)**

[Attorney: REID KIRKLAND EDWARD]

Hearing Date:    12/15/2006
Hearing Time:    08:30:00 AM
Location:        Courtroom 8200

Notice Date:     11/17/2006 8:59:08 AM

**SUSAN WILSON**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
susan.wilson@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: HERMAN YOUNG THOMAS

To:   REID KIRKLAND EDWARD
      kirkreid@mhsolaw.com

# NOTICE OF CASE SETTING

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following matter was SET FOR HEARING

**D001 FRANKLIN BANK SSB**

**MOTION TO DISMISS PURSUANT TO RULE 12(B)**

[Attorney: REID KIRKLAND EDWARD]

Hearing Date:    12/15/2006
Hearing Time:    08:30:00 AM
Location:        Courtroom 8200

Notice Date:     11/17/2006 8:59:08 AM

**SUSAN WILSON**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
susan.wilson@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: HERMAN YOUNG THOMAS

To: SHEFFIELD JOSEPH M        (PRO SE)
11835 STRINGFELLOW RD
GRAND BAY, AL 36541

---

# NOTICE OF CASE SETTING

---

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following matter was SET FOR HEARING

**D001 FRANKLIN BANK SSB**

**MOTION TO DISMISS PURSUANT TO RULE 12(B)**

[Attorney: REID KIRKLAND EDWARD]

| | |
|---|---|
| Hearing Date: | 12/15/2006 |
| Hearing Time: | 08:30:00 AM |
| Location: | Courtroom 8200 |

Notice Date:     11/17/2006 8:59:08 AM

**SUSAN WILSON**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
susan.wilson@alacourt.gov

REVISED:     9/1/92     9/14/92   1/4/93

**IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA**

Joseph M. SHEFFIELD PRO SE          *     CIVIL ACTION NO. 02-CV-2006-003123.00
Plaintiff(s)
                                    *     JUDGE  HERMAN Young Thomas
VS

FRANKLIN BANK SSB                          JURY OR BENCH TRIAL BEnCH TRIAL
Defendant(s)

## MOTION TO SET AND CERTIFICATE OF READINESS

Comes now the attorney for Joseph M. SHEFFIELD, PLAintiffa
PRO SE LITIGANT      in the above styled cause, and respectfully certifies to the Court as follows?

1.     The complaint in this cause was filed on SEPT. 8 , 20 06 .
2.     The issues in this cause have been defined and joined.
3.     _____     All discovery has been completed;
       yes      All discovery will be completed within 60 days from the filing of this
                 Certificate of Readiness.
4.     _____     A demand for trial by jury has been made; or
       yes      A demand for trial by jury has not been made.
5.     The length of trial is expected to be 2 DAYS (hours or days).
6.     A brief description of the plaintiff's claims:
FRANKLIN BANK'S Employee DID Comit A CRime of FRAuD (See ATTACHeD SHeeTS)
PRESTIAGE TiTLe Co. Inc. DID Comit All A PRimo of FRAuD & FoRGERY
7.     The names, addresses, and telephone numbers of the parties or their attorneys
responsible for litigation are:
REID KIRKLAND EDWARD. 254 STATE STREET. MObiLe AL. 36603 (251) 432-1414
ATToRNey FOR FRANKLIN BANK SSB DEFENDANTS
8.     Your movant certifies that all expert witnesses expected to testify at trial have been
disclosed to all parties, together with a summary of their opinions.
9.     Your movant acknowledges his/her responsibility to make all documents, exhibits, and
physical evidence, or copies thereof, expected to be used in the case in chief available to the
other parties, not less than 21 days prior to trial, for inspection and copying.
10.    Your movant certifies that he/she has read the pre-trial order, that he/she has complied
with it to date and will comply with its requirements in the future.
Wherefore, the undersigned respectfully certifies that the cause is now, or will be within 60
days, ready for trial and moves this Court to place this cause on the Active Calendar for a trial
setting.
CERTIFICATE OF SERVICE: Your movant certifies that
a copy of this request has been delivered or mailed
to all parties to this litigation in compliance with
the Alabama Rules of Civil Procedure.

Joseph M. Sheffield Pro Se Attorney for PLAINTIFF
(Signature)
Granted this _____ day of _____, 20____.
Set for trial the _____ day of _____, 20____.

_____
Circuit Judge

Joseph M. SHEFFIELD PRO SE
                              Name
11835 STRINGFELLOW RD
                              Address
GRAND BAY, AL. 36541

(251) 865-9748
                     Telephone Number

IN THE CIRCUIT COURT OF MOBILE COUNTY ALABAMA

JOSEPH M. SHEFFIELD PRO SE

PLAINTIFF

V

                              CIVIL ACTION NO: CV-06-3123

FRANKLIN BANK SSB AND
PRESTIAGE TITLE CO., INC.

DEFENDANTS

---

## PLAINTIFFS MOTION TO SET READINESS FOR TRIAL

      PLAINTIFF ASK THIS HONORABLE COURT TO EXCEPT THIS

MOTION TO SET DATE FOR TRIAL AND TO DIMISS FRANKLIN

BANKS MOTION TO DISMISS. ( ANSWER ) FILED ON NOV. 16, 2006.

BY

DEFENDANTS  ( FRANKLIN BANK SSB ) ATTORNEY, MR. KIRKLAND

E.  REID.

PAGE 1

PLAINTIFF WILL SHOW WHY THIS CASE SHOULD BE PLACED ON THE ACTIVE CALANDER FOR TRIAL AGAINST FRANKLIN BANK SSB DEFENDANT, IN THIS MOTION. STEVE HOBBS, LOAN OFFICER FOR FRANKLIN BANK AND SANDY MOSLEY OF PRESTIAGE TITLE INC. ARE SO INEXTRICABLY INTERTWINED AS TO NOT BE SEPERATED. SEE THE FOLLOWING.

1]    STEVE HOBBS ( LOAN OFFICER AT FRANKLIN BANK SSB SEDRO WOOLEY, WA. DID OFFER ME CREDIT LIFE INSURANCE IN WRITING ON DEC. 23,2005. AND I AGREED AND SIGNED ON DEC.29,2005. ACCORDING TO KIRKLAND E. REID, ATTORNEY FOR DEFENDANT FRANKLIN BANK SSB, ( FRANKLIN DOES NOT OFFER THIS INSURANCE. ) THIS CONTRACT WAS IN PART CONTIGENT UPON GETTING THIS INSURANCE. STEVE HOBBS NEVER DID PLACE A PRICE ON THIS DOCUMENT, BUT DID SAY THAT IT WOULD RUN APPOX.$100.00 TO $ 125.00 PER MONTH. ( MR REID MUST NOT KNOW WHAT CREDIT LIFE INSURANCE IS.) CREDIT LIFE INSURANCE IS A DECREASING LIFE INSURANCE THAT A SPOUCE TAKES OUT TO PROTECT HIS OR HER PROPERTY IN CASE THE OTHER DIES BEFORE THE LOAN HAS BEEN PAID IN FULL. SEE COPY ATTACHED.

PAGE 2

2]    IN DEFENDANTS MOTION TO DISMISS FILED BY ATTORNEY

ERIC REID , MR REID STATES ON PAGE 1 THAT I WOULD SAVE

MONEY BY NOT HAVING THE INSURANCE. I DID NOT EXPECT TO

GET FREE INSURANCE FOR THE PROTECTION OF MY FAMILY. I

WANTED THIS INSURANCE BECAUSE I DID NOT WANT MY WIFE

TO LOSE HER PROPERTY.  BUT AT CLOSING MY WIFE WAS TAKEN

OFF  THE MORTGAGE.  ONLY I SIGNED ( COPY ATTACHED. ) THE

REASON, PRESTIAGE TITLE ( SANDY MOSLEY & STEVE HOBBS OF

"FRANKLIN" BANK SSB FORGED MY WIFE'S  SIGNATURE TO THE

MORTGAGE  BECAUSE CODE OF ALABAMA 1975 SUB SECTION 6-

10-3  ( ALIANATION OF SPOUSE ) THE WIFE HAS TO GIVE HER \

ASSENT AND SIGNATURE. ON DEFENDANTS MOTION TO DISMISS

MR REID STATES THAT ( " FRANKLIN") ON PAGE 2 OF

DEFENDANTS  MOTION TO DISMISS,  STATES AS A FACT THAT

FRANKLIN WAS NOT INVOLVED IN THE CLOSING IN ANY WAY.

SEE THE FOLLOWING.


    A)    FRANKLIN BANK SSB PAID UNDER CONTRACT TO PTI

INC. FOR THE CLOSING OF THE LOAN.

    B)    STEVE HOBBS AT ( FRANKLIN ) KNEW  HE WAS NEVER

GOING TO GIVE ME CREDIT LIFE INSURANCE.


PAGE 3

C)     STEVE HOBBS AT (FRANKLIN ) DID WITH INTENT TO

HARM CAUSE ME TO LOSE MY EXEXPT STATUS ON MY LAND AND

PROPERTY. WITH A COST OF APPOX. $ 400.00 TO 500.00 A YEAR

FOR TAXES  FOR 30 YEARS. = APPOX. $ 13,000.00


D)     STEVE HOBBS AT ( FRANKLIN ) DID TELL ME THAT

THE VA WANTED MY WIFE OFF  TITLE. THAT WAS A LIE BECAUSE

AT CLOSING IT STATED THE ( LENDER.)


E)     ATTORNEY FOR DEFENDANT.  MR ERIC REID, STATES

THAT (FRANKLIN ) TOOK NO PART IN THE CLOSING. BUT

ACCORDING TO MR REID ON PAGE 1 OF HIS MOTION TO DISMISS,

HE  STATES( " DAMAGE IS AN ESSENTIAL PART OF ACTIONABLE

FRAUD") MR REID MUST NOT KNOW WHAT THE ELEMENTS OF

FRAUD ARE. [ MISREPRESENTATION, CONCEALMENT OR NON

DISCLOSURE OF A MATERIAL FACT OF A CONTRACT ]


WHEREFORE PREMISES CONSIDERED,  PLANTIFF PRAYS

THAT THIS HONORABLE COURT WILL FIND THAT DEFENDANT'S

MOTION TO DISMISS IS WITHOUT MERIT.   PLAINTIFF  REQUESTS

SUCH OTHER , FURTHER, AND DIFFERENT RELIEF AS JUSTICE

MAY REQUIRE.


**PAGE 4**

RESPECTFULLY SUBMITTED

*Joseph M. Sheffield*

JOSEPH M. SHEFFIELD

PLAINTIFF   PRO SE


### CERTIFICATE OF SERVICE

I  HEREBY CERTIFY A COPY OF THE FOREGOING HAS BEEN
FILED US FIRST CLASS MAIL  ON THIS THE  28 DAY OF NOVEMBER
2006 AND WILL BE SERVED AS INDICATED TO THE FOLLOWING.


VIA U.S. MAIL                              VIA US MAIL

KIRKLAND E. REED                 CHASE R. LAURENDINE
ATTORNEY FOR DEFENDANT     POST OFFICE BOX 850817
FRANKLIN BANK SSB.               5909 AIRPORT BOULEVARD
POST OFFICE BOX 46                 MOBILE,  AL. 36685
MOBILE AL.36601
(251) 432-1414

# TRUTH-IN-LENDING DISCLOSURE STATEMENT

### (THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

Applicants: **JOSEPH M SHEFFIELD**

Property Address: **11836 STRINGFELLOW RD.**
**Grand Bay, AL 36541**

Application No: **081225000**

Prepared By: **FRANKLIN BANK**
**636 SUNSET PARK DRIVE #125**
**SEDRO WOOLLEY, WA 98284**
**800-370-0110**

Date Prepared: **12/23/2006**

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | AMOUNT FINANCED | TOTAL OF PAYMENTS |
|---|---|---|---|
| The cost of your credit as a yearly rate | The dollar amount the credit will cost you | The amount of credit provided to you or on your behalf | The amount you will have paid after making all payments as scheduled |
| *  6.390  % | $  *  110,952.67 | $  *  88,536.84 | $  *  199,489.61 |

☐ REQUIRED DEPOSIT: The annual percentage rate does not take into account your required deposit
PAYMENTS: Your payment schedule will be:

| Number of Payments | Amount of Payments * | When Payments Are Due Monthly Beginning: | Number of Payments | Amount of Payments ** | When Payments Are Due: Monthly Beginning: | Number of Payments | Amount of Payments *** | When Payments Are Due Monthly Beginning: |
|---|---|---|---|---|---|---|---|---|
| 359 | 554.16 | | | | | | | |
| 1 | 649.65 | | | | | | | |

☐ DEMAND FEATURE: This obligation has a demand feature.
☑ VARIABLE RATE FEATURE: This loan contains a variable rate feature. A variable rate disclosure has been provided earlier.

CREDIT LIFE/CREDIT DISABILITY: Credit life insurance and credit disability insurance are not required to obtain credit, and will not be provided unless you sign and agree to pay the additional cost.

| Type: | Premium | Signature |
|---|---|---|
| | | |

☑ **DEMAND FEATURE:** This obligation has a demand feature.
☐ **VARIABLE RATE FEATURE:** This loan contains a variable rate feature. A variable rate disclosure has been provided earlier.

**CREDIT LIFE/CREDIT DISABILITY:** Credit life insurance and credit disability insurance are not required to obtain credit, and will not be provided unless you sign and agree to pay the additional cost.

| Type | Premium | Signature |
|---|---|---|
| Credit Life | | I want credit life insurance. Signature: *Joseph M Sheffield* |
| Credit Disability | | I want credit disability insurance. Signature: |
| Credit Life and Disability | | I want credit life and disability insurance. Signature: |

**INSURANCE:** The following insurance is required to obtain credit:
☐ Credit life insurance  ☐ Credit disability  ☑ Property insurance  ☐ Flood insurance
You may obtain the insurance from anyone you want that is acceptable to creditor
☐ If you purchase  ☐ property  ☐ flood insurance from creditor you will pay $ _____ for a one year term.
**SECURITY:** You are giving a security interest in: **11835 STRINGFELLOW RD, Grand Bay AL 36541**
☐ The goods or property being purchased  ☑ Real property you already own.
**FILING FEES:** $ **150.00**
**LATE CHARGE:** If a payment is more than  15 days late, you will be charged  **4.000** % of the payment
**PREPAYMENT:** If you pay off early, you
☐ may  ☑ will not  have to pay a penalty.
☐ may  ☑ will not  be entitled to a refund of part of the finance charge.
**ASSUMPTION:** Someone buying your property
☐ may  ☑ may, subject to conditions  ☐ may not  assume the remainder of your loan on the original terms.
See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date and prepayment refunds and penalties
☑ * means an estimate  ☑ all dates and numerical disclosures except the late payment disclosures are estimates.

* * NOTE: The Payments shown above include reserve deposits for Mortgage Insurance (if applicable), but exclude Property Taxes and Insurance.

THE UNDERSIGNED ACKNOWLEDGES RECEIVING A COMPLETED COPY OF THIS DISCLOSURE.

| | | | |
|---|---|---|---|
| *Joseph M Sheffield* | 12/29/2005 | _____ | _____ |
| **JOSEPH M SHEFFIELD** (Applicant) | (Date) | (Applicant) | (Date) |
| _____ (Applicant) | (Date) | _____ (Applicant) | (Date) |
| *[signature]* | 12/23/05 | | |
| (Lender) | (Date) | | |

Calyx Form - til.hp (02/95)

# EXHIBIT "A"

**Parcel "A"**
Commence at the Southwest corner of the Northwest Quarter of the Southeast Quarter of Section 10, Township 7 South, range 4 West and run thence North 363 feet to the Point of beginning; thence continue North 270 feet to a point; thence run east 160 feet to a point; thence run south 270 feet to a point; thence run West 160 feet to the Point of Beginning.

**Parcel "B"**
Begin at the Southwest corner of the Northwest Quarter of the Southeast Quarter of said Section 10, Township 7 South, Range 4 West and run North 363 feet to the Point of Beginning, and from said Point of Beginning continue North 363 feet to a point; thence run East 1,320 feet more or less to the East line of said Quarter-Quarter section; thence run south 363 feet to a point; thence run west 1,320 feet more or less to the Point of Beginning.

Manufactured Home
Make and Model # Belmont GW 360
Serial # MSB983264S1S2SN37264

RECORDERS MEMORANDUM
At the time of recordation, this
instrument was found to be
inadequate for the best photo-
graphic reproduction because
of illegibility, carbon or photo
copy, discolored paper, etc. All
blockouts, additions and
changes were present at the
time the instrument was filed and
recorded.

Probate Court
Mobile County

After Recording Return To:
Mortgage Resource Network
ATTN:  Post Production Review Unit ID 2278
14800 Landmark Blvd., Suite 400
Dallas, TX  75254

This document Prepared By:
Brenda Franco, Preparer
10333 Richmond Avenue, Suite 550
Houston, TX 77042



### MORTGAGE

Loan No. 05-020058
MIN No. 1002133-0000013501-7
VA Case No. 22-22-6-0572752

# THIS LOAN IS NOT ASSUMABLE WITHOUT THE APPROVAL OF THE DEPARTMENT OF VETERANS AFFAIRS OR ITS AUTHORIZED AGENT.

### DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21.  Certain rules regarding the usage of words used in this document are also provided in Section 16.

**(A)**    "Security Instrument" means this document, which is dated  May 31, 2006,  together with all Riders to this document.

**(B)**    "Borrower" is Joseph M. Sheffield, a married man.  Borrower is the mortgagor under this Security Instrument.

**(C)**    "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the mortgagee under this Security Instrument.  MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

**(D)**    "Lender" is Franklin Bank, SSB. Lender is a State Savings Bank organized and existing under the laws of the State of Texas. Lender's address is 9800 Richmond Avenue, Ste. 680, Houston, TX 77042.

**(E)**    "Note" means the promissory note signed by Borrower and dated May 31, 2006. The Note states that Borrower owes Lender  One Hundred Three Thousand Five Hundred  Dollars (U.S. $103,500.00 ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than June 01, 2036.

**(F)**    "Property" means the property that is described below under the heading "Transfer of Rights in the Property."

**(G)**    "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

**(H)**    "Riders" means all Riders to this Security Instrument that are executed by Borrower.  The following Riders are to be executed by Borrower [check box as applicable]:

[X] Manufactured Home Rider          [X] VA Policy Assumption Rider

**(I)**    "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

**(J)**    "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

**(K)**    "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account.

ALABAMA--Single Family--Fannie Mae/Freddie Mac VA INSTRUMENT
Form 3001  1/01
(R&A) RA0095467 - sivners.al - Rev. 11/10/2005                (Page 1 of 11 pages)

Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

**(L)** "Escrow Items" means those items that are described in Section 3.

**(M)** "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (I) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

**(N)** "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

**(O)** "Periodic Payment" means the regularly scheduled amount due for (I) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

**(P)** "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

**(Q)** "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (I) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably mortgages, grants and conveys to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with power of sale, the following described property located in the County of Mobile:

See Exhibit "A" attached hereto and made a part hereof for all purposes

Grantor covenants and agrees that among the real property and certain improvements conveyed by this instrument is a manufactured home described as 1998 Belmont Trojanaire Serial #MSB983264S1/2SN37264 7264A/B HUD Label#'s TRA409857 & TRA 409858 32 x 64, and said manufactured home is a permanent improvement to the real property and shall remain attached to and shall not be removed from said land until the indebtedness secured hereby is paid in full.

which currently has the address of 11835 Stringfellow Road, Grand Bay, AL 36541 ("Property Address"):

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3.

ALABAMA—Single Family--Fannie Mae/Freddie Mac VA INSTRUMENT
Form 3081 1/01                    (Page 2 of 11 pages)
(R&A) RA0095467 - sivmers.al - Rev. 11/10/2005

Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

2. **Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

3. **Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under

ALABAMA–Single Family–Fannie Mae/Freddie Mac VA INSTRUMENT
Form 3001 1/01                                                      (Page 3 of 11 pages)
(R&A) RA0095467 - sivmers_al - Rev. 11/10/2005

RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

**4. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

**5. Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

ALABAMA--Single Family--Fannie Mae/Freddie Mac VA INSTRUMENT
Form 3001 1/01                                (Page 4 of 11 pages)
(R&A) RA0095467 - sivmers.al - Rev. 11/10/2005

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

**6. Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

**7. Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

**8. Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

**9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a

ALABAMA--Single Family--Fannie Mae/Freddie Mac VA INSTRUMENT
Form 3001 1/01                                   (Page 5 of 11 pages)
(R&A) RA0095467 - sivmera.al - Rev. 11/10/2005

legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**10. Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.

ALABAMA--Single Family--Fannie Mae/Freddie Mac VA INSTRUMENT
Form 3001 1/01                                   (Page 6 of 11 pages)
(R&A) RA0095467 - sivmers.si - Rev. 11/10/2005

Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

**11. Assignment of Miscellaneous Proceeds; Forfeiture.** All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

**12. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

ALABAMA—Single Family—Fannie Mae/Freddie Mac VA INSTRUMENT
Form 3001 1/01                                                    (Page 7 of 11 pages)
(R&A) RA0095467 - sivmers.al - Rev. 11/10/2005

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**15. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

**16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

ALABAMA--Single Family--Fannie Mae/Freddie Mac VA INSTRUMENT
Form 3001 1/01                                                                        (Page 8 of 11 pages)
(R&A) RA0095467 - zivmerx.sl - Rev. 11/10/2005

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

**21. Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

ALABAMA--Single Family--Fannie Mae/Freddie Mac VA INSTRUMENT
Form 3001 1/01                                    (Page 9 of 11 pages)
(R&A) RA0095467 - sivmers.al - Rev. 11/10/2005

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**22. Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall give a copy of a notice to Borrower in the manner provided in Section 15. Lender shall publish the notice of sale once a week for three consecutive weeks in a newspaper published in Mobile County, Alabama, and thereupon shall sell the Property to the highest bidder at public auction at the front door of the County Courthouse of this County. Lender shall deliver to the purchaser Lender's deed conveying the Property. Lender or its designee may purchase the Property at any sale. Borrower covenants and agrees that the proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

**23. Release.** Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

**24. t aivers.** Borrower waives all rights of homestead exemption in the Property and relinquishes all rights of curtesy and dower in the Property. { LeFT oUT § 6-10-3 CODe oF AL. 1975 }
                                                                      { ALIenATIoN oF A mARRIed PERSON }
          ABoLiShED

ALABAMA--Single Family--Fannie Mac/Freddie Mac VA INSTRUMENT
Form 3001  1/91                                    (Page 10 of 11 pages)
(R&A) RA0095467 – sivmers.al – Rev. 11/10/2005

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any rider executed by Borrower and recorded with it.

_____ (Seal)
Joseph M. Sheffield                                    -Borrower

STATE OF ALABAMA, __MOBILE_____ County

I, the undersigned, a Notary Public in and for said County in said State, hereby certify that **Joseph M. Sheffield**, whose name(s) is / are signed to the foregoing, and who is / are known to me, acknowledged before me on this day that, being informed of the contents of the foregoing, he / she / they executed the same voluntarily on the day the same bears date.

Given under my hand and official seal this the __31__ day of __Nous__

_Mosley_
Notary Public

_Sandy Mosley_
Printed Name

My Commission Expires: 8-5-09

*MORTAGE VIOLATES*
*6-40-3 CODE OT ALABAMA*

*MORTAGE SIGNED*
*BY Joseph M Sheffield*

ALABAMA--Single Family--Fannie Mac/Freddie Mac VA INSTRUMENT
Form 3001 1/01                          (Page 11 of 11 pages)
(R&A) RA0095467 - sivmera.al - Rev. 11/10/2005

```
AVSO351                                              CV 2006 003123.00

                                        JUDGE: HERMAN YOUNG THOMAS

                        ALABAMA JUDICIAL DATA CENTER
                            CASE ACTION SUMMARY
                               CIRCUIT CIVIL

   IN THE CIRCUIT | COURT OF   MOBILE    COUNTY

    JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
   FILED: 09/08/2006 TYPE: BAD FAITH/FRAUD/MISR  CERT DUE:  06042007
                                                TYPE TRIAL: NON-JURY   TRACK: F
**********************************************************************
  DATE1:            CA:             CA DATE:
  DATE2:            AMT:      $.00  PAYMENT:
  DATE3:
**********************************************************************
  PLAINTIFF  001| SHEFFIELD JOSEPH M
                 11835 STRINGFELLOW RD        ATTORNEY: *** PRO SE ***

                 GRAND BAY, AL  36541-0000
                 PHONE: (205)000-0000
  ENTERED: 09/08/2006 ISSUED:             TYPE:
  SERVED:              ANSWERED:          JUDGEMENT:
  ---------------------------------------------------------------
  DEFENDANT  001| FRANKLIN BANK SSB
                                          ATTORNEY: KIRKLAND E REID 023

                 AL  00000-0000
                 PHONE: (205)000-0000
  ENTERED: 09/08/2006 ISSUED: 09/18/2006 TYPE:   CERTIFIED
  SERVED:   9/21/06   ANSWERED:          JUDGEMENT:
  ---------------------------------------------------------------
  DEFENDANT  002| PRESTIAGE TITLE CO INC
                                          ATTORNEY:

                 AL  00000-0000
                 PHONE: (205)000-0000
  ENTERED: 09/08/2006 ISSUED: 09/18/2006 TYPE:   SHERIFF
  SERVED:   9/20/06   ANSWERED:          JUDGEMENT:
  SEP 08 2006   COMPLAINT & SUMMONS, FAST TRACK PRE-TRIAL ORDER


  10-18-06  Notice of appearance as attorney for deft Franklin Bank SSB
  ---------------------------------------------------------------
  10-27-06  Application, affidavit and entry of default.
  ---------------------------------------------------------------
            October 27, 2006-Entry of default entered against deft Prestiage Title Co Inc.
                                               Susan J Wilson          CLERK
            PDAM 12-8-06  (Notice to Pro Se)
  ---------------------------------------------------------------
  10-27-06  Deft Franklin Bank SSB's motion for extension of time to file its initial
            response.
  ---------------------------------------------------------------


  LEG  09/18/2006                                     CV 2006 003123.00
```

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

JOSEPH M. SHEFFIELD,                         *
                                             *
    Plaintiff,                          *
                                             *
v.                                           *    CIVIL ACTION NO.: CV-06-3123 N47
                                             *
FRANKLIN BANK, SSB and                       *
PRESTIGE TITLE CO., INC.,                    *
                                             *
    Defendants.                         *

## DEFENDANT FRANKLIN BANK'S OBJECTION TO PLAINTIFF'S MOTION TO SET AND CERTIFICATE OF READINESS

    Franklin Bank, SSB ("Franklin"), one of the Defendants in the above-styled lawsuit, respectfully requests that this Court enter an Order denying, as premature, Plaintiff's motion to set. In support of this motion, Franklin states as follows:

    1.    Plaintiff's *pro se* complaint was filed on or about September 8, 2006, and Franklin was served on or about September 27, 2006. On November 16, 2006, Franklin filed its motion to dismiss, or, in the alternative, for a more definite statement. Franklin's motion is set for hearing on December 15, 2006. Shortly after Franklin filed its motion Plaintiff served his motion to set and certificate of readiness.

    2.    Not only has discovery not been commenced, much less completed, Franklin has a pending motion to dismiss before the Court and has therefore not even answered the complaint. Accordingly, Plaintiff's motion to set is premature, and Franklin objects to it.

    WHEREFORE, premises considered, Franklin respectfully requests that this Court enter an Order denying Plaintiff's premature motion to set. Franklin requests such other, further, and different relief as justice may require.

Respectfully submitted,

KIRKLAND E. REID (REI023)
Attorney for Defendant
Franklin Bank, SSB

OF COUNSEL:
MILLER, HAMILTON,
  SNIDER & ODOM, L.L.C.
Post Office Box 46
Mobile, Alabama  36601
(251) 432-1414

## CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing has been filed served via U.S. Mail, postage prepaid, on this the 5th day of December, 2006, upon the following:

Chase R. Laurendine                    Joseph M. Sheffield
P. O. Box 850817                       11835 Stringfellow Rd.
5909 Airport Boulevard                 Grand Bay, AL 36541
Mobile, Alabama 36685

KIRKLAND E. REID

ELECTRONICALLY FILED
12/8/2006 11:50 AM
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
SUSAN WILSON, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| SHEFFIELD JOSEPH M | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | **Case No.:** CV-2006-003123.00 |
| | ) | |
| FRANKLIN BANK SSB | ) | |
| PRESTIAGE TITLE CO INC | ) | |
| Defendants | ) | |

## ORDER

PLAINTIFF'S MOTION FOR DEFATUL JUDGMENT AGAINST PRESTIAGE TITLE COMPANY, INC., IS GRANTED.  JUDGE FOR $150,000.00 PLUS COSTS.

DONE this 8th day of December, 2006

/s HERMAN YOUNG THOMAS
_____

CIRCUIT JUDGE



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: HERMAN YOUNG THOMAS

To:  LAURENDINE CHASE R
     seachaseiv@micro-comm.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following matter was FILED on 12/8/2006 11:50:50 AM

Notice Date:       12/8/2006 11:50:50 AM

**SUSAN WILSON**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
susan.wilson@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: HERMAN YOUNG THOMAS

To:  REID KIRKLAND EDWARD
kirkreid@mhsolaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
02-CV-2006-003123.00

The following matter was FILED on 12/8/2006 11:50:50 AM

Notice Date:     12/8/2006 11:50:50 AM

**SUSAN WILSON**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
susan.wilson@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: HERMAN YOUNG THOMAS

To: SHEFFIELD JOSEPH M    (PRO SE)
11835 STRINGFELLOW RD
GRAND BAY, AL 36541

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following matter was FILED on 12/8/2006 11:50:50 AM

Notice Date:    12/8/2006 11:50:50 AM

**SUSAN WILSON**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
susan.wilson@alacourt.gov

| STATE OF ALABAMA<br>Unified Judicial System | Revised 2/14/05 | Case No. |
|---|---|---|
| 02-MOBILE | ☐ District Court  ☑ Circuit Court | CV200600312300 |

| JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL | **CIVIL MOTION COVER SHEET**<br>*Name of Filing Party:* D002 - PRESTIAGE TITLE CO INC |
|---|---|

| *Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*<br>CHASE LAURENDINE<br>POST OFFICE BOX 850817<br>MOBILE, AL 36685<br>*Attorney Bar No.:* LAU002 | ☑ Oral Arguments Requested |
|---|---|

## TYPE OF MOTION

| **Motions Requiring Fee** | **Motions Not Requiring Fee** |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Continue |
| | ☐ Deposition |
| | ☐ Designate a Mediator |
| ☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Judgment as a Matter of Law (during Trial) |
| | ☐ Disburse Funds |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Extension of Time |
| | ☐ In Limine |
| ☐ Other _____ | ☐ Joinder |
| pursuant to Rule _____ ($50.00) | ☐ More Definite Statement |
| | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| | ☐ Pendente Lite |
| ☐ Local Court Costs $ _____ | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☑ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other _____ |
| | pursuant to Rule _____ (Subject to Filing Fee) |

| Check here if you have filed  or are filing contemporaneously with this motion an Affidavit of Substantial Hardship ☐ | Date:<br>12/8/2006 4:17:04 PM | Signature of Attorney or Party:<br>/s CHASE LAURENDINE |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.
**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
12/8/2006 4:19 PM
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
SUSAN WILSON, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
## CIVIL DIVISION

|                                  |   |                             |
|----------------------------------|---|-----------------------------|
| JOSEPH M. SHEFFIELD,             | * |                             |
|     Plaintiff,                   | * |                             |
| v.                               | * | Civil Action No. 2006-3123  |
| PRESTIGE TITLE, INC., et al.     | * |                             |
|     Defendant.                   | * |                             |

### MOTION TO SET ASIDE DEFAULT JUDGMENT

Comes now the Defendant, Prestige Title, Inc., by and through its attorney of record, Chase R. Laurendine, and respectfully moves this Honorable Court to set aside a default judgment rendered against Prestige Title, Inc. on December 8, 2006 and, in support of said Motion, the Defendant states as following:

1. The Plaintiff in this matter is acting *pro se'*. The Plaintiff filed an application for default judgment on October 27, 2006; however, Prestige's attorney did not receive a copy of said application and was completely unaware that it had been filed until it received the Court's order this afternoon granting the default judgment on December 8, 2006. Further, said application for default does not appear to have been entered into the Clerk's docket sheet for this case.

2. The undersigned did not personally check the motion docket, but my paralegal, who has more than ten years' experience, did by visually checking and by making a name search on the motion docket web site, but he did not find this case on this Court's motion docket for today. I was present at the courthouse this morning for motions on other Judge's dockets, but was completely unaware of this motion. Regardless, my absence was due to an oversight in my office.

WHEREFORE, the Defendants respectfully move that the default judgment entered against the Defendant, Prestige Title, Inc. on December 8, 2006 be set aside.

1

CHASE R. LAURENDINE (LAU002)

**Attorney for the Defendant**

/s Chase R. Laurendine

5909 Airport Boulevard
P. O. Box 850817
Mobile, Alabama  36685
(251)  344-9987

The Defendant, Prestige Title, Inc., respectfully requests oral argument.

/s Chase R. Laurendine

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of December, 2006, I electronically filed the foregoing with the Clerk of the Court using the AlaFile filing system which will send notification of such filing to the following:

Kirkland E. Reid, Esq.
Miller, Hamilton, Snider &Odom, L.L.C.
Post Office Box 46
Mobile, Alabama 36601

and I hereby certify that I have mailed by United States Postal Service, properly addressed and first class postage prepaid to the following non-AlaFile participants:

Joseph M. Sheffield
11835 Stringfellow Road
Grand Bay, Alabama 36541

/s Chase R. Laurendine
Chase R. Laurendine

2



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: HERMAN YOUNG THOMAS

To:  CHASE LAURENDINE
seachaseiv@micro-comm.com

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA**

**JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL**
**02-CV-2006-003123.00**

The following matter was FILED on 12/8/2006 4:19:01 PM

**D002 PRESTIAGE TITLE CO INC**

**MOTION TO VACATE OR MODIFY**

[Attorney: LAURENDINE CHASE R]

Notice Date:      12/8/2006 4:19:01 PM

**SUSAN WILSON**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
susan.wilson@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: HERMAN YOUNG THOMAS

To:  SHEFFIELD JOSEPH M        (PRO SE)
     11835 STRINGFELLOW RD
     GRAND BAY, AL 36541

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following matter was FILED on 12/8/2006 4:19:01 PM

**D002 PRESTIAGE TITLE CO INC**

**MOTION TO VACATE OR MODIFY**

[Attorney: LAURENDINE CHASE R]

Notice Date:      12/8/2006 4:19:01 PM

**SUSAN WILSON**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
susan.wilson@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: HERMAN YOUNG THOMAS

To:  LAURENDINE CHASE R
     seachaseiv@micro-comm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
02-CV-2006-003123.00

The following matter was FILED on 12/8/2006 4:19:01 PM

D002 PRESTIAGE TITLE CO INC
MOTION TO VACATE OR MODIFY
[Attorney: LAURENDINE CHASE R]

Notice Date:     12/8/2006 4:19:01 PM

SUSAN WILSON
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
susan.wilson@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: HERMAN YOUNG THOMAS

To:  REID KIRKLAND EDWARD
kirkreid@mhsolaw.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following matter was FILED on 12/8/2006 4:19:01 PM

**D002 PRESTIAGE TITLE CO INC**

**MOTION TO VACATE OR MODIFY**

[Attorney: LAURENDINE CHASE R]

Notice Date:      12/8/2006 4:19:01 PM

**SUSAN WILSON**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
susan.wilson@alacourt.gov



**AlaFile E-Notice**

**02-CV-2006-003123.00**

Judge: HERMAN YOUNG THOMAS

To:  LAURENDINE CHASE R
     seachaseiv@micro-comm.com

# NOTICE OF CASE SETTING

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following matter was SET FOR HEARING

**D002 PRESTIAGE TITLE CO INC**

**MOTION TO VACATE OR MODIFY**

[Attorney: LAURENDINE CHASE R]

Hearing Date:    12/15/2006
Hearing Time:    08:30:00 AM
Location:        8200

Notice Date:     12/14/2006 3:52:03 PM

**SUSAN WILSON**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
susan.wilson@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: HERMAN YOUNG THOMAS

To:   REID KIRKLAND EDWARD
      kirkreid@mhsolaw.com

# NOTICE OF CASE SETTING

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following matter was SET FOR HEARING

**D002 PRESTIAGE TITLE CO INC**

**MOTION TO VACATE OR MODIFY**

[Attorney: LAURENDINE CHASE R]

Hearing Date:     12/15/2006
Hearing Time:     08:30:00 AM
Location:         8200

Notice Date:      12/14/2006 3:52:03 PM

**SUSAN WILSON**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
susan.wilson@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: HERMAN YOUNG THOMAS

To:  SHEFFIELD JOSEPH M        (PRO SE)
     11835 STRINGFELLOW RD
     GRAND BAY, AL 36541

# NOTICE OF CASE SETTING

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following matter was SET FOR HEARING

### D002 PRESTIAGE TITLE CO INC

### MOTION TO VACATE OR MODIFY

[Attorney: LAURENDINE CHASE R]

Hearing Date:   12/15/2006
Hearing Time:   08:30:00 AM
Location:       8200

Notice Date:    12/14/2006 3:52:03 PM

**SUSAN WILSON**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
susan.wilson@alacourt.gov



ELECTRONICALLY FILED
12/15/2006 12:24 PM
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
SUSAN WILSON, CLERK

**IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA**

| | | |
|---|---|---|
| SHEFFIELD JOSEPH M | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | **Case No.:** CV-2006-003123.00 |
| | ) | |
| FRANKLIN BANK SSB | ) | |
| PRESTIAGE TITLE CO INC | ) | |
| Defendants | ). | |

## ORDER

CASE IS RESET TO JANUARY 26, 2007 AT 8:30 A.M. IN COURTROOM 8200 FOR THE PLAINTIFF TO RESPOND TO THE DEFENDANT, FRANKLIN BANK'S MOTION FOR MORE DEFINITE STATEMENT.

DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT IS GRANTED.

DONE this 15th day of December, 2006

/s HERMAN YOUNG THOMAS

CIRCUIT JUDGE



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: HERMAN YOUNG THOMAS

To:  LAURENDINE CHASE R
     seachaseiv@micro-comm.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following matter was FILED on 12/15/2006 12:24:53 PM

Notice Date:     12/15/2006 12:24:53 PM

**SUSAN WILSON**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
susan.wilson@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: HERMAN YOUNG THOMAS

To:   REID KIRKLAND EDWARD
      kirkreid@mhsolaw.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following matter was FILED on 12/15/2006 12:24:53 PM

Notice Date:      12/15/2006 12:24:53 PM

**SUSAN WILSON**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
susan.wilson@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: HERMAN YOUNG THOMAS

To: SHEFFIELD JOSEPH M      (PRO SE)
11835 STRINGFELLOW RD
GRAND BAY, AL 36541

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA**

**JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL**
**02-CV-2006-003123.00**

The following matter was FILED on 12/15/2006 12:24:53 PM

Notice Date:      12/15/2006 12:24:53 PM

**SUSAN WILSON**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
susan.wilson@alacourt.gov

ELECTRONICALLY FILED
12/19/2006 3:45 PM
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
SUSAN WILSON, CLERK

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| JOSEPH M. SHEFFIELD, | ) | |
| Plaintiff, | ) | |
| vs. | ) | CIVIL ACTION NO. 2006-3123 |
| FRANKLIN BANK, SSB, et al. | ) | |
| Defendants. | ) | |

### MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT AND MOTION TO STRIKE

Comes now the Defendant, Prestige Title, Inc., in the above styled cause and, pursuant to the provisions of Rules 12(b)(6) and (7), Rule 12(e) and 12(f) of the Alabama Rules of Civil Procedure, respectfully moves that this Honorable Court dismiss the *pro se* complaint of Plaintiff or, in the alternative, require the Plaintiff to make a more definite statement of his complaint and further moves that portions of Plaintiff's complaint be stricken. As grounds therefor, said Defendant states as follows:

1. Plaintiff alleged in his complaint that he and his wife were required to convey title to their property in Mobile County, Alabama in order for Franklin Bank, SSB to agree to make its mortgage loan to Plaintiff, but Plaintiff does not deny or otherwise dispute that he and his wife voluntarily executed and conveyed said property to Plaintiff only at the same time of the closing of the mortgage. A copy of that deed executed by Plaintiff and his wife on May 31, 2006 is recorded in Real Property Book 5995, Page 1240 of the records in the Office of the Judge of Probate of Mobile County, Alabama. Further, Plaintiff alleged in said complaint that his wife's signature on the aforesaid mortgage was a forgery, but he did not allege which of her two signatures thereon were forgeries. A copy of the mortgage made by Joseph M. Sheffield and Margie L. Sheffield to Franklin Bank, SSB, dated May 31, 2006, which included multiple signatures of both the Plaintiff's and his wife's names, is recorded in Real Property Book 5995, Page 1242 of said Probate Court records. Plaintiff did not allege nor otherwise dispute in said complaint that

he did not receive all of the mortgage loan proceeds to which he was entitled to receive from said mortgage closing.

2.  Plaintiff alleged in his complaint that, prior to the date of closing, Sandy Mosley, a former employee of Defendant, Prestige Title, Inc., told both Plaintiff and his wife that she had signed Plaintiff's wife's signature to a document, but Plaintiff's complaint also alleged that, although he did not know what that document was, he believed it to be a "release of information". Plaintiff's complaint then alleged that, when Plaintiff and his wife were present, Ms. Mosley discarded that allegedly forged document by throwing it into a trash can and then asked Plaintiff's wife to sign that same document. Plaintiff did not allege that he had suffered any actual damage of any nature whatsoever as a result of Ms. Mosley's having allegedly forged his wife's name to said now-discarded, unknown document or that said now-discarded, unknown document was ever used in any way by Defendant, Prestige Title, to Plaintiff's detriment. Nevertheless, it is unclear from Plaintiff's complaint whether Plaintiff now claims any damages were suffered as a result of Ms. Mosley's allegedly having forged his wife's name to said now-discarded, unknown document.

3.  Plaintiff alleged in his complaint that he and his wife signed all documents at the mortgage loan closing which Ms. Mosley requested, but there was no allegation therein that the mortgage actually recorded was not also included as one of the documents which Ms. Mosley requested that they sign at closing. Plaintiff further alleged in his complaint that he and his wife's first discovered that her name had been forged to the recorded mortgage by looking at a recorded copy thereof while they were checking Probate Court records on another matter. Plaintiff alleged in his complaint that the original mortgage document was forged and that it did not have a place for his wife's signature, but the recorded mortgage did include a signature line for Plaintiff's wife and a notary acknowledgment for Plaintiff's wife's signature.

4.  Plaintiff alleged in his complaint that, since Ms. Mosley was the only other person present at the closing, "[I]t would make sense that she or another person at Prestige Title" did commit an act of

deception and forgery. That allegation is in direct conflict with other allegations made by Plaintiff that Ms. Mosely forges Plaintiff's wife's signature to said mortgage.

5. Plaintiff alleged in his complaint that such alleged forgery constituted the tort of fraud, but he failed to make any allegation that any actual misrepresentation was made by said Defendant to Plaintiff of any material fact in connection therewith nor that said Defendant made any attempt to conceal such alleged forgery from the Plaintiff. Without such allegations, such alleged forgery does not constitute fraud.

6. Plaintiff alleged in his complaint that he and his wife had been put "under a great amount of duress" because of Ms. Mosley's forgery; however, Plaintiff's wife, Margie L. Sheffield, is not a party to this action. Since Plaintiff's allegations in his complaint were that his wife's signature was forged and that she suffered great mental duress as a result thereof, Margie L. Sheffield is a necessary party to this action under Rule 19 of the Alabama Rules of Civil Procedure and Plaintiff's complaint is due to be dismissed.

7. Plaintiff alleged in his complaint that he and his wife had been put "under a great amount of duress" because of the alleged forgery by Ms. Mosley, but said complaint neither described any actual damage suffered by Plaintiff as a result thereof nor sought any recovery of compensatory damages therefor nor sought any equitable relief against Defendant, Prestige Title. Accordingly, Plaintiff's claim for punitive damages is improper.

8. Plaintiff's complaint made allegations that Mobile Attorney, Bob Beckerle, an unidentified "lady" at the FBI office and Steve Roberts, of the VA office in St. Petersburg, Florida made various statements regarding the legality of Plaintiff's mortgage to Franklin Bank, SSB and the alleged acts of forgery. Those allegations invade the province of the Court and are immaterial, impertinent and scandalous and should be stricken from Plaintiff's complaint.

9. There was no allegation in Plaintiff's complaint that he suffered any financial or other loss of any other nature as a result of the alleged forgery of the aforesaid mortgage by an employee of Defendant, Prestige Title, other than that he and his wife suffered a great amount of mental duress. The only actual damages which Plaintiff alleged in his complaint was that he and his wife would have been able to make a

"better contract legally" if he had known about the credit life insurance and his wife being taken off of the title to their property – not if had known about the alleged forgery. Plaintiff acknowledged closing the mortgage loan and receiving the loan proceeds therefrom and, by inference, implied hat he and his wife would have re-signed the mortgage, if asked. Accordingly, without any allegation in Plaintiff's complaint that he suffered any actual financial loss or other injury or damage as a result of his execution of said mortgage or the alleged forgery of his wife's signature thereon, Plaintiff has stated no claim that he was harmed by any act of Ms. Mosely or Defendant, Prestige Title, and thus has failed to state a cause of action for fraud or any other tort against Defendant, Prestige Title, upon which relief may be granted.

WHEREFORE, Defendant, Prestige Title, respectfully prays that Plaintiff's complaint be dismissed in its entirety or that portions of said complaint be stricken or, in the alternative, that Plaintiff be required to amend his complaint and make a more definite statement thereof. Said Defendant further prays that this Honorable Court grant it such other, further and different relief as the Court may deem it entitled to receive, the premises considered.

**CHASE R. LAURENDINE**
Attorney for the Defendant, Prestige Title, Inc.

/s Chase R. Laurendine

Chase R. Laurendine (LAU002)
5909 Airport Boulevard
P. O. Box 850817
Mobile, Alabama 36685
(251) 344-9987

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of December, 2006, I electronically filed the foregoing with the Clerk of the Court using the AlaFile filing system which will send notification of such filing to the following:

Kirkland E. Reid, Esq.
P. O.  Box 46
Mobile Alabama 36601

and I hereby certify that I have mailed by United States Postal Service, properly addressed and first class postage prepaid to the following non-AlaFile participants:

Joseph M. Sheffield
11835 Stringfellow Road
Grand Bay, Alabama 36541


_/s Chase R. Laurendine_
Chase R. Laurendine



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: HERMAN YOUNG THOMAS

To: CHASE LAURENDINE
    seachaseiv@micro-comm.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following matter was FILED on 12/19/2006 3:45:21 PM

**D002 PRESTIAGE TITLE CO INC**

**MOTION TO DISMISS PURSUANT TO RULE 12(B)**

[Attorney: LAURENDINE CHASE R]

Notice Date:    12/19/2006 3:45:21 PM

**SUSAN WILSON**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
susan.wilson@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: HERMAN YOUNG THOMAS

To:  SHEFFIELD JOSEPH M      (PRO SE)
11835 STRINGFELLOW RD
GRAND BAY, AL 36541

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following matter was FILED on 12/19/2006 3:45:21 PM

**D002 PRESTIAGE TITLE CO INC**

**MOTION TO DISMISS PURSUANT TO RULE 12(B)**

[Attorney: LAURENDINE CHASE R]

Notice Date:     12/19/2006 3:45:21 PM

**SUSAN WILSON**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
susan.wilson@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: HERMAN YOUNG THOMAS

To:  LAURENDINE CHASE R
seachaseiv@micro-comm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
02-CV-2006-003123.00

The following matter was FILED on 12/19/2006 3:45:21 PM

D002 PRESTIAGE TITLE CO INC
MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Attorney: LAURENDINE CHASE R]

Notice Date:        12/19/2006 3:45:21 PM

**SUSAN WILSON**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
susan.wilson@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: HERMAN YOUNG THOMAS

To:  REID KIRKLAND EDWARD
     kirkreid@mhsolaw.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following matter was FILED on 12/19/2006 3:45:21 PM

**D002 PRESTIAGE TITLE CO INC**

**MOTION TO DISMISS PURSUANT TO RULE 12(B)**

[Attorney: LAURENDINE CHASE R]

Notice Date:     12/19/2006 3:45:21 PM

**SUSAN WILSON**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
susan.wilson@alacourt.gov

# IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

JOSEPH M. SHEFFIELD  PRO-SE*

          PLAINTIFF

V.

                      CIVIL ACTION NO. CV-06-3123

FRANKLIN BANK SSB AND
PRESTIAGE TITLE CO:INC:

          DEFENDANTS

---

## MOTION FOR A MORE " DEFINED" COMPLAINT

## FOR FRANKLIN BANK SSB

__PLAINTIFF IN THIS CASE ASK  THIS HONORABLE COURT TO__

__ACCEPT THIS MOTION ACCORDING TO THE COURTS RULING AS__

__OF THE 15 DAY OF DEC. 2006. TO MORE DEFINE PLAINTIFFS CASE.__

PAGE 1

(1)    (FRANKLIN BANK SSB ) BY AN THROUGH IT'S LOAN

OFFICER " STEVE HOBBS " IN SEDRO WOOLEY WA. OFFICE

DID ON DEC. 23,2005 OFFER, PLAINTIFF ( CREDIT LIFE

INSURANCE. IN WRITING.


(2)    ON DEC. 29. 2005 PLAINTIFF AGREED TO BUY ( CREDIT LIFE

INSURANCE )FROM STEVE HOBBS AND SIGNED THE AGREEMENT.


(3)    STEVE HOBBS BY AND THROUGH (FRANKLIN ) DID LEAVE

OUT THE MOST IMPORTANT PART OF A VALID CONTRACT THE

( CONSIDERATION )


(4)    STEVE HOBBS LOAN OFFICER FOR FRANKLIN BANK SSB

STATED ON THE PHONE THAT THE CREDIT LIFE INS. WOULD BE

BETWEEN $ 100.00 & $ 125.00 PER MONTH . THIS CONVERSATION

WITH STEVE HOBBS WENT ON FROM DEC. 23. 2005 UNTIL THE

LAST DAY OF MY RESSION PERIOD JUNE  5, 2006. I CALLED STEVE

HOBBS  ON JUNE 5, 2006 AND ASK ABOUT MY INSURANCE. I TOLD

HIM THAT WE HAD AN AGREEMENT, HE ASK WHAT WAS AT THE

TOP OF THE PAGE  I TOLD HIM IT SAID ( DEMAND FEATURE ) HE

ASK IF THERE WAS ANOTHER DOCUMENT THAT SAID ( TRUTH IN

**PAGE 2**

LENDING I, STATED YES, HE SAID TO WAIT TILL I CLOSED THEN

CALL THIS NUMBER 866-538-1516 I GOT THE INSURANCE DEPT.

I TALKED TO A LADY IN THE INS. DEPT IN HOUSTON TX. AND SHE

STATED MR SHEFFIELD NO ONE AT FRANKLIN BANK WOULD

EVER SELL INSURANCE WITHOUT AND ESCROW ACCOUNT. I ASK

HER DID SHE KNOW STEVE HOBBS, SHE STATED NO. THEN I ASK

HER IF THEY ( FRANKLIN ) HAD A BANK IN SEDRO WOOLEY WA.

SHE REPLIED YES. I TOLD HER ABOUT THE ( CREDIT LIFE

INSURANCE) THAT STEVE HAD SIGNED, SHE STATED THAT SHE

WOULD GET BACK IN TOUCH WITH ME. SHE NEVER DID.


(5)          ( FRANKLIN ) BY AND THROUGH IT'S ATTORNEY OF

RECORD STATED ON HIS MOTION TO DISMISS. THAT

( FRANKLIN BANK SSB ) [ DOES NOT SELL THIS TYPE OF

INSURANCE]   IF THAT BE THE CASE THEN ( FRANKLIN )

WOULD BE RESPONISIBLE BECAUSE IF ( FRANKLIN ) DOES NOT

SELL THIS TYPE OF INSURANCE, THEN STEVE HOBBS WOULD BE

GULITY OF "INTENTIONAL) DECEPTION, RESULTING IN INJURY

TO ANOTHER. AND (FRANKLIN ) WOULD BE RESPONISABLE FOR

HIS ACTIONS.


**PAGE 3**

(6)    I WOULD SITE FOR e.g. NATIONAL SECURITY INS. CO. V

LINDA BEASLEY, 406 SO. 2d PAGE 923 (ALA. CIV. APP. 1981.

ATTORNEY FOR (FRANKLIN ) STATED ( DAMAGE IS AN

ESSENTIAL ELEMENT OF ACTIONABLE FRAUD.) THEN HE STATES

THAT I AM STILL "ALIVE" MR. REID  STATES IF I AM STILL ALIVE

THEN THERE CAN BE NO DAMAGE.BUT IN THE BEASLEY CASE

SHE WON BY A JURY " PUNITIVE DAMAGES IN THE AMOUNT OF $

8,000.00  SEE PAGE  924 ITEM NO. ( 2-8 ) MRS BEASLEY WON FROM

BOTH  DEFENDANTS.  SEE PAGE 925 [5]


(7)    THIS CASE FALLS  UNDER CODE OF ALABAMA 1975
SECTION 6-5-104

"FRAUDULENT DECIET" (a) (3 ) (4)


       (a) ONE WHO WILLFULLY DECIEVES ANOTHER WITH

INTENT  TO INDUCE HIM TO ALTER HIS POSITION TO HIS INJURY

,RISK IS LIBLE FOR ANY DAMAGE WHICH HE SUFFERS.

       ( b)    THE SUPPRESSION OF A FACT BY ONE WHO IS BOUND

TO DISCLOSE IT OR WHO GIVES INFORMATION  OF OTHER FACTS

WHICH ARE LIKELY TO MISLEAD FOR WANT OF

COMMUNICATION OF THAT FACT; OR


**PAGE  4**

_____ ( C )   A PROMISE MADE WITHOUT ANY INTENTION OF

PERFORMING IT.  STEVE HOBBS LEFT OUT THE MOST

IMPORTANT PART OF A CONTRACT THE ( CONSIDERSATION )

LAST STEVE HOBBS LIED ABOUT THE INSURANCE. I WAS NEVER

SUPPOSED TO OBTAIN IT.   TO ME AN MY WIFE'S HARM.


(8)     DEFINITION-- OF CREDIT LIFE INSURANCE IS A

DECREASING LIFE INSURANCE, IT IS TAKEN OUT FOR THE

BENEFIT OF THE FAMILY IN CASE THE  HUSBAND OR WIFE

DIES BEFORE THE LOAN IS PAID OFF.  ( INSURANCE PAYS AT

DEATH  THE REMAINDER OF THE LOAN )


(9)     ACCORDING TO ( FRANKLIN'S ATTORNEY) MR REID ON HIS

 MOTION TO DISMISS,  I WILL SITE ( NATIONAL SECURITY INS. CO

V  LINDA BEASLEY AND I CITE AS ala.civ.app"406 so 2d 923-926 .

MRS. BEASLEY'S CASE IS A "FRAUD CASE" A JURY IN THE LOWER

COURT DECIEDED THAT MRS. BEASLEY SHOULD BE GIVEN $

8000.00 IN  (PUNTIVE DAMAGES ) AND LINDA BEASLEY WAS NOT

"DEAD." MRS. BEASLEY WON HER CASE AGAINST BOTH

DEFENDANTS   NATIONAL SECURITY AND R.J.WHITE  AND THEY

APPEALED, "APPEALS COURT AFFIRMED LOWER COURTS

PAGE 5

RULING.  FRAUD IN A CONTRACT MUST  SHOW

THAT IT WAS MALICIOUS, OPPRESSIVE ,OR GROSS. IN ORDER TO

RECEIVE "PUNITIVE DAMAGES".


(10)    PLANTIFF, ASK THIS HONORABLE COURT TO FINE THAT

THIS IS A FRAUD CASE  AND CONTAINS FRAUDULENT DECEIT

UNDER SECTION 6-5-104  (a)  (3) ( 4 ) CODE OF ALABAMA 1975


(A)    THIS CASE HAS "ACTIONABLE  FRAUD" UNDER CODE OF

ALABAMA 1975  SECTION 6-5-101  MISREPRESENTATION OF

A MATERIAL FACT   WITHIN A CONTRACT.

LOAN OFFICER  STEVE  HOBBS  ( DID WITH INTENT TO DECIEVE:

MAKE ME BELIEVE THAT I WAS GOING TO GET CREDIT  LIFE

INSURANCE THIS  WAS  AN  IMPORTANT PART OF THE

CONTRACT.  AND ( STEVE )  NEW THIS. THIS (INSURANCE WAS TO

BE  FOR THE PROTECTION  OF  MY  FAMILY.


( B )   " FRANKLIN" BY AND THROUGH THEIR ATTORNEY MR.

REID  ON HIS MOTION TO DISMISS STATED THAT ( FRANKLIN )

HAD NOTHING TO DO WITH THE CLOSING OF THE LOAN.

(C)    ( FRANKLIN BANK SSB ) BY AND THROUGH THEIR LOAN

OFFICER, STEVE HOBBS SUPPLIED THE FUNDS FOR CLOSING, THE

**PAGE 6**

CLOSING DOCUMENTS, THE CLOSING AGENT "SANDY MOSLEY"

WHICH  WE HAD TOLD STEVE HOBBS WE DID NOT WANT

BECAUSE SHE HAD ALREADY COMITTED " FORGERY"

(11)    PLAINTIFF. ASK THIS HONORABLE COURT TO EXCEPT THIS

MORE <u>DEFINED</u> COMPLAINT, AND ASK THIS  COURT FOR

DAMAGES IN THE AMOUNT OF $ 103,500.00 OR PAY OF OF LOAN

(12)    <u>PLAINTIFF STATES AS FOLLOWS:</u>

A]      STEVE HOBBS DECIEVED ME AS TO WHO WANTED

MY WIFE OF TITLE. ( SUPPOSED TO BE VA. BUT AT CLOSING IT

STATED  " LENDER". THIS CONTRACT HAS BEEN KNOTHING BUT

FRAUD, DECEPTION, NON-DISCLOSER OF MATERIAL FACTS,

MALIC,  IT IS GROSS AND FULL OF MISREPRESTATION'S. THE

ACTIONS OF STEVE HOBBS, THEIR LOAN OFFICER, HE HAD THE

AUTHORITY  TO WRITE UP CONTRACTS AND TAKE CONTRACT

TO IT'S CLOSING. SO IT IS IMPOSIBLE TO BELIEVE THAT

(FRANKLIN ) BY AND THROUGH ( STEVE HOBBS ) DID NOT HAVE

ANYTHING TO DO WITH CLOSING. OF THE LOAN.

**PAGE 7**

PLAINTIFF ASK THIS HONORABLE COURT TO GIVE ANY

SUCH OTHER, FURTHER, AND DIFFERENT RELIEF AS JUSTICE

MAY REQUIRE. IN THIS CASE.

RESPECTFULLY SUMITTED

*Joseph M Sheffield Pro-Se*

JOSEPH M. SHEFFIELD    PRO-SE
PLAINTIFF.

C/C

PAGE 8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I HAVE SERVED A COPY OF THE FOREGOING BY DEPOSITING SAME IN THE UNITED STATES MAIL,FIRST CLASS POSTAGE PREPAID 0N THIS THE 20 DAY OF DEC. 2006 TO THE FOLLOWING.

**KIRKLAND E. REID**
**OF COUNSEL**
**MILLER,HAMILTON,**
**SNIDER & ODOM,L.L.C.**
**POST OFFICE BOX 46**
**MOBILE ALABAMA 36601**
**(251) 432-1414**

**CHASE R. LAURENDINE**
**P.O. BOX 850817**
**5909 AIRPORT BOULEVARD**
**MOBILE ALABAMA 36685**

**ATTORNEY FOR**
**FRANKLIN BANK SSB**

**ATTORNEY FOR**
**PRESTIAGE TITLE CO. INC.**

STATE OF ALABAMA

COUNTY OF MOBILE

I, the undersigned, a Notary Public in and for said County in said State, hereby certify that Joseph M Sheffield, whose name is/are signed to the foregoing, and who is/are known to me, acknowledged before me on this day that, being informed of the contents of the foregoing conveyance executed the same voluntarily on the day the same bears date.

Given under my hand and official seal this the 31st day of May, 2006.

_____
Notary Public

My Commission Expires:  8/5/09

STATE OF ALABAMA

COUNTY OF MOBILE

I, the undersigned, a Notary Public in and for said County in said State, hereby certify that Margie L Sheffield, whose name is/are signed to the foregoing, and who is/are known to me, acknowledged before me on this day that, being informed of the contents of the foregoing conveyance executed the same voluntarily on the day the same bears date.

Given under my hand and official seal this the 31st day of May , 2006.

_____
Notary Public

My Commission Expires:  8/5/09

# EXHIBIT "A"

Parcel "A"
Commence at the Southwest corner of the Northwest Quarter of the Southeast Quarter of Section 10, Township 7 South, range 4 West and run thence North 363 feet to the Point of beginning; thence continue North 270 feet to a point; thence run east 160 feet to a point; thence run south 270 feet to a point; thence run West 160 feet to the Point of Beginning.

Parcel "B"
Begin at the Southwest corner of the Northwest Quarter of the Southeast Quarter of said Section 10, Township 7 South, Range 4 West and run North 363 feet to the Point of Beginning, and from said Point of Beginning continue North 363 feet to a point; thence run East 1,320 feet more or less to the East line of said Quarter-Quarter sectionl thence run south 363 feet to a point; thence run west 1,320 feet more or less to the Point of Beginning.

Manufactured Home
**Make and Model # Belmont GW 360**
**Serial # MSB983264S1S2SN37264**

RECORDERS MEMORANDUM
At the time of recordation, this instrument was found to be inadequate for the best photographic reproduction because of illegibility, discolored paper, carbon or photo copy, etc.

Probate Court

AFTER RECORDED RETURN TO:
Mortgage Resource Network
14800 Landmark Blvd., Suite 400
Dallas, TX 75254
PARCEL NUMBER:    02-45-02-10-0-000-006.003
LOAN NUMBER:      05-020058

Prepared by:
Brenda Franco
Robertson & Anschutz, P.C.
10333 Richmond Avenue, Suite 550
Houston, TX 77042
713-871-9600

## REAL PROPERTY AND MANUFACTURED HOME
## LIMITED POWER OF ATTORNEY
(To execute or release title, mortgage or deed of trust, security filing, transfer of equity
and insurance documents and proceeds.)

The undersigned borrower(s) whether one or more each referred to below as "I" or "me" residing at 11835 Stringfellow Road, Grand Bay, AL 36541 ("Present Address").

I am the Buyer/Owner of the following manufactured home ("Manufactured Home"):

    1998 Belmont Trojanaire Serial #MSB983264S1/2SN37264  7264A/B HUD Label#'s
    TRA409857 & TRA 409858 32 x 64

permanently affixed to the real property located at 11835 Stringfellow Road, Grand Bay, AL 36541 ("Property Address") and as more particularly described as:

    See Exhibit "A" attached hereto and made a part hereof for all purposes

(the "Real Property"), do hereby irrevocably name, constitute, appoint and appoint as my true and lawful attorney(s) with full power of substitution, Franklin Bank, SSB ("Lender"), its successors, assigns or designees as my agent and attorney-in-fact, in my name, place and stead in any way which I could do, if I were personally present, with full power of substitution and delegation, (1) to complete, execute and deliver, in my name or Lender's name, any and all forms, certificates, assignments, designations, releases or other documentation as may be necessary or proper to implement the terms and provisions of the Security Instrument dated May 31, 2006, executed by me in favor of Lender, (2) to complete, execute and deliver, in my name or Lender's name, any and all assignments, transfers, assignments, designations, releases or other documentation as may be necessary or proper to make application for and obtain the certificate of title for the Manufactured Home and to have Lender (or its designee) designated as lienholder on the certificate of title for the Manufactured Home, (3) to complete, execute and deliver in my name or Lender's name, any and all forms, certificates, assignments, designations, releases or other documentation as may be necessary or proper to have the Manufactured Home treated as real estate for any and all purposes under state law, including but not limited to the surrender of any certificate of title, any election to treat the Manufactured Home as real estate for tax purposes or to meet any other requirements in order for the loan/financing secured by the Manufactured Home and real property to be eligible for sale on the Federal National Mortgage Association ("Fannie Mae"), the Federal Home Loan Mortgage Association ("Freddie Mac") or any other secondary market purchaser, (4) to receive, complete, execute or endorse, and deliver in my name or Lender's name any and all claim forms, agreements, assignments, releases, checks, drafts or other instruments and vehicles for the payment of

(R&A) RA0095467 - MHLimitedPOA.wsl - Rev. 05/24/2006                                        Page 1

## COMPLIANCE AGREEMENT

Borrower(s): Sheffield.    *THIS IS NOT MINE OR MY WIFE'S SIGNATURE*

Seller(s): _____

Property Address: 11836 Stringfellow    *← WRONG ADDRESS*

Closing Date: May 31st

Lender: Franklin Bank

In order for Prestige Title, Inc. (PTI) to fund the closing the loan/sale secured by the property above, Borrower/Buyer and Seller agree as follows:

If any document is lost, misplaced, destroyed or inaccurately reflects the terms of the sale/loan; Borrower/Buyer and Seller agree to re-sign, replace and/or supply additional funds to correct the discrepancy.

A request by PTI is prima facie evidence of the necessity for requested information.

**FAILURE TO DELIVER THE REQUESTED DOCUMENTS, SIGNATURES, INITIALS OR FUNDS WILL CONSTITUTE DEFAULT.**

THIS AGREEMENT SHALL SURVIVE THE CLOSING OF THE LOAN/SALE AND INURE TO THE BENEFIT OF PTI'S SUCCESSORS AND/OR ASSIGNS AND WILL BE BINDING UPON THE HEIRS, DEVISEES, PERSONAL REPRESENTATIVES, SUCCESSORS AND ASSIGNS OF THE BORROWER/BUYER AND SELLER.

_____          _____
BORROWER                        BORROWER

_____          _____
SELLER                          SELLER

_____
WITNESS

## HOLD HARMLESS AGREEMENT

BORROWER: Sheffield

SELLER:

PROPERTY: 11836 Stringfellow Rd

DATE:    May 31, 2006

Your lender is requiring that you remove Margie Sheffield from title in order to close this transaction.

This means that you currently hold title to the subject property together with survivorship. By signing a Warranty Deed deleting Margie Sheffield, she is giving up all of her titled interest in the subject property.

The lender's requirement of a Warranty Deed deleting one of the titleholders has been fully explained by the Closing Agent, and it is understood and accepted by the undersigned.

**This is to hold the Lender and Prestige Title, Inc., its successors and/or assigns harmless and not responsible if any claim(s) /loss arise from any present or future actions concerning any and all items checked above. This is complete and includes any heirs or successors to the subject property.**

_____    _____

_____    _____

STATE OF ALABAMA

COUNTY OF MOBILE                    *Signed by the same person*

I, the undersigned, a Notary Public in and for said County in said State, hereby certify that   *these signatures*
Joseph Sheffield a Margie Sheffield Col    *are not ours*
whose name is/are signed to the foregoing, and who is/are known to me, acknowledged before me on this day that, being informed of the contents of the foregoing conveyance executed the same voluntarily on the day the same bears date.

Given under my hand and official seal this the 31st day of May , 2006.

_____
Notary Public

My Commission Expires:   8/5/09

## HOLD HARMLESS AGREEMENT

BORROWER: Sheffield    _not my signature forged_

SELLER

PROPERTY: 11836 Stringfellow

The Undersigned acknowledge that each is aware of any of the foregoing items marked as it exist(s), and how they relate to the closing transaction.   Any item which has been checked, has been fully explained by the Closing Agent, and it is understood and accepted by the undersigned.  Furthermore, the undersigned have authorized the closing in spite and subject to the following:

_____Termite Inspection dated _____ on subject property.

_____Survey dated _____ prepared by_____ which reveals:



_____Fence on the above-referenced property is not on the true property line.

_____Condition of the well and/or Septic system has not been determined and no assurances are made by Prestige Title, Inc., or the Lender.

_____Parties' election not to prorate (adjust) taxes for the current tax year at the closing table on the Settlement Statement from January 1st through the closing date.

_____Parties elect not to obtain a termite inspection report and the Buyers are accepting property "as is".

_____Parties elect not to obtain a current survey certified to the parties involved in the transaction.

**This is to hold the Lender and Prestige Title, Inc., its successors and/or assigns harmless and not responsible if any claim(s) /loss arise from any present or future actions concerning any and all items checked above.  This is complete and includes any heirs or successors to the subject property.**

_____        _____

_____        _____

STATE OF ALABAMA

COUNTY OF Mobile

I, the undersigned, a Notary Public in and for said County in said State, hereby certify that _____, whose name is/are signed to the foregoing, and who is/are known to me, acknowledged before me on this day that, being informed of the contents of the foregoing conveyance executed the same voluntarily on the day the same bears date.

Given under my hand and official seal this the 31 day of May , 2006.

_____
Notary Public

My Commission Expires: 8-5-09

## SHORTFALL AFFIDAVIT

Borrower(S): *Sheffield*    ~~NAME & ADDRESS FORGERY~~

Seller(S): _____

Property Address: *11826 Stringfellow*

Closing Date: *5/31/06*

Lender: *Franklin Bank*

IN ORDER TO INSURE THE LIENS AGAINST THE PROPERTY ARE SATISFIED IN FULL, BORROWERS\SELLERS SHALL MAKE UP ANY SHORTFALL THAT MAY OCCUR BETWEEN THAT STATED PAYOFF AMOUNT(S) AND THE FINAL AMOUNT(S) REQUIRED BY THE CURRENT LIEN HOLDER(S). THIS ALSO INCLUDES TAXES AND JUDGEMENTS THAT ARE LIENS ON THE PROPERTY AS WELL.

BORROWER(S)/ SELLER(S) FURTHER WARRANT THAT THIS/ THESE SHORTFALL AMOUNT(S) WILL BE PAID TO PRESTIGE TITLE, INC. IN THE FORM OF A CASHIERS CHECK WITHIN FIVE(5) BUISNESS DAYS OF NOTIFICATION TO BORROWER(S)/ SELLER(S) BY PRESTIGE TITLE, INC. OF ANY SHORTFALL.

_____          _____
BORROWER                                         BORROWER

_____          _____
SELLER                                              SELLER

_____
WITNESS

AFTER RECORDED RETURN TO:
Mortgage Resource Network
14800 Landmark Blvd., Suite 400
Dallas, TX 75254
PARCEL NUMBER:    02-45-02-10-0-000-006.003
LOAN NUMBER:      05-020058

Prepared by:
Brenda Franco
Robertson & Anschutz, P.C.
10333 Richmond Avenue, Suite 550
Houston, TX 77042
713-871-9600

## MANUFACTURED HOME
## AFFIDAVIT OF AFFIXATION

STATE OF _Alabama_                §
                                  §
COUNTY OF _Mobile_                §

Joseph M. Sheffield being duly sworn, on his or her oath state as follows:

1.  Homeowner owns the manufactured home ("Home") described as follows:
    1998 Belmont Trojanaire Serial #MSB983264S1/2SN37264  7264A/B HUD Label#'s
    TRA409857 & TRA 409858 32 x 64

2.  The Home was built in compliance with the federal Manufactured Home Construction and Safety
    Standards Act.

3.  If the Home is the first this party he Home has Home is to Home is (i) the Home manufacturer's
    warranty for the Home, (ii) the Consumer Manual for the Home, (iii) the Insulation Disclosure for the
    Home, and (iv) the formaldehyde health notice for the Home.

4.  The Home is or will be located at the following "Property Address":
    11835 Stringfellow Road, Grand Bay, AL 36541

5.  The legal description of the real property where the Home is or will be permanently affixed ("Land") is:
    See Exhibit "A" attached hereto and made a part hereof for all purposes

6.  The Homeowner is the owner of the Land or, if not the owner of the Land, is in possession of the real
    property pursuant to a lease in recordable form, and the consent of the lessor is attached to this Affidavit.

7.  The Home [ ✓ ] is [   ] shall be anchored to the Land by attachment to a permanent foundation,
    First the Home the Home with the Home the Home the Home the Home the Home manufacturer's
    in a manner sufficient to validate any applicable manufacturer's warranty, and permanently connected to
    appropriate residential utilities (e.g., water, gas, electricity, sewer) ("Permanently Affixed").   The
    Homeowner intends that the Home be an immovable fixture and a permanent improvement to the Land.

8.  The Home shall be assessed and taxed as an improvement to the Land.

9.  Homeowner agrees that as of today, or if the Home is not yet located at the Property Address, upon the
    delivery of the Home to the Property Address:

    (a)  All permits required by governmental authorities have been obtained;
    (b)  The foundation system for the Home was designed by an engineer to meet the soil conditions of
         the Land. All foundations are constructed in accordance with applicable state and local building

**ATTENTION COUNTY CLERK:**  This instrument covers goods that are or are to become fixtures on the
Land described herein and is to be filed for record in the records where conveyances of real estate are
recorded.

(R&A) RA0095467 - MHAffidavitof Affixation.wsl - Rev. 05/24/2006                              Page 1

FRCH, DnG P DsulCRsuUH's sSHFllFDlRns ls D P DmHsulllBEHt tR YDlCDH Dny DSSDFDEOH manufacturer's warranty.

(c)    The wheels, axles, towbar or hitch were removed when the Home was, or will be, placed on the Property Address;

(d)    The Home is (i) permanently affixed to a foundation, (ii) has the characteristics of site-built housing, and (iii) is part of the Land; and

10.    If the Homeowner is the owner of the Land, any conveyance or financing of the Home and the Land shall be a single transaction under applicable state law.

11.    Other than those disclosed in this Affidavit, the Homeowner is not aware of (i) any other claim, lien or encumbrance affecting the Home, (ii) any facts or information known to the Homeowner that could reasonably affect the validity of the title of the Home or the existence or non-existence of security interests in it.

12.    A Homeowner shall initial only one of the following, as it applies to title to the Home:
[JSB]    7hHHRP Hls nR FRYHUHG By DFHUllFDHR tllOl  7hHRlglalDP DsulCRsuUH's FHUllFDHR
origin, duly endorsed to the Homeowner, is attached to this affidavit, or previously was recorded
in the real property records of the jurisdiction where the Home is to be located.
[__]    The Home is not covered by a certificate of title.  After diligent search and inquiry, the
HRP lRwnHJ ls unDEOHR SURCuFH tthHRlglalDOP DsulCRsuUH's FHUllFDHR URglo.
[__]    The manufacturer's certificate of origin and/or certificate of title to the Home [_____] shall be
[          ] has been eliminated as required by Applicable Law.
[__]    The Home is covered by a certificate of title.

13.    This Affidavit is executed by Homeowner(s) pursuant to applicable state law.

IN WITNESS WHEREOF, Homeowner(s) has executed this Affidavit in my presence and in the presence of the undersigned witnesses on this _31_ day of _May_____, _2006_.

                                                           _May 31, 2006_
                                                           Date
_____
Borrower: Joseph M. Sheffield

ATTENTION COUNTY CLERK:  This instrument covers goods that are or are to become fixtures on the Land described herein and is to be filed for record in the records where conveyances of real estate are recorded.

(R&A) RA0095467 - MHAffidavitof Affixtion.wel - Rev. 05/24/2006                                    Page 2

STATE OF _Alabama_ §

COUNTY OF _Mobile_ §

On the _31_ day of _May_ in the year _2006_ before me, the undersigned, a Notary Public in and for said State, personally appeared **Joseph M. Sheffield**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is(are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person on behalf of which the individual(s) acted, executed the instrument.

_J Mosley_
Notary Signature

_J mosley_
Notary Printed Name
Notary Public; State of _Alabama_
n ualified in the County of _mobile_
My commission expires: _8-5-09_

**Lender's Statement of Intent:**

The undersigned ("Lender") intends that the Home be an immoveable fixture and a permanent improvement to the Land.

Franklin Bank, SSB

By:_____

Name:_____

Title:_____

Date:_____

**ATTENTION COUNTY CLERK:** This instrument covers goods that are or are to become fixtures on the Land described herein and is to be filed for record in the records where conveyances of real estate are recorded.
(R&A) RA0095467 - MHAffidavitof Affixation.wel - Rev. 05/24/2006.                    Page 3

## IN THE CIRCUIT COURT MOBILE COUNTY ALABAMA

**JOSEPH M. SHEFFIELD  PRO-SE**  *
                                   *
                                   *
**PLAINTIFF**                      *
                                   *
                                   *
**V.**                             *           **CIVIL ACTION NO. CV-06-3123**
                                   *
                                   *
                                   *
**PRESTIAGE TITLE CO.INC. AND**    *
**FRANKLIN BANK SSB.**             *
                                   *
                                   *
**DEFENDANTS**                     *
                                   *

---

### MOTION TO MORE DIFINE PLAINTIFF 'S CASE
### FOR PRESTIAGE TITLE CO.INC.

1]     " SANDY MOSLEY" WAS AND EMPLOYEE OF PRESTIAGE TITLE

WHEN WE WENT TO CLOSING. SHE WAS THE ONLY PERSON DURING

THE CLOSING OF THE LOAN

2]     ON THE MORTGAGE THAT PRESTIAGE TITLE HAS IS A FORGERY

A COPY OF THE MORTGAGE WAS GIVEN TO MY WIFE AN I WHEN WE

WENT TO PRESTIAGE, WE MET A LADY NAMED TERRESA, SHE GAVE

ME A COPY OF THE ORIGINAL. HAD BOTH NAMES ON IT . MY WIFE'S

NAME WAS FORGED.  TO THE MORTGAGE DOCUMENT.


3]    I, HAVE THE ORIGINAL COPY OF THE MORTGAGE  IT  ONLY HAS

A PLACE FOR MY SIGNATURE.


4]    SANDY MOSLEY BY AND THROUGH HER COMPANY " PRESTIAGE

TITLE CO. INC.  DID WITH  "FRAUD AND FORGERY PLACE A FRAUDLENT

MORTGAGE  INTO THE PROBATE COURT " AS TRUTH"


5]    TO SHOW WHO SANDY MOSLEY WAS SHE WAS A CLOSING AGENT

BUT ON THE FRONT DESK HER CARD READ ( SANDY MOSLEY BRANCH

MANAGER.  ( SANDY )  DID COMIT AND ACT OF FORGERY TWICE

WITHIN THE CONTRACT.  AND ONCE BEFORE THE CLOSING.


6]    SANDY MOSLEY  FORGED THE MORTGAGE ( MY WIFE'S

SIGNATURE) SANDY MOSLEY VIOLATED CODE OF ALABAMA 1975

SECTION  6-10-3. ALIENATION OF SPOUSE.


7]    "SANDY MOSLEY COULD HAVE BROUGHT US BACK TO RESIGN

**PAGE  2**

OR ANYTHING SHE HAD THE DOCUMENTS TO DO THIS. (ATTACHED )

8)    PRESTIAGE TITLE IS RESPONSIBLE FOR THE ACTIONS OF IT'S

EMPLOYEE'S.

NATIONAL SECURITY INS. CO  V.  LINDA BEASLEY AND I SITE AS  ALA.

CIV.APP: 406 SO. 2d   923,  REFER TO ITEM ( 5) (7) (8)  PUNITIVE

DAMAGES MAY BE AWARDED IF THERE IS IN THE MINE OF THE TRIER

OF THE FACTS, HE CAN CONCLUDE THAT FRAUD WAS MALICIOUS

OPPRESSIVE, OR  GROSS.  AND THAT REPRESENTATIONS WERE MADE

INTENTIONALLY AND WITH KNOWLEDGE OF THEIRFALSITY.

PLAINTIFF  ASK THIS HONORABLE COURT  TO FINE PRESTIAGE TITLE

CO INC. GUILTY OF FORGERY AND FRAUD IN THE AMOUNT OF

$ 150,000.00 PLUS COURT COST. SANDY MOSLEY WAS THEIR CLOSING

AGENT DURING CLOSING.

RESPECTIFULLY SUMITTED

*Joseph M. Sheffield Pro se*

C/C                           JOSEPH M. SHEFFIELD   PRO-SE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I HAVE SERVED A COPY OF THE FOREGOING BY DEPOSITING SAME IN THE UNITED STATES MAIL, FIRST CLASS POSTAGE PREPAID 0N THIS THE 20 DAY OF DEC. 2006 TO THE FOLLOWING.

KIRKLAND E. REID
OF COUNSEL
MILLER, HAMILTON,
SNIDER & ODOM, L.L.C.
POST OFFICE BOX 46
MOBILE ALABAMA 36601
(251) 432-1414

ATTORNEY FOR
FRANKLIN BANK SSB

CHASE R. LAURENDINE
P.O. BOX 850817
5909 AIRPORT BOULEVARD
MOBILE ALABAMA 36685

ATTORNEY FOR
PRESTIAGE TITLE CO. INC.

STATE OF ALABAMA

COUNTY OF MOBILE

I, the undersigned, a Notary Public in and for said County in said State, hereby certify that Joseph M Sheffield, whose name is/are signed to the foregoing, and who is/are known to me, acknowledged before me on this day that, being informed of the contents of the foregoing conveyance executed the same voluntarily on the day the same bears date.

Given under my hand and official seal this the 31st day of May, 2006.

Notary Public

My Commission Expires: 8/5/09

*WHERE IS OUR SIGNATURES*

STATE OF ALABAMA

COUNTY OF MOBILE

I, the undersigned, a Notary Public in and for said County in said State, hereby certify that Margie L Sheffield, whose name is/are signed to the foregoing, and who is/are known to me, acknowledged before me on this day that, being informed of the contents of the foregoing conveyance executed the same voluntarily on the day the same bears date.

Given under my hand and official seal this the 31st day of May , 2006.

Notary Public

My Commission Expires: 8/5/09

*DO NOT KNOW WHO THIS APPLIES TO*

## EXHIBIT "A"

Parcel "A"
Commence at the Southwest corner of the Northwest Quarter of the Southeast Quarter of Section 10, Township 7 South, range 4 West and run thence North 363 feet to the Point of beginning; thence continue North 270 feet to a point; thence run east 160 feet to a point; thence run south 270 feet to a point; thence run West 160 feet to the Point of Beginning.

Parcel "B"
Begin at the Southwest corner of the Northwest Quarter of the Southeast Quarter of said Section 10, Township 7 South, Range 4 West and run North 363 feet to the Point of Beginning, and from said Point of Beginning continue North 363 feet to a point; thence run East 1,320 feet more or less to the East line of said Quarter-Quarter section thence run south 363 feet to a point; thence run west 1,320 feet more or less to the Point of Beginning.

Manufactured Home
Make and Model # Belmont GW 360
Serial # MSB983264S1S2SN37264

RECORDERS MEMORANDUM
At the time of recordation, this
instrument was found to be
inadequate for the best photo-
graphic reproduction because
of illegibility, discolored paper,
carbon or photo copy, etc.

Probate Court
_____ County

AFTER RECORDED RETURN TO:
Mortgage Resource Network
14800 Landmark Blvd., Suite 400
Dallas, TX 75254
PARCEL NUMBER:    02-45-02-10-0-000-006.003
LOAN NUMBER:    05-020058

Prepared by:
Brenda Franco
Robertson & Anschutz, P.C.
10333 Richmond Avenue, Suite 550
Houston, TX 77042
713-871-9600

## REAL PROPERTY AND MANUFACTURED HOME
### LIMITED POWER OF ATTORNEY
(To execute or release title, mortgage or deed of trust, security filing, transfer of equity
and insurance documents and proceeds.)

The undersigned borrower(s) whether one or more each referred to below as "I" or "me" residing at 11835
Stringfellow Road, Grand Bay, AL 36541 ("Present Address").

I am the Buyer/Owner of the following manufactured home ("Manufactured Home"):

    1998 Belmont Trojanaire Serial #MSB983264S1/2SN37264  726/A/B HUD Label#'s
    TRA409857 & TRA 409858  32 x 64

permanently affixed to the real property located at 11835 Stringfellow Road, Grand Bay, AL 36541 ("Property
Address") Dnd D P RHSDDFuDLD) dHRLEHI D:

    See Exhibit "A" attached hereto and made a part hereof for all purposes

(WH"5 HDD3URSHLY"). , dR bHJEy LUPRHT36) P LNI; FRnt3WWJ DSSRbWDsd DtWRUHH wLW lusDSRwHJ RI
substitution, Franklin Bank, SSB ("Lender"), its successors, assigns or designees as my agent and attorney-in-
fact, in my name, place and stead in any way which I could do, if I were personally present, with full power of
substitution and delegation, (1) to complete, execute and deliver, in my name or Lender's name, any and all forms,
certificates, assignments, designations, releases or other documentation as may be necessary or proper to
implement the terms and provisions of the Security Instrument dated May 31, 2006, executed by me in favor of
/ HsdHy (2) \R FRP SOlW H HuWDsd dHDHU in P y nEP HRLlu / HsdHUs nEP H Dny Dsd JRRRP s, FHJRlFDM,
assignments, designations, releases or other documentation as may be necessary or proper to make application for
and obtain the certificate of title for the Manufactured Home and to have Lender (or its designee) designated as
lienholder on the certificate of title for the Manufactured Home, (3) to complete, execute and deliver in my name
or Lender's name, any and all forms, certificates, assignments, designations, releases or other documentation as
may be necessary or proper to have the Manufactured Home treated as real estate for any and all purposes under
state law, including but not limited to the surrender of any certificate of title, any election to treat the Manufactured
Home as real estate for tax purposes or to meet any other requirements in order for the loan/financing secured by
the Manufactured Home and real property to be eligible for sale on the Federal National Mortgage Association
("Fannie Mae"), the Federal Home Loan Mortgage Association ("Freddie Mac") or any other secondary market
purchaser, (4) to receive, complete, execute or endorse, and deliver in my name or Lender's name and any and all claim
forms, agreements, assignments, releases, checks, drafts or other instrume uts and vehicles for the payment of

**COMPLIANCE AGREEMENT**

Borrower(s): *Sheffield.*  *THIS IS NOT MINE OR MY WIFE'S SIGNATURE*

Seller(s):

Property Address: *11836 Stringfellow*  ← *WRONG ADDRESS*

Closing Date: *May 31st*

Lender: *Franklin Bank*

In order for Prestige Title, Inc. (PTI) to fund the closing the loan/sale secured by the property above, Borrower/Buyer and Seller agree as follows:

If any document is lost, misplaced, destroyed or inaccurately reflects the terms of the sale/loan; Borrower/Buyer and Seller agree to re-sign, replace and/or supply additional funds to correct the discrepancy.

A request by PTI is prima facie evidence of the necessity for requested information.

**FAILURE TO DELIVER THE REQUESTED DOCUMENTS, SIGNATURES, INITIALS OR FUNDS WILL CONSTITUTE DEFAULT.**

THIS AGREEMENT SHALL SURVIVE THE CLOSING OF THE LOAN/SALE AND INURE TO THE BENEFIT OF PTI'S SUCCESSORS AND/OR ASSIGNS AND WILL BE BINDING UPON THE HEIRS, DEVISEES, PERSONAL REPRESENTATIVES, SUCCESSORS AND ASSIGNS OF THE BORROWER/BUYER AND SELLER.

_____                    _____
BORROWER                                    BORROWER

_____                    _____
SELLER                                      SELLER

_____
WITNESS

### HOLD HARMLESS AGREEMENT

BORROWER: Sheffield

SELLER:

PROPERTY: 11836 Stringfellow Rd

DATE:    May 31, 2006

Your lender is requiring that you remove Margie Sheffield from title in order to close this transaction.

This means that you currently hold title to the subject property together with survivorship. By signing a Warranty Deed deleting Margie Sheffield, she is giving up all of her titled interest in the subject property.

The lender's requirement of a Warranty Deed deleting one of the titleholders has been fully explained by the Closing Agent, and it is understood and accepted by the undersigned.

**This is to hold the Lender and Prestige Title, Inc., its successors and/or assigns harmless and not responsible if any claim(s) /loss arise from any present or future actions concerning any and all items checked above. This is complete and includes any heirs or successors to the subject property.**

_____     _____

_____     _____

STATE OF ALABAMA

COUNTY OF MOBILE            *Signed by the same person*

I, the undersigned, a Notary Public in and for said County in said State, hereby certify that *those signatures are not ours* Joseph Sheffield d Margie Sheffield whose name is/are signed to the foregoing, and who is/are known to me, acknowledged before me on this day that, being informed of the contents of the foregoing conveyance executed the same voluntarily on the day the same bears date.

Given under my hand and official seal this the 31st day of May , 2006.

_____
Notary Public

My Commission Expires: 8/5/09

## HOLD HARMLESS AGREEMENT

BORROWER: Sheffield     *NOT THE SIGNATURE Illegal*

SELLER

PROPERTY: 11836 Stringfellow

The Undersigned acknowledge that each is aware of any of the foregoing items marked as it exist(s), and how they relate to the closing transaction.  Any item which has been checked, has been fully explained by the Closing Agent, and it is understood and accepted by the undersigned.  Furthermore, the undersigned have authorized the closing in spite and subject to the following:

_____Termite Inspection dated _____ on subject property.

_____Survey dated _____ prepared by_____ which reveals:

_____Fence on the above-referenced property is not on the true property line.

_____Condition of the well and/or Septic system has not been determined and no assurances are made by Prestige Title, Inc., or the Lender.

_____Parties' election not to prorate (adjust) taxes for the current tax year at the closing table on the Settlement Statement from January 1st through the closing date.

_____Parties elect not to obtain a termite inspection report and the Buyers are accepting property "as is".

_____Parties elect not to obtain a current survey certified to the parties involved in the transaction.

**This is to hold the Lender and Prestige Title, Inc., its successors and/or assigns harmless and not responsible if any claim(s) /loss arise from any present or future actions concerning any and all items checked above.  This is complete and includes any heirs or successors to the subject property.**

_____     _____

_____     _____

STATE OF ALABAMA

COUNTY OF Mobile

I, the undersigned, a Notary Public in and for said County in said State, hereby certify that _____, whose name is/are signed to the foregoing, and who is/are known to me, acknowledged before me on this day that, being informed of the contents of the foregoing conveyance executed the same voluntarily on the day the same bears date.

Given under my hand and official seal this the 31 day of May, 2006.

_Tmoxley_
Notary Public

My Commission Expires: 8-5-09

## SHORTFALL AFFIDAVIT

Borrower(S): Sheffield

Seller(S):

Property Address: 11836 Stringfellow

Closing Date: 5/31/06

Lender: Franklin Bank

IN ORDER TO INSURE THE LIENS AGAINST THE PROPERTY ARE SATISFIED IN FULL, BORROWERS\ SELLERS SHALL MAKE UP ANY SHORTFALL THAT MAY OCCUR BETWEEN THAT STATED PAYOFF AMOUNT(S) AND THE FINAL AMOUNT(S) REQUIRED BY THE CURRENT LIEN HOLDER(S). THIS ALSO INCLUDES TAXES AND JUDGEMENTS THAT ARE LIENS ON THE PROPERTY AS WELL.

BORROWER(S)/ SELLER(S) FURTHER WARRANT THAT THIS/ THESE SHORTFALL AMOUNT(S) WILL BE PAID TO PRESTIGE TITLE, INC. IN THE FORM OF A CASHIERS CHECK WITHIN FIVE(5) BUISNESS DAYS OF NOTIFICATION TO BORROWER(S)/ SELLER(S) BY PRESTIGE TITLE, INC. OF ANY SHORTFALL.

_____                    _____
BORROWER                                        BORROWER

_____                    _____
SELLER                                          SELLER

_____
WITNESS

**AFTER RECORDED RETURN TO:**
Mortgage Resource Network
14800 Landmark Blvd., Suite 400
Dallas, TX 75254
PARCEL NUMBER:    02-45-02-10-0-000-006.003
LOAN NUMBER:      05-020058

Prepared by:
Brenda Franco
Robertson & Anschutz, P.C.
10033 Richmond Avenue, Suite 550
Houston, TX 77042
713-871-9600

## MANUFACTURED HOME
## AFFIDAVIT OF AFFIXATION

STATE OF _Alabama_  §
                    §
COUNTY OF _Mobile_  §

Joseph M. Sheffield  being duly sworn, on his or her oath state as follows:

1.    Homeowner owns the manufactured home ("Home") described as follows:
      1998 Belmont Trojanaire Serial #MSB983264S1/2SN37264  7264A/B HUD Label#'s
      TRA409857 & TRA 409858  32 x 64

2.    The Home was built in compliance with the federal Manufactured Home Construction and Safety
      Standards Act.

3.    .I th HHRP FRwnHHs thHHRst UHHKKayHRt thHHRP H HRP FRwnHHs ln UFHSJ Rt (I) thHP DhuUPhuUUs
      warranty for the Home, (ii) the Consumer Manual for the Home, (iii) the Insulation Disclosure for the
      Home, and (iv) the formaldehyde health notice for the Home.

4.    The Home is or will be located at the following "Property Address":
      11835 Stringfellow Road, Grand Bay, AL 36541

5.    The legal description of the real property where the Home is or will be permanently affixed ("Land") is:
      See Exhibit "A" attached hereto and made a part hereof for all purposes

6.    The Homeowner is the owner of the Land or, if not the owner of the Land, is in possession of the real
      property pursuant to a lease in recordable form, and the consent of the lessor is attached to this Affidavit.

7.    The Home [ ✓ ] is [    ] shall be anchored to the Land by attachment to a permanent foundation,
      FRsstlaHRFstGla DFRstRGDFFwlth DSSOFEBDstDHDrGOFFIIEukGllag FRGH DrGP DhuUFhuUUs sSHFIlIFDHms
      in a manner sufficient to validate any applicable manufacturer's warranty, and permanently connected to
      appropriate residential utilities (e.g., water, gas, electricity, sewer) ("Permanently Affixed").    The
      Homeowner intends that the Home be an immoveable fixture and a permanent improvement to the Land.

8.    The Home shall be assessed and taxed as an improvement to the Land.

9.    Homeowner agrees that as of today, or if the Home is not yet located at the Property Address, upon the
      delivery of the Home to the Property Address:

      (a)    All permits required by governmental authorities have been obtained;
      (b)    The foundation system for the Home was designed by an engineer to meet the soil conditions of
             the Land. All foundations are constructed in accordance with applicable state and local building

**ATTENTION COUNTY CLERK:**  This instrument covers goods that are or are to become fixtures on the
Land described herein and is to be filed for record in the records where conveyances of real estate are
recorded.

(R&A) RA0095467 - MHAffidavitof Affixation.wel - Rev. 05/24/2006                                    Page 1

FRGH, DnG P DnulDRuIHDs sSHFUIIFDtRns Ia D P DnnHUsuIIIFHht tR YOBGDH Dry BSGOPLEGH manufacturer's warranty.

(c) The wheels, axles, towbar or hitch were removed when the Home was, or will be, placed on the Property Address;

(d) The Home is (i) permanently affixed to a foundation, (ii) has the characteristics of site-built housing, and (iii) is part of the Land; and

10. If the Homeowner is the owner of the Land, any conveyance or financing of the Home and the Land shall be a single transaction under applicable state law.

11. Other than those disclosed in this Affidavit, the Homeowner is not aware of (i) any other claim, lien or encumbrance affecting the Home, (ii) any facts or information known to the Homeowner that could reasonably affect the validity of the title of the Home or the existence or non-existence of security interests in it.

12. A Homeowner shall initial only one of the following, as it applies to title to the Home:

[BBB] 7hH HRP Hts nR FRYHHG Ey DFHUIIFDtHRI tIIOt  7hH RUglnIDDP DnulDRuIHDs FHUIIIFDtHRI origin, duly endorsed to the Homeowner, is attached to this affidavit, or previously was recorded in the real property records of the jurisdiction where the Home is to be located.

[__] The Home is not covered by a certificate of title.  After diligent search and inquiry, the HRP HRwnHU Is unIEOHR SURGnFHtthHRlglnIDP DnulDRutHDs FHUIIIFDtHRI RUglo.

[__] The manufacturer's certificate of origin and/or certificate of title to the Home [_____] shall be [     ] has been eliminated as required by Applicable Law.

[__] The Home is covered by a certificate of title.

13. This Affidavit is executed by Homeowner(s) pursuant to applicable state law.

IN WITNESS WHEREOF, Homeowner(s) has executed this Affidavit in my presence and in the presence of the undersigned witnesses on this 31 day of May , 2006.

May. 31, 2006
Date

Borrower: Joseph M. Sheffield

**ATTENTION COUNTY CLERK:**  This instrument covers goods that are or are to become fixtures on the Land described herein and is to be filed for record in the records where conveyances of real estate are recorded.

(R&A) RA0095467 - MHAffidavitof Affixation.wel - Rev. 05/24/2006

Page 2

STATE OF ___Alabama___ §

COUNTY OF ___Mobile___ §

On the __31__ day of ___May___ in the year _2006_ before me, the undersigned, a Notary Public in and for said State, personally appeared Joseph M. Sheffield, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is(are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person on behalf of which the individual(s) acted, executed the instrument.

_____
Notary Signature

_____
Notary Printed Name
Notary Public; State of ___Alabama___
n ualified in the County of ___mobile___
My commission expires: __8-5-09__

**Lender's Statement of Intent:**

The undersigned ("Lender") intends that the Home be an immoveable fixture and a permanent improvement to the Land.

Franklin Bank, SSB

By:_____

Name:_____

Title:_____

Date:_____

**ATTENTION COUNTY CLERK:** This instrument covers goods that are or are to become fixtures on the Land described herein and is to be filed for record in the records where conveyances of real estate are recorded.
(R&A) RA0095467 - MHAffidavitof Affixation.wd - Rev. 05/24/2006.                                Page 3

| **STATE OF ALABAMA** Unified Judicial System | Revised 2/14/05 | **Case No.** |
|---|---|---|
| 02-MOBILE | ☐ District Court ☑ Circuit Court | CV200600312300 |

| JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL | **CIVIL MOTION COVER SHEET** Name of Filing Party: D001 - FRANKLIN BANK SSB |
|---|---|

| Name, Address, and Telephone No. of Attorney or Party. If Not Represented. KIRKLAND REID 254 STATE STREET MOBILE, AL 36603 Attorney Bar No.: REI023 | ☑ Oral Arguments Requested |
|---|---|

## TYPE OF MOTION

| **Motions Requiring Fee** | **Motions Not Requiring Fee** |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| | ☐ Disburse Funds |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Extension of Time |
| | ☐ In Limine |
| ☐ Other _____ | ☐ Joinder |
| pursuant to Rule _____ ($50.00) | ☐ More Definite Statement |
| | ☑ Motion to Dismiss pursuant to Rule 12(b) |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| | ☐ Pendente Lite |
| ☐ Local Court Costs $ _____ | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other _____ |
| | pursuant to Rule (Subject to Filing Fee) |

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship ☐ | Date: 1/22/2007 3:01:05 PM | Signature of Attorney or Party: /s KIRKLAND REID |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.
**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
1/22/2007 3:02 PM
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

IN THE CIRCUIT COURT OF MOBILE COUNTY, A̲L̲A̲B̲A̲M̲A̲

|                                   |     |                                |
|-----------------------------------|-----|--------------------------------|
| JOSEPH M. SHEFFIELD,              | *   |                                |
|                                   | *   |                                |
| Plaintiff,                        | *   |                                |
|                                   | *   |                                |
| v.                                | *   | CIVIL ACTION NO.: CV-06-3123   |
|                                   | *   |                                |
| FRANKLIN BANK, SSB and            | *   |                                |
| PRESTIGE TITLE CO., INC.,         | *   |                                |
|                                   | *   |                                |
| Defendants.                       | *   |                                |

## FRANKLIN BANK, SSB'S RENEWED MOTION TO DISMISS

Franklin Bank, SSB ("Franklin"), one of the Defendants in the above-styled lawsuit, hereby renews its previously-filed motion to dismiss, and further renews its request that this Court, pursuant to *Ala. R. Civ. P.* 12(b)(6), enter an Order dismissing this case. As grounds therefor, Franklin states as follows:

1.    At a hearing on December 15, 2006, this Court determined that it would not dismiss Plaintiff's *pro se* complaint at that time, and allowed Plaintiff the opportunity to furnish a more definite statement of his claims against Franklin. On or about December 20, 2006, Plaintiff filed a pleading styled "Motion For a More 'Defined' Complaint for Franklin Bank, SSB."

2.    Plaintiff's new "complaint" seems to make clear that Plaintiff is indeed suing Franklin for fraud for **not selling** and **not placing** credit life insurance on his loan. For the reasons stated in Franklin's prior-filed motion to dismiss, this claim is illogical, fails to state a claim, and should be dismissed. (Franklin adopts and incorporates herein by reference its previously-filed motion to dismiss, attached hereto as Exhibit A.) Now that Plaintiff has re-pled his complaint, and has conceded that his fraud claim is premised on Franklin **not placing** credit life insurance on his loan, this Court should now dismiss the complaint.

WHEREFORE, premises considered, Franklin requests that this Court dismiss Plaintiff's fraud claim against it because Plaintiff has obviously suffered no damage based on the allegations made in his motion for a more defined complaint. Franklin requests such other, further, and different relief as justice may require.

Respectfully submitted,

KIRKLAND E. REID (REI023)
Attorney for Defendant
Franklin Bank, SSB

OF COUNSEL:
MILLER, HAMILTON,
   SNIDER & ODOM, L.L.C.
Post Office Box 46
Mobile, Alabama 36601
(251) 432-1414

## CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing has been filed electronically with AlaFile on this 22nd day of January, 2007, and will be served as indicated to the following:

**VIA ELECTRONIC MAIL:**
Chase R. Laurendine
P. O. Box 850817
5909 Airport Boulevard
Mobile, Alabama 36685
seachaseiv@micro-comm.com

**VIA U.S. MAIL**
Joseph M. Sheffield
11835 Stringfellow Rd.
Grand Bay, AL 36541

KIRKLAND E. REID

2

ELECTRONICALLY FILED
1/22/2007 3:02 PM
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

IN THE CIRCUIT COURT OF MOBILE COUNTY, A........

JOSEPH M. SHEFFIELD,

     Plaintiff,

v.

FRANKLIN BANK, SSB and
PRESTIGE TITLE CO., INC.,

    Defendants.

CIVIL ACTION NO.: CV-06-3123

## MOTION TO DISMISS, OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT

Franklin Bank, SSB ("Franklin"), one of the Defendants in the above-styled lawsuit, respectfully requests that this Court, pursuant to *Ala. R. Civ. P.* 12(b)(6), enter an Order dismissing this case, or, in the alternative, requiring *pro se* Plaintiff to furnish a more definite statement of his claims. As grounds therefor, Franklin states as follows:

    1.    It is somewhat difficult to understand exactly what is being alleged against Franklin in Plaintiff's complaint. In part at least, it appears that Franklin is being accused of fraud for **not selling** and **not placing** credit life insurance on Plaintiff's loan, for which Franklin was the lender.

    2.    If this is the claim against Franklin, it is illogical at best. First, if Plaintiff truly wants credit life insurance, he is free to obtain it, as there are many companies offering this product. (Franklin does not offer this product.) Second, because Plaintiff does not have credit life insurance he actually is paying *less* on his loan than he otherwise would. Consequently, he has suffered no legally cognizable injury. *See, e.g., National Security Ins. Co. v. Beasley*, 406 So. 2d 923 (Ala. Civ. App. 1981) ("Damage is an essential element of actionable fraud."). Finally, Plaintiff obviously is alive. There can therefore be no damage for *not having* credit life insurance at this time. In other words, Plaintiff's claim is not ripe because no legally-recognized injury has occurred. Again, if



Plaintiff truly wants credit life insurance, he is free to obtain it. Because Plaintiff obviously has suffered no damage because of currently not having credit life insurance, his fraud claim based on this allegation fails to state a claim and should be dismissed.

3.    Moreover, as Franklin understands Plaintiff's fraud claim against it, the claim is based on alleged acts that were to take place in the future, and thus would constitute a claim for promissory fraud. Promissory fraud requires a present intent to deceive when the alleged promise is made. *See, e.g., Aldridge v. DaimlerChrysler Corp*, 809 So. 2d 785 (Ala. 2001). There is not even an allegation of a present intent to deceive in Plaintiff's complaint, and the complaint therefore should be dismissed for failure to state a claim.

4.    In the alternative, to the extent there are other claims and allegations made against Franklin, Plaintiff should be required to furnish a more definite statement of those claims. Specifically, Plaintiff complains of various things involving the closing on his mortgage. Franklin was not involved in the closing in any way. Title companies and their closing agents generally conduct closings – as Plaintiff alleges happened here. If, as it seems, Plaintiff is seeking to impose liability on Franklin for actions occurring at or around the closing, this would be improper and inconsistent with his pleadings. Plaintiff should, at a minimum, be required to more particularly delineate which allegations of his complaint are directed at which Defendant so that each Defendant may properly form a response to those allegations. *Ala. R. Civ. P.* 12(e).

WHEREFORE, premises considered, Franklin requests that this Court dismiss Plaintiff's fraud claim against it because Plaintiff has obviously suffered no damage based on the allegations made herein. In the alternative, Franklin respectfully requests that Plaintiff be required to furnish

a more definite statement of his allegations so that Franklin may form a meaningful response thereto.

Franklin requests such other, further, and different relief as justice may require.

Respectfully submitted,

KIRKLAND E. REID (REI023)
Attorney for Defendant
Franklin Bank, SSB

OF COUNSEL:
MILLER, HAMILTON,
    SNIDER & ODOM, L.L.C.
Post Office Box 46
Mobile, Alabama  36601
(251) 432-1414

## CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing has been filed electronically with AlaFile on this 16th day of November, 2006, and will be served as indicated to the following:

**VIA ELECTRONIC MAIL:**
Chase R. Laurendine
P. O. Box 850817
5909 Airport Boulevard
Mobile, Alabama 36685
seachaseiv@micro-comm.com

**VIA U.S. MAIL:**
Joseph M. Sheffield
11835 Stringfellow Rd.
Grand Bay, AL 36541

KIRKLAND E. REID

3



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: HERMAN YOUNG THOMAS

To:  KIRKLAND REID
kirkreid@mhsolaw.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following matter was FILED on 1/22/2007 3:02:13 PM

**D001 FRANKLIN BANK SSB**

**MOTION TO DISMISS PURSUANT TO RULE 12(B)**

[Attorney: REID KIRKLAND EDWARD]

Notice Date:     1/22/2007 3:02:13 PM

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
jo.schwarzauer@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: HERMAN YOUNG THOMAS

To:  SHEFFIELD JOSEPH M    (PRO SE)
11835 STRINGFELLOW RD
GRAND BAY, AL 36541

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following matter was FILED on 1/22/2007 3:02:13 PM

**D001 FRANKLIN BANK SSB**

**MOTION TO DISMISS PURSUANT TO RULE 12(B)**

[Attorney: REID KIRKLAND EDWARD]

Notice Date:    1/22/2007 3:02:13 PM

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
jo.schwarzauer@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: HERMAN YOUNG THOMAS

To: LAURENDINE CHASE R
seachaseiv@micro-comm.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following matter was FILED on 1/22/2007 3:02:13 PM

**D001 FRANKLIN BANK SSB**
**MOTION TO DISMISS PURSUANT TO RULE 12(B)**

[Attorney: REID KIRKLAND EDWARD]

Notice Date:       1/22/2007 3:02:13 PM

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
jo.schwarzauer@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: HERMAN YOUNG THOMAS

To:  REID KIRKLAND EDWARD
kirkreid@mhsolaw.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following matter was FILED on 1/22/2007 3:02:13 PM

**D001 FRANKLIN BANK SSB**
**MOTION TO DISMISS PURSUANT TO RULE 12(B)**
[Attorney: REID KIRKLAND EDWARD]

Notice Date:      1/22/2007 3:02:13 PM

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
jo.schwarzauer@alacourt.gov



**AlaFile E-Notice**

**02-CV-2006-003123.00**

Judge: HERMAN YOUNG THOMAS

To:   LAURENDINE CHASE R
      seachaseiv@micro-comm.com

---

# NOTICE OF CASE SETTING

---

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following matter was SET FOR HEARING

**D001 FRANKLIN BANK SSB**
**MOTION TO DISMISS PURSUANT TO RULE 12(B)**

[Attorney: REID KIRKLAND EDWARD]

Hearing Date:   01/26/2007
Hearing Time:   08:30:00 AM
Location:       8200

Notice Date:    1/22/2007 4:14:43 PM

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
jo.schwarzauer@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: HERMAN YOUNG THOMAS

To:  REID KIRKLAND EDWARD
     kirkreid@mhsolaw.com

# NOTICE OF CASE SETTING

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following matter was SET FOR HEARING

### D001 FRANKLIN BANK SSB
### MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Attorney: REID KIRKLAND EDWARD]

Hearing Date:   01/26/2007
Hearing Time:   08:30:00 AM
Location:       8200

Notice Date:    1/22/2007 4:14:43 PM

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
jo.schwarzauer@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: HERMAN YOUNG THOMAS

To: SHEFFIELD JOSEPH M        (PRO SE)
11835 STRINGFELLOW RD
GRAND BAY, AL 36541

# NOTICE OF CASE SETTING

**IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA**

**JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL**
**02-CV-2006-003123.00**

The following matter was SET FOR HEARING

**D001 FRANKLIN BANK SSB**
**MOTION TO DISMISS PURSUANT TO RULE 12(B)**

[Attorney: REID KIRKLAND EDWARD]

Hearing Date:    01/26/2007
Hearing Time:    08:30:00 AM
Location:        8200

Notice Date:     1/22/2007 4:14:43 PM

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
jo.schwarzauer@alacourt.gov

ELECTRONICALLY FILED
2/1/2007 2:54 PM
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| SHEFFIELD JOSEPH M | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | **Case No.:**  CV-2006-003123.00 |
| | ) | |
| FRANKLIN BANK SSB | ) | |
| PRESTIAGE TITLE CO INC | ) | |
| Defendants | ) | |

## **ORDER**

MOTION TO DISMISS IS GRANTED.

DONE this 1st day of February, 2007

/s HERMAN YOUNG THOMAS
_____

CIRCUIT JUDGE



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: HERMAN YOUNG THOMAS

To:  LAURENDINE CHASE R
     seachaseiv@micro-comm.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following matter was FILED on 2/1/2007 2:54:41 PM

Notice Date:     2/1/2007 2:54:41 PM

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
jo.schwarzauer@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: HERMAN YOUNG THOMAS

To: REID KIRKLAND EDWARD
kirkreid@mhsolaw.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following matter was FILED on 2/1/2007 2:54:41 PM

Notice Date:    2/1/2007 2:54:41 PM

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
jo.schwarzauer@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: HERMAN YOUNG THOMAS

To: SHEFFIELD JOSEPH M        (PRO SE)
11835 STRINGFELLOW RD
GRAND BAY, AL 36541

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following matter was FILED on 2/1/2007 2:54:41 PM

Notice Date:    2/1/2007 2:54:41 PM

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
jo.schwarzauer@alacourt.gov

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

JOSEPH M. SHEFFIELD pro se )
                        )
    PLAINTIFF          )
                        )
                        )
V.                  )     CIVIL ACTION NO. CV-06-3123
                        )
                        )
                        )
FRANKLIN BANK SSB.AND )
PRESTIAGE TITLE CO.INC.  )
                        )
    DEFENDANTS     )
                        )

## MOTION FOR A REHEARING

      COMES NOW THE PLAINTIFF, IN THE ABOVE STYLED CAUSE AND REQUEST THAT THIS HONORABLE COURT GRANT PLAINTIFF A REHEARING BASED ON ALA.RULES OF CIVIL PROCEDURE RULE 59 (A) (2) THE COURT MADE AN ERROR AS TO GRANTING THE MOTION TO DISMISS, FOR BOTH DEFENDANTS UNDER AL.R.CIV.PROC. 12 (b) (6) THIS MOTION SHOULD ONLY BE USED WHEN THERE IS NO SET OF FACTS IN THE CASE. THAT IS NOT THE CASE HERE THERE OR "TWO" DISTINCT FACTS IN THIS CASE. (1) BY PRESTIAGE TITLE CO INC. FOR FORGERY AND CONCELEMENT.AND, (2) FRANKLIN BANK SSB. FOR FRAUDLENT DECIET AND CONCELEMENT.

      ON THE MERITS OF THIS CASE THIS MOTIQN SHOULD HAVE BEEN ALLOWED TO GO TO TRIAL. ANY THING LESS WOULD BE AN INJUSTICE, PLAINTIFF WOULD CITE CODE OF ALABAMA 1975 SUB SECTION 12-13-11 AS FOLLOWS (a) (1) (2) (3) (6) .

PAGE 1

(a)     ON MOTION FILED WITHIN 30 DAYS FROM THE ENTRY OF JUDGEMENT, A NEW TRIAL MAY BE GRANTED FOR THE FOLLOWING GROUNDS:

(1)     IRREGULARITY IN THE PROCEEDINGS OF THE COURT, JURY OR PREVAILING PARTY , OR ANY ORDER OF COURT, OR ABUSE OF DISCRETION, BY WHICH THE PARTY WAS PREVENTED FROM HAVING A FAIR TRIAL.

(3)     ACCIDENT OR SURPRISE, WHICH ORDINARY PRUDENCE COULD NOT HAVE GUARDED AGAINST.

( 6)     THE VERDICT OR DECISION IS NOT SUSTAINED BY THE GREAT PROPONDERANCE OF THE EVIDENCE OR IS CONTRARY TO LAW.

AS TO THE AL,R,CIV.PROC.RULE 12 (b)(6) , MOTION " FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED"  PLAINTIFF WOULD CITE THE FOLLOWING CASES.

(1)     331 SO 2 d   665   JEANNIE'S GROCERY V   BALDWIN COUNTY ELEC.MEM.CORP.

(2)     323 SO 2d 353  TRABITS V FIRST NATIONAL BANK OF MOBILE

(3).    355 U.S. 41, 78 S Ct. 99  CONLEY V.  GIBSON 1957 PAGE 6 [10]

YOUR HONOR,  PLAINTIFF WAS SHOCKED WHEN WE RECEIVED THE NOTICE ABOUT YOUR RULING, ON A MOTION TO DISMISS UNDER RULE 12 (b) (6) WHEN WE WERE ONLY SEVEN DAYS TO TRIAL. THE FOLLOWING WILL STATE  OUR CAUSE OF ACTION IF WE HAD BEEN ABLE TO BE HEARD IN COURT.

FRANKLIN BANK SSB.
FACT 1

STEVE HOBBS, LOAN OFFICER FOR FRANKLIN BANK IN SEDRO WOOLEY WA. DID WITH "INTENT TO HARM AND CONCEAL" THE TRUTH ABOUT THE CREDIT LIFE INSURANCE  DID SIGN AND I SIGNED A  DOCUMENT FOR CREDIT LIFE INSURANCE. THIS IS A "FACT" IN THIS CASE.  WHICH CAN BE PROVED.  SINCE THE ATTORNEY FOR FRANKLIN BANK SSB, MR REID IN HIS "MOTION TO DISMISS" STATED AS A FACT

PAGE 2

("FRANKLIN" DOES NOT CARRY THIS PRODUCT) AND YET STEVE HOBBS OFFERED IT TO ME ON DEC. 23rd 2005. THIS OFFER WOULD THEN FALL UNDER CODE OF ALABAMA 1975 SECTION 6-5-104 (4) A PROMISE MADE WITHOUT ANY INTENTION OF PERFORMING IT, THIS IS FRAUDULENT DECEIT [ UNDER ALABAMA LAW ] I AM SUEING FRANKLIN BANK SSB FOR A MATERIAL BREACH OF THE CONTRACT [ NOT GIVEN WHAT THEY PROMISED, THE INSURANCE]. THE AMOUNT SUED FOR IS 103,500. ARE PAYOFF OF THE LOAN,WHICH EVER IS LOWER, PLUS COURT COST. FRANKLIN BANK SSB'S LOAN OFFICER, STEVE HOBBS HAS CAUSED SEVERE PAIN AND SUFFERING FOR BOTH MY WIFE AND I. "IN THIS CONTRACT."

## PRESTIAGE TITLE CO.INC:

### FACT 2

SANDY MOSLEY, CLOSING AGENT FOR PRESTIAGE TITLE CO.INC. DID FORGE TWO DOCUMENTS, [1] THE MORTGAGE [2] THE MANUFACTURED HOME RIDER TO SECURITY INSTRUMENT. THE ONLY REASON FOR THE FORGERY IS THAT SANDY MOSLEY HAD TO SHOW BOTH SIGNATURES OR SHE COULD NOT PUT IT INTO PROBATE COURT. IN CODE OF ALABAMA 1975 SECTION 6-10-3 IT STATES A MORTGAGE IS INVALID WITHOUT THE WIFES SIGNATURE AND ASSENT. MY WIFE GAVE NEITHER. MY WIFE SIGNED "ON ONE DOCUMENT ONLY IN THE CONTRACT. YOU WILL FIND IT ON THE WARRANTY DEED" DELEATING HER FROM TITLE. ALL ELSE IS FORGERY. PTI IS RESPONSIBLE FOR THE ACTIONS OF THEIR EMPLOYEE'S (SANDY MOSLEY ) CLOSING AGENT FOR PTI INC. PTI HAS CAUSED SEVERE PAIN AND SUFFERING TO BOTH MY WIFE AND MYSELF (MARGIE SHEFFIELD & JOSEPH SHEFFIELD ). I AM THEREFORE SUEING PRESTIAGE TITLE CO.INC. IN THE AMOUNT OF 150,000.00 PLUS COURT COST.

I ,JOSEPH M. SHEFFIELD PLAINTIFF IN THIS CASE ASK THIS HONORABLE COURT TO GRANT ME A NEW HEARING ON THE "FACTS OF THIS CASE WE HAVE SUFFERED GREATLY FROM THIS CONTRACT, AND FROM HAVING DIRECT EVIDENCE TO PROVE IN A COURT OF LAW. I AM NOT AN ATTORNEY BUT ONLY A PERSON WHO TRIES TO RECEIVE JUSTICE WHEN IT IS DUE. ( BASED ON THE FACTS OF THIS CASE )

RESPECTIFULLY SUMITTED

JOSEPH M. SHEFFIELD     pro se

C/C

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I HAVE SERVED A COPY OF THE FOREGOING
BY DEPOSITING SAME IN THE UNITED STATES MAIL,FIRST CLASS
POSTAGE PREPAID 0N THIS THE 23 rd  DAY OF FEB. 2007 TO THE
FOLLOWING.


KIRKLAND E. REID                    CHASE R. LAURENDINE
OF COUNSEL                          P.O. BOX  850817
MILLER,HAMILTON,                    5909 AIRPORT BOULEVARD
SNIDER & ODOM,L.L.C.                MOBILE ALABAMA 36685
POST OFFICE BOX  46
MOBILE ALABAMA  36601
(251) 432-1414


ATTORNEY FOR                        ATTORNEY FOR
FRANKLIN BANK SSB                   PRESTIAGE TITLE CO. INC.

COPY

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

JOSEPH M. SHEFFIELD pro se   )
                  )
PLAINTIFF             )
                  )
V.                   )    CIVIL ACTION NO. CV-06-3123
                  )
                  )
FRANKLIN BANK SSB.AND   )
PRESTIAGE TITLE CO.INC.    )
                  )
DEFENDANTS         )
                  )

## MOTION FOR A REHEARING

COMES NOW THE PLAINTIFF, IN THE ABOVE STYLED CAUSE AND REQUEST THAT THIS HONORABLE COURT GRANT PLAINTIFF A REHEARING BASED ON ALA.RULES OF CIVIL PROCEDURE RULE 59 (A) (2) THE COURT MADE AN ERROR AS TO GRANTING THE MOTION TO DISMISS, FOR BOTH DEFENDANTS UNDER AL.R.CIV.PROC. 12 (b) (6) THIS MOTION SHOULD ONLY BE USED WHEN THERE IS NO SET OF FACTS IN THE CASE. THAT IS NOT THE CASE HERE THERE OR "TWO" DISTINCT FACTS IN THIS CASE. (1) BY PRESTIAGE TITLE CO INC. FOR FORGERY AND CONCELEMENT.AND, (2) FRANKLIN BANK SSB. FOR FRAUDLENT DECIET AND CONCELEMENT.

ON THE MERITS OF THIS CASE THIS MOTION SHOULD HAVE BEEN ALLOWED TO GO TO TRIAL. ANY THING LESS WOULD BE AN INJUSTICE, PLAINTIFF WOULD CITE CODE OF ALABAMA 1975 SUB SECTION 12-13-11 AS FOLLOWS (a) (1) (2) (3) (6) .

*5-18-07*
*granted in part-*
*π allowed 20 day to amend*
*Complaint*

PAGE 1

YULUNDA
COURT R...  5-18-07

(a)    ON MOTION FILED WITHIN 30 DAYS FROM THE ENTRY OF JUDGEMENT, A NEW TRIAL MAY BE GRANTED FOR THE FOLLOWING GROUNDS:

(1)    IRREGULARITY IN THE PROCEEDINGS OF THE COURT, JURY OR PREVAILING PARTY , OR ANY ORDER OF COURT, OR ABUSE OF DISCRETION, BY WHICH THE PARTY WAS PREVENTED FROM HAVING A FAIR TRIAL.

(3)    ACCIDENT OR SURPRISE, WHICH ORDINARY PRUDENCE COULD NOT HAVE GUARDED AGAINST.

( 6)    THE VERDICT OR DECISION IS NOT SUSTAINED BY THE GREAT PROPONDERANCE OF THE EVIDENCE OR IS CONTRARY TO LAW.

AS TO THE AL,R,CIV.PROC.RULE 12 (b)(6) , MOTION " FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED"  PLAINTIFF WOULD CITE THE FOLLOWING CASES.

(1)    331 SO 2 d  665    JEANNIE'S GROCERY V    BALDWIN COUNTY ELEC.MEM.CORP.

(2)    323 SO 2d 353  TRABITS V FIRST NATIONAL BANK OF MOBILE

(3)    355 U.S. 41, 78 S Ct. 99  CONLEY V.  GIBSON 1957 PAGE 6 [10]

YOUR HONOR,  PLAINTIFF WAS SHOCKED WHEN WE RECEIVED THE NOTICE ABOUT YOUR RULING, ON A MOTION TO DISMISS UNDER RULE 12 (b) (6) WHEN WE WERE ONLY SEVEN DAYS TO TRIAL. THE FOLLOWING WILL STATE  OUR CAUSE OF ACTION IF WE HAD BEEN ABLE TO BE HEARD IN COURT.

FRANKLIN BANK SSB.
FACT 1

STEVE HOBBS, LOAN OFFICER FOR FRANKLIN BANK IN SEDRO WOOLEY WA. DID WITH "INTENT TO HARM AND CONCEAL" THE TRUTH ABOUT THE CREDIT LIFE INSURANCE DID SIGN AND I SIGNED A  DOCUMENT FOR CREDIT LIFE INSURANCE. THIS IS  A "FACT" IN THIS CASE.  WHICH CAN BE PROVED.  SINCE THE ATTORNEY FOR FRANKLIN BANK SSB, MR REID IN HIS "MOTION TO DISMISS" STATED AS A FACT

PAGE 2

("FRANKLIN" DOES NOT CARRY THIS PRODUCT) AND YET STEVE HOBBS OFFERED IT TO ME ON DEC. 23rd 2005.  THIS OFFER WOULD THEN FALL UNDER CODE OF ALABAMA 1975    SECTION    6-5-104 (4)    A PROMISE MADE WITHOUT ANY INTENTION OF PERFORMING IT, THIS IS FRAUDULENT DECEIT [ UNDER ALABAMA LAW ] I AM SUEING FRANKLIN BANK SSB FOR  A MATERIAL BREACH OF THE CONTRACT  [ NOT  GIVEN WHAT THEY PROMISED, THE INSURANCE].  THE AMOUNT SUED FOR IS 103,500.  ARE PAYOFF OF THE LOAN,WHICH EVER IS LOWER, PLUS COURT COST.  FRANKLIN BANK SSB'S  LOAN OFFICER, STEVE HOBBS  HAS CAUSED SEVERE PAIN AND SUFFERING FOR BOTH MY WIFE AND I.   "IN THIS CONTRACT."

## PRESTIAGE TITLE CO.INC:

### FACT 2

    SANDY MOSLEY, CLOSING AGENT FOR PRESTIAGE TITLE CO.INC. DID  FORGE TWO DOCUMENTS, [1]  THE MORTGAGE [2] THE MANUFACTURED HOME RIDER TO SECURITY INSTRUMENT.   THE ONLY REASON FOR THE FORGERY IS THAT SANDY MOSLEY HAD TO SHOW BOTH SIGNATURES OR SHE COULD NOT PUT IT INTO PROBATE COURT. IN CODE OF ALABAMA 1975 SECTION 6-10-3 IT STATES A MORTGAGE IS INVALID WITHOUT THE WIFES SIGNATURE AND ASSENT. MY WIFE GAVE NEITHER. MY WIFE SIGNED "ON ONE DOCUMENT ONLY IN THE CONTRACT. YOU WILL FIND IT ON THE WARRANTY DEED" DELEATING HER FROM TITLE. ALL ELSE IS FORGERY. PTI IS RESPONSIBLE FOR THE ACTIONS OF THEIR EMPLOYEE'S  (SANDY MOSLEY ) CLOSING AGENT FOR PTI INC.  PTI HAS CAUSED SEVERE PAIN AND SUFFERING TO BOTH MY WIFE AND MYSELF  (MARGIE SHEFFIELD & JOSEPH SHEFFIELD ).   I AM THEREFORE  SUEING PRESTIAGE TITLE CO.INC.  IN  THE AMOUNT OF 150,000.00 PLUS COURT COST.

    I ,JOSEPH M. SHEFFIELD PLAINTIFF IN THIS CASE ASK THIS HONORABLE COURT TO GRANT ME A NEW HEARING ON THE "FACTS OF THIS CASE WE HAVE SUFFERED GREATLY FROM THIS CONTRACT, AND FROM  HAVING DIRECT EVIDENCE TO PROVE IN A COURT OF LAW.  I AM NOT AN ATTORNEY BUT ONLY A PERSON WHO TRIES TO RECEIVE JUSTICE WHEN IT IS DUE. ( BASED ON THE FACTS OF THIS CASE )

**PAGE 3**

RESPECTFULLY SUMITTED

JOSEPH M. SHEFFIELD    pro se

C/C

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I HAVE SERVED A COPY OF THE FOREGOING BY DEPOSITING SAME IN THE UNITED STATES MAIL,FIRST CLASS POSTAGE PREPAID 0N THIS THE 23 rd DAY OF FEB. 2007 TO THE FOLLOWING.


KIRKLAND E. REID                    CHASE R. LAURENDINE
OF COUNSEL                          P.O. BOX  850817
MILLER,HAMILTON,                    5909 AIRPORT BOULEVARD
SNIDER & ODOM,L.L.C.                MOBILE ALABAMA 36685
POST OFFICE BOX  46
MOBILE ALABAMA  36601
(251) 432-1414


ATTORNEY FOR                        ATTORNEY FOR
FRANKLIN BANK SSB                   PRESTIAGE TITLE CO. INC.

```
                                           May 18, 2007, 08:56:38
Session - PASSPORT

OC01       ON-LINE CASE ACTION SUMMARY COUNTY: 02 MOBILE    OFFICE: 4    OCSOC01

CASE NUMBER: CV 2006 003123 00    TRANS DATE/TIME: 00000000 0000    JID: HYT
   STYLE/NAME: JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL        PC PRNTR: N
----------------------------------------------------------------------------
ACT   DATE    TIME CODE |------------------ COMMENTS ------------------|  OPE
----------------------------------------------------------------------------
     09182006 1053 FILE FILED THIS DATE: 09/08/2006                (AV01) LEG
     09182006 1053 ASSJ ASSIGNED TO JUDGE: HERMAN YOUNG THOMAS     (AV01) LEG
     09182006 1053 TDMN BENCH/NON-JURY TRIAL REQUESTED             (AV01) LEG
     09182006 1053 STAT CASE ASSIGNED STATUS OF: ACTIVE            (AV01) LEG
     09182006 1053 ORIG ORIGIN: INITIAL FILING                     (AV01) LEG
     09182006 1054 PART SHEFFIELD JOSEPH M ADDED AS C001           (AV02) LEG
     09182006 1054 ATTY LISTED AS ATTORNEY FOR C001: PRO SE               LEG
     09182006 1054 PARA           COMPLAINT & SUMMONS, FAST TRACK PRE-TRIA LEG
     09182006 1055 PART FRANKLIN BANK SSB ADDED AS D001            (AV02) LEG
     09182006 1055 SUMM CERTIFIED MAI ISSUED: 09/18/2006 TO D001   (AV02) LEG
     09182006 1055 PART PRESTIAGE TITLE CO INC ADDED AS D002       (AV02) LEG
     09182006 1055 SUMM SHERIFF ISSUED: 09/18/2006 TO D002         (AV02) LEG
     09182006 1055 TRAC CASE ASSIGNED TO: FAST        TRACK        (AV01) LEG
----------------------------------------------------------------------------
*** "C"-CHANGES/"D"-DELETES/"A"-ADDS ENTRIES IN THE FILE    ***
01=MNU 02=OCS 03=NDX 04=CSE 05=SNT 06=ENF 07=CLR 08=FEE 09=PRT 10=BWD 11=FWD
12=DOM 13=FRM 14=CPR 15=DPR 16=WPR 17=SPR 18=SNO 19=PRT 20=OFF        24=HLP
```

```
Session - PASSPORT                              May 18, 2007, 09:01:18

OC01     ON-LINE CASE ACTION SUMMARY COUNTY: 02 MOBILE     OFFICE: 4     OCSOC01

CASE NUMBER: CV 2006 003123 00   TRANS DATE/TIME: 00000000 0000    JID: HYT
   STYLE/NAME: JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL      PC PRNTR: N
-----------------------------------------------------------------------------
ACT   DATE   TIME CODE |------------------ COMMENTS ------------------|  OPE
-----------------------------------------------------------------------------
      09182006 1055 DAT4 SET FOR: CERT TO BE FILED ON 06/04/2007 AT 0830A   LEG
      09182006 1055 CASP CASE ACTION SUMMARY PRINTED              (AV02)   LEG
      09182006 1056 GNOT GENERAL NOTICE SENT TO: C001                      LEG
      09282006 1333 SERC D001 SERVED CERTIFIED MAIL ON 09/21/2006          NOC
      10192006 1904 ATTY LISTED AS ATTORNEY FOR D002: LAURENDINE CHASE R   AJA
      10252006 1650 ATTY LISTED AS ATTORNEY FOR D001: REID KIRKLAND EDWARD  RUP
      10252006 1650 ANSW ANSWER OF ATTY APPEAR ON 10/18/2006 FOR D001(AV02) RUP
      10272006 1546 SERC SERVICE OF SERVED PERSON ON 09/20/2006 FOR D002   AJA
      11012006 1352 GNOT *** NOTICE ISSUED: C001 PARTY ******************** NOC
      11012006 1352 GNOT THIS CASE IS SET ON MOTION DOCKET TO PROVE        NOC
      11012006 1352 GNOT DAMAGES FOR DEFAULT APPLICATION FOR PRESTIAGE     NOC
      11012006 1352 GNOT TITLE CO INC BEFORE JUDGE HERMAN Y THOMAS ON      NOC
      11012006 1359 GNOT DECEMBER 8, 2006 @ 8:30 AM.                       NOC
-----------------------------------------------------------------------------
*** "C"-CHANGES/"D"-DELETES/"A"-ADDS ENTRIES IN THE CASE ACTION SUMMARY ***
01=MNU 02=OCS 03=NDX 04=CSE 05=SNT 06=ENF 07=CLR 08=FEE 09=PRT 10=BWD 11=FWD
12=DOM 13=FRM 14=CPR 15=DPR 16=WPR 17=SPR 18=SNO 19=PRT 20=OFF        24=HLP
```

```
Session - PASSPORT                              May 18, 2007, 09:02:49

OC01     ON-LINE CASE ACTION SUMMARY COUNTY: 02 MOBILE     OFFICE: 4    OCSOC01

CASE NUMBER: CV 2006 003123 00    TRANS DATE/TIME: 00000000 0000    JID: HYT
  STYLE/NAME: JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL        PC PRNTR: N
-------------------------------------------------------------------------------
ACT   DATE    TIME CODE |------------------- COMMENTS ------------------| OPE
-------------------------------------------------------------------------------
      11012006 1407 GNOT FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF      NOC
      11012006 1407 GNOT CASE OR DENIAL OF DEFAULT APPLICATION.            NOC
      11012006 1407 GNOT *******END OF NOTICE*************************     NOC
      11012006 1421 DAT2 SET FOR: DEFAULT DOCKET ON 12/08/2006 AT 0830A    NOC
      11302006 1359 DAT1 SET FOR: TRIAL - BENCH ON 02/07/2007 AT 0830A     CHL
      12062006 2403 DOCK NOTICE SENT: 12/06/2006 SHEFFIELD JOSEPH M        CHL
      12062006 2403 DOCK NOTICE SENT: 12/06/2006 REID KIRKLAND EDWARD      CHL
      12062006 2403 DOCK NOTICE SENT: 12/06/2006 LAURENDINE CHASE R        CHL
      12152006 1437 DAT2 SET FOR: STATUS REVIEW/DKT ON 01/26/2007 AT 0830A LAA
      01222007 1502 ETXT D001-MOTN TO DIS. PURS. TO RULE 12(B) FILED.      AJA
      01222007 1505 ETXT MOTION - TRANSMITTAL                             AJA
      01222007 1553 ETXT D001-MOTN TO DIS. PURS. TO RULE 12(B) /DOCKETED   AJA
      01222007 1614 ETXT D001-MOTN TO DIS. PURS. TO RULE 12(B) /SET FOR 1/2 AJA
-------------------------------------------------------------------------------
*** "C"-CHANGES/"D"-DELETES/"A"-ADDS ENTRIES IN THE CASE ACTION SUMMARY ***
01=MNU 02=OCS 03=NDX 04=CSE 05=SNT 06=ENF 07=CLR 08=FEE 09=PRT 10=BWD 11=FWD
12=DOM 13=FRM 14=CPR 15=DPR 16=WPR 17=SPR 18=SNO 19=PRT 20=OFF        24=HLP
```

```
Session - PASSPORT                                   May 18, 2007, 09:04:15

OC01      ON-LINE CASE ACTION SUMMARY COUNTY: 02 MOBILE      OFFICE: 4    OCSOC01

CASE NUMBER: CV 2006 003123 00    TRANS DATE/TIME: 00000000 0000   JID: HYT
  STYLE/NAME: JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL        PC PRNTR: N
--------------------------------------------------------------------------------
ACT   DATE    TIME CODE |------------------ COMMENTS ------------------|  OPE
--------------------------------------------------------------------------------
      01222007 1629 ETXT SET FOR HEARING - TRANSMITTAL                     AJA
      02012007 1454 ETXT ORDER E-FILED.                                    AJA
      02012007 1544 ETXT ORDER - TRANSMITTAL                               AJA
      02052007 1643 STAT CASE ASSIGNED STATUS OF: DISPOSED        (AV01)   CAC
      02052007 1643 CACJ COURT ACTION JUDGE: HERMAN YOUNG THOMAS   (AV01)  CAC
      02052007 1643 DISP DISPOSED ON: 02/01/2007 BY (DISM W/O PREJ) (AV01) CAC
      02052007 1643 PDIS C001 DISPOSED BY (DISM W/O PREJ)  ON 02/01/2007   CAC
      02052007 1643 PDIS D001 DISPOSED BY (DISM W/O PREJ)  ON 02/01/2007   CAC
      02052007 1643 PDIS D002 DISPOSED BY (DISM W/O PREJ)  ON 02/01/2007   CAC
      05092007 1155 ETXT ORDER E-FILED.                                    AJA
      05092007 1311 ETXT ORDER - TRANSMITTAL                               AJA
      05102007 1315 DAT2 SET FOR: HEARING ON 05/18/2007 AT 0830A   (AV01)  CAC
      05102007 1315 CACJ COURT ACTION JUDGE: EDWARD B MCDERMOTT     (AV01)  CAC
--------------------------------------------------------------------------------
*** "C"-CHANGES/"D"-DELETES/"A"-ADDS ENTRIES IN THE CASE ACTION SUMMARY ***
01=MNU 02=OCS 03=NDX 04=CSE 05=SNT 06=ENF 07=CLR 08=FEE 09=PRT 10=BWD 11=FWD
12=DOM 13=FRM 14=CPR 15=DPR 16=WPR 17=SPR 18=SNO 19=PRT 20=OFF         24=HLP
```

Session - PASSPORT                                    May 18, 2007, 09:05:15

OC01      ON-LINE CASE ACTION SUMMARY COUNTY: 02 MOBILE      OFFICE: 4      OCSOC01

CASE NUMBER: CV 2006 003123 00    TRANS DATE/TIME: 00000000 0000    JID: HYT
STYLE/NAME: JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL         PC PRNTR: N
--------------------------------------------------------------------------------
ACT    DATE    TIME CODE |------------------ COMMENTS ------------------| OPE
--------------------------------------------------------------------------------
    05102007 1317 DAT4 SET FOR: HEARING ON 05/18/2007 AT 0830A    (AV01) CAC




--------------------------------------------------------------------------------
*** THERE ARE NO MORE RECORDS ON-FILE FOR THE CASE ***
01=MNU 02=OCS 03=NDX 04=CSE 05=SNT 06=ENF 07=CLR 08=FEE 09=PRT 10=BWD 11=FWD
12=DOM 13=FRM 14=CPR 15=DPR 16=WPR 17=SPR 18=SNO 19=PRT 20=OFF        24=HLP

ELECTRONICALLY FILED
5/9/2007 11:55 AM
CV-2006-003123.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| SHEFFIELD JOSEPH M | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | **Case No.:** CV-2006-003123.00 |
| | ) | |
| FRANKLIN BANK SSB | ) | |
| PRESTIAGE TITLE CO INC | ) | |
| Defendants | ) | |

## ORDER

PLAINTIFF'S MOTION FOR REHEARING SET ON MOTION DOCKET ON FRIDAY, MAY 18, 2007, AT 8:30 A.M. IN COURTROOM 8200.

DONE this 9th day of May, 2007

/s EDWARD B. MCDERMOTT

CIRCUIT JUDGE



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: EDWARD B MCDERMOTT

To:  LAURENDINE CHASE R
     crl@laurendine.net

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following matter was FILED on 5/9/2007 11:55:50 AM

Notice Date:       5/9/2007 11:55:50 AM

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
jo.schwarzauer@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: EDWARD B MCDERMOTT

To:   REID KIRKLAND EDWARD
      kirkreid@mhsolaw.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following matter was FILED on 5/9/2007 11:55:50 AM

Notice Date:     5/9/2007 11:55:50 AM

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
jo.schwarzauer@alacourt.gov



**AlaFile E-Notice**

**02-CV-2006-003123.00**

Judge: EDWARD B MCDERMOTT

To:  SHEFFIELD JOSEPH M        (PRO SE)
11835 STRINGFELLOW RD
GRAND BAY, AL 36541

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following matter was FILED on 5/9/2007 11:55:50 AM

Notice Date:     5/9/2007 11:55:50 AM

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
jo.schwarzauer@alacourt.gov



ELECTRONICALLY FILED
5/18/2007 12:54 PM
CV-2006-003123.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

**IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA**

| | |
|---|---|
| SHEFFIELD JOSEPH M )<br>            Plaintiff )<br>     )<br>    v.    )<br>     )<br>FRANKLIN BANK SSB )<br>PRESTIAGE TITLE CO INC )<br>           Defendants ) | Case No.: CV-2006-003123.00 |

## <u>ORDER</u>

PLAINTIFF PRO SE.
MOTION FOR "REHEARING" GRANTED IN PART. PLAINTIFF GIVEN TWENTY (20) DAYS TO
AMEND COMPLAINT.

DONE this 18th day of May, 2007

/s EDWARD B. MCDERMOTT
_____

CIRCUIT JUDGE



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: EDWARD B MCDERMOTT

To:  LAURENDINE CHASE R
crl@laurendine.net

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
02-CV-2006-003123.00

The following matter was FILED on 5/18/2007 12:54:33 PM

Notice Date:     5/18/2007 12:54:33 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
jo.schwarzauer@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: EDWARD B MCDERMOTT

To:   REID KIRKLAND EDWARD
      kirkreid@mhsolaw.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following matter was FILED on 5/18/2007 12:54:33 PM

Notice Date:      5/18/2007 12:54:33 PM

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
jo.schwarzauer@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: EDWARD B MCDERMOTT

To:  SHEFFIELD JOSEPH M        (PRO SE)
11835 STRINGFELLOW RD
GRAND BAY, AL 36541

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
02-CV-2006-003123.00

The following matter was FILED on 5/18/2007 12:54:33 PM

Notice Date:      5/18/2007 12:54:33 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
jo.schwarzauer@alacourt.gov

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

JOSEPH M. SHEFFIELD AND                    *
MARGIE L SHEFFIELD          PRO-SE         *
                                           *
                                           *
        PLAINTIFF'S                        *        CIVIL ACTION NO. CV-06 3123
                                           *
V                                          *
                                           *
                                           *
                                           *
FRANKLIN BANK , SSB                        *
PRESTIGE TITLE CO. INC.                    *
                                           *
                                           *
        DEFENDANTS                         *
                                           *

---

## MOTION TO AMEND COMPLAINT
## AND ADD NEW PLAINTIFF

COMES NOW JOSEPH  M. AND MARGIE L SHEFFIELD "PLAINTIFFS" IN THE ABOVE STYLED CAUSE, AND ASK THIS HONORABLE COURT TO  EXCEPT THIS AMENDED COMPLAINT AS TO THE DAMAGES AND EVIDENCE IN THIS CASE AGAINST BOTH DEFENDANTS. " FRANKLIN BANK AND PRESTIGE  TITLE CO. INC."

THIS CASE INVOLVES FOUR PARTS TO THIS CONTRACT [1] MORTGAGE, [2]  NOTE,  [3]  WARRANTY DEED [4]  CREDIT LIFE INSURANCE.  IN THIS CONTRACT FRANKLIN BANKS LOAN OFFICER, STEVE HOBBS USED THE INSURANCE ONLY AS AN INDUCMENT, BECAUSE FRANKLIN DOES NOT SELL THIS PRODUCT.

PAGE 1

UNDER A MATERIAL BREACH OF A CONTRACT " A BREACH THAT IS SUBSTANTIAL AND OPERATES TO EXCUSE FUTHER PERFORMANCE BY THE AGGRIEVED PARTY." [ JOSEPH & MARGIE SHEFFIELD] STEVE HOBBS [ LOAN OFFICER] FOR FRANKLIN BANK DID WILLFULLY AND WITH MALICE COMIT AN ACT OF FRAUD, IN SELLING ME WHAT HIS COMPANY DID NOT OFFER. THE "DAMAGES" THAT RESULTED FROM THIS BREACH IS THAT STEVE HOBBS <u>STOLE MY SECURITY FOR MY WIFE AND FAMILY.</u> WITH NO JUSTIFICATION OR EXCUSE. ON MY 360 MONTHS LOAN. WITH FRANKLIN BANK.

STEVE HOBBS GAVE PRESTIGE TITLE CO.INC. THE CONTRACT TO CLOSE JOSEPH AND MARGIE SHEFFIELD'S CONTRACT. SANDY MOSLEY WAS THE CLOSING AGENT, THIS CONTRACT WAS TO BE SIGNED ON MAY 31,2006 AND AT APPOX. 3:30 PM WE CLOSED. MARGIE SHEFFIELD WAS TAKEN OFF TITLE ON THE WARRANTY DEED AND THE HOLD HARMLESS AGREEMENT, MARGIE SIGNED ONLY THE WARRANTY DEED "DELEATING HER FROM TITLE" NO OTHER PLACE. THE ATTORNEY FOR PRESTIGE TITLE STATES MARGIE SIGNED EIGHT DOCUMENTS, WHICH ARE ALL FORGERYS. BUT IN THE CASE OF THE EIGHT DOCUMENTS HOW COULD MARGIE SIGN ANYTHING. THE ONLY REASON HER NAME WAS USED IS THAT SANDY MOSLEY AND STEVE HOBBS, FOUND OUT THAT THEY COULD NOT GET THE MORTGAGE INTO PROBATE COURT WITHOUT BOTH SIGNATURES AS PER CODE OF ALA. SECTION 6-10-3. SANDY HAD THE AUTHORITY TO BRING US BACK TO RE SIGN, SIGNATURES, BUT CHOSE TO VIOLATE ALABAMA LAW AS TO FORGERY AND CONCEALMENT.

<u>DAMAGES ( ACTUAL )</u>

A] STEVE HOBBS { STOLE MY PROTECTION FOR MY WIFE & FAMILY } AND LIED ABOUT HIS COMPANY, NOT SELLING THIS TYPE OF INSURANCE. THE AMOUNT OF DAMAGES IS THE PAYOFF OF THE CONTRACT, $ 103,500.00

B] EXPENSES INCURED IN THIS TRIAL ARE $ 882.89 OUT OF POCKET EXPENSES.

**PAGE 2**

**PUNITIVE DAMAGES**

AGAINST PRESTIAGE TITLE CO INC. BY AND THROUGH THEIR CLOSING AGENT, SANDY MOSLEY. FOR FORGERY AND CONCEALMENT IN THE AMOUNT OF $ 150.000.00 PLUS COURT COST.

YOUR HONOR, { THIS IS A FRAUD CASE } IT HAS DECEPTION, FRAUDLENT DECIET, CONSEALMENT, MISREPRESATION OF A MATERIAL FACT IN THIS CONTRACT. AND FORGERY. THESE ACT'S WERE CARRIED OUT BY { STEVE HOBBS LOAN OFFICER FOR FRANKLIN BANK SSB } AND { SANDY MOSLEY , CLOSING AGENT FOR PRESTIAGE TITLE CO. INC. }

PLAINTIFFS IN THIS CASE REQUEST ANY OTHER AND DIFFERENT RELIEF AS JUSTICE MAY REQUIRE.

RESPECTIFULLY SUBMITTED

*Joseph m Sheffield*

JOSEPH M. SHEFFIELD, PLAINTIFF

*Margie L. Sheffield*

MARGIE L. SHEFFIELD, PLAINTIFF

C/C

**PAGE 3**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I HAVE SERVED A COPY OF THE FOREGOING BY DEPOSITING SAME IN THE UNITED STATES MAIL,FIRST CLASS POSTAGE PREPAID 0N THIS THE 31 ST DAY MAY  2007 TO THE FOLLOWING.

**KIRKLAND E. REID**
**OF COUNSEL**
**MILLER,HAMILTON,**
**SNIDER & ODOM,L.L.C.**
**POST OFFICE BOX  46**
**MOBILE ALABAMA  36601**
**(251) 432-1414**

**CHASE R. LAURENDINE**
**P.O. BOX   850817**
**5909 AIRPORT BOULEVARD**
**MOBILE ALABAMA 36685**

**ATTORNEY FOR**
**FRANKLIN BANK SSB**

**ATTORNEY FOR**
**PRESTIGE  TITLE CO. INC.**

**JOSEPH M.& MARGIE L. SHEFFIELD**
**11835 STRINGFELLOW ROAD**
**GRAND BAY,AL. 36541**
**PHONE 251-865-9768**
**FAX #251-865-9768**

ELECTRONICALLY FILED
6/12/2007 4:47 PM
CV-2006-003123.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

SHEFFIELD JOSEPH M )
                     Plaintiff )
 )
           v. )     **Case No.:**  CV-2006-003123.00
 )
FRANKLIN BANK SSB )
PRESTIAGE TITLE CO INC )
              Defendants )

## <u>ORDER</u>

PLAINTIFF'S MOTION TO AMEND COMPLAINT AND ADD NEW PLAINTIFF SET FOR A HEARING ON FRIDAY, JUNE 29, 2007, AT 8:30 A.M. IN COURTROOM 8200.

DONE this 12th day of June, 2007

                    /s EDWARD B. MCDERMOTT
                    _____

                    CIRCUIT JUDGE



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: EDWARD B MCDERMOTT

To:  LAURENDINE CHASE R
crl@laurendine.net

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following matter was FILED on 6/12/2007 4:47:38 PM

Notice Date:       6/12/2007 4:47:38 PM

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
jo.schwarzauer@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: EDWARD B MCDERMOTT

To:  REID KIRKLAND EDWARD
kirkreid@mhsolaw.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following matter was FILED on 6/12/2007 4:47:38 PM

Notice Date:     6/12/2007 4:47:38 PM

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
jo.schwarzauer@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: EDWARD B MCDERMOTT

To:  SHEFFIELD JOSEPH M        (PRO SE)
     11835 STRINGFELLOW RD
     GRAND BAY, AL 36541

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA**

**JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL**
**02-CV-2006-003123.00**

The following matter was FILED on 6/12/2007 4:47:38 PM

Notice Date:     6/12/2007 4:47:38 PM

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
jo.schwarzauer@alacourt.gov

| **STATE OF ALABAMA**<br>Unified Judicial System | Revised 2/14/05 | Case N | ELECTRONICALLY FILED<br>6/27/2007 3:05 PM<br>CV-2006-003123.00<br>CIRCUIT COURT OF |
|---|---|---|---|
| 02-MOBILE | ☐ District Court  ☑ Circuit Court | CV200600312300 MOBILE COUNTY, ALABAMA<br>JOJO SCHWARZAUER, CLERK | |

| | | |
|---|---|---|
| JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL | **CIVIL MOTION COVER SHEET**<br>*Name of Filing Party:* D001 - FRANKLIN BANK SSB | |

| *Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*<br><br>KIRKLAND REID<br>254 STATE STREET<br>MOBILE, AL 36603<br><br>*Attorney Bar No.:* REI023 | ☐ Oral Arguments Requested |
|---|---|

### TYPE OF MOTION

| **Motions Requiring Fee** | **Motions Not Requiring Fee** |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| | ☐ Continue |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Deposition |
| | ☐ Designate a Mediator |
| ☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Judgment as a Matter of Law (during Trial) |
| | ☐ Disburse Funds |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Extension of Time |
| | ☐ In Limine |
| ☐ Other _____ | ☐ Joinder |
| pursuant to Rule _____ ($50.00) | ☐ More Definite Statement |
| | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| ☐ Local Court Costs $ _____ | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☑ Other  Franklin Bank, SSB's Renewed Motion to Dismiss |
| | pursuant to Rule ALA R.Civ.P. 12  (Subject to Filing Fee)<br>(b((6) |

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship  ☐ | Date:<br><br>6/27/2007 3:02:16 PM | Signature of Attorney or Party:<br><br>/s KIRKLAND REID |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.



ELECTRONICALLY FILED
6/27/2007 3:05 PM
CV-2006-003123.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

IN THE CIRCUIT COURT OF MOBILE COUNTY, A

JOSEPH M. SHEFFIELD,                      *
                                          *
        Plaintiff,                        *
                                          *
v.                                        *      CIVIL ACTION NO.: CV-06-3123
                                          *
FRANKLIN BANK, SSB and                    *
PRESTIGE TITLE CO., INC.,                 *
                                          *
        Defendants.                       *

## FRANKLIN BANK, SSB'S RENEWED MOTION TO DISMISS

Franklin Bank, SSB ("Franklin"), one of the Defendants in the above-styled lawsuit,

renews its previously-filed motions to dismiss, and further renews its request that this Court,

pursuant to *Ala R Civ P* 12(b)(6), enter an Order dismissing this case. As grounds therefor, Franklin

states as follows:

1.    After two hearings on plaintiff's *pro se* complaint, and after being allowed to re-

plead, this Court dismissed, by Order dated February 1, plaintiff's complaint. At a hearing on May

18, 2007, this Court, however, allowed plaintiff to again re-plead to see if plaintiff could file a

complaint that states a cause of action.

2.    Plaintiff filed his amended "complaint" on May 31, 2007. This "complaint" is,

however, no different than the other pleadings previously filed. It certainly provides no justification

for vacating the previous order of dismissal and reinstating this case. Accordingly, for the reasons

stated in Franklin's prior-filed motions to dismiss, plaintiff's latest "complaint" is due to be again

dismissed. (Franklin adopts and incorporates herein by reference its previously-filed motions to

dismiss, attached hereto as Exhibit A.)

WHEREFORE, Franklin requests that this Court again dismiss plaintiff's fraud claim against

it. Franklin requests such other, further, and different relief as justice may require.

Respectfully submitted,

s/Kirkland E. Reid
KIRKLAND E. REID (REI023)
Attorney for Defendant
Franklin Bank, SSB

OF COUNSEL.:
MILLER, HAMILTON,
  SNIDER & ODOM, L.L.C.
Post Office Box 46
Mobile, Alabama 36601
(251) 432-1414

## CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing has been filed electronically with AlaFile on this 27th day of June, 2007, and will be served as indicated to the following:

**VIA ELECTRONIC MAIL:**
Chase R. Laurendine
P. O. Box 850817
5909 Airport Boulevard
Mobile, Alabama 36685
seachaseiv@micro-comm.com

**VIA U.S. MAIL**
Joseph M. Sheffield
11835 Stringfellow Rd.
Grand Bay, AL 36541

s/Kirkland E. Reid
KIRKLAND E. REID

2



IN THE CIRCUIT COURT OF MOBILE COUNTY, A

JOSEPH M. SHEFFIELD,        *
                            *
      Plaintiff,           *
                            *
v.                           *    CIVIL ACTION NO.: CV-06-3123
                            *
FRANKLIN BANK, SSB and    *
PRESTIGE TITLE CO., INC.,    *
                            *
      Defendants.       *

## FRANKLIN BANK, SSB'S RENEWED MOTION TO DISMISS

Franklin Bank, SSB ("Franklin"), one of the Defendants in the above-styled lawsuit, hereby renews its previously-filed motion to dismiss, and further renews its request that this Court, pursuant to *Ala R Civ P.* 12(b)(6), enter an Order dismissing this case. As grounds therefor, Franklin states as follows:

1.    At a hearing on December 15, 2006, this Court determined that it would not dismiss Plaintiff's *pro se* complaint at that time, and allowed Plaintiff the opportunity to furnish a more definite statement of his claims against Franklin. On or about December 20, 2006, Plaintiff filed a pleading styled "Motion For a More 'Defined' Complaint for Franklin Bank, SSB."

2.    Plaintiff's new "complaint" seems to make clear that Plaintiff is indeed suing Franklin for fraud for **not selling** and **not placing** credit life insurance on his loan. For the reasons stated in Franklin's prior-filed motion to dismiss, this claim is illogical, fails to state a claim, and should be dismissed. (Franklin adopts and incorporates herein by reference its previously-filed motion to dismiss, attached hereto as Exhibit A.) Now that Plaintiff has re-pled his complaint, and has conceded that his fraud claim is premised on Franklin **not placing** credit life insurance on his loan, this Court should now dismiss the complaint.



EXHIBIT

A

WHEREFORE, premises considered, Franklin requests that this Court dismiss Plaintiff's fraud claim against it because Plaintiff has obviously suffered no damage based on the allegations made in his motion for a more defined complaint. Franklin requests such other, further, and different relief as justice may require.

Respectfully submitted,

KIRKLAND E. REID (REI023)
Attorney for Defendant
Franklin Bank, SSB

OF COUNSEL:
MILLER, HAMILTON,
    SNIDER & ODOM, L.L.C.
Post Office Box 46
Mobile, Alabama 36601
(251) 432-1414

## CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing has been filed electronically with AlaFile on this 22nd day of January, 2007, and will be served as indicated to the following:

**VIA ELECTRONIC MAIL:**
Chase R. Laurendine
P. O. Box 850817
5909 Airport Boulevard
Mobile, Alabama 36685
seachaseiv@micro-comm.com

**VIA U.S. MAIL**
Joseph M. Sheffield
11835 Stringfellow Rd.
Grand Bay, AL 36541

KIRKLAND E. REID

2



IN THE CIRCUIT COURT OF MOBILE COUNTY, A

JOSEPH M. SHEFFIELD,

    Plaintiff,

v.

FRANKLIN BANK, SSB and
PRESTIGE TITLE CO., INC.,

    Defendants.

CIVIL ACTION NO.: CV-06-3123

## MOTION TO DISMISS, OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT

Franklin Bank, SSB ("Franklin"), one of the Defendants in the above-styled lawsuit, respectfully requests that this Court, pursuant to *Ala. R. Civ. P.* 12(b)(6), enter an Order dismissing this case, or, in the alternative, requiring *pro se* Plaintiff to furnish a more definite statement of his claims. As grounds therefor, Franklin states as follows:

1.    It is somewhat difficult to understand exactly what is being alleged against Franklin in Plaintiff's complaint. In part at least, it appears that Franklin is being accused of fraud for **not** selling and **not placing** credit life insurance on Plaintiff's loan, for which Franklin was the lender.

2.    If this is the claim against Franklin, it is illogical at best. First, if Plaintiff truly wants credit life insurance, he is free to obtain it, as there are many companies offering this product. (Franklin does not offer this product.) Second, because Plaintiff does not have credit life insurance he actually is paying *less* on his loan than he otherwise would. Consequently, he has suffered no legally cognizable injury. *See, e.g.*, *National Security Ins. Co. v. Beasley*, 406 So. 2d 923 (Ala. Civ. App. 1981) ("Damage is an essential element of actionable fraud."). Finally, Plaintiff obviously is alive. There can therefore be no damage for *not having* credit life insurance at this time. In other words, Plaintiff's claim is not ripe because no legally-recognized injury has occurred. Again, if



Plaintiff truly wants credit life insurance, he is free to obtain it. Because Plaintiff obviously has suffered no damage because of currently not having credit life insurance, his fraud claim based on this allegation fails to state a claim and should be dismissed.

3.    Moreover, as Franklin understands Plaintiff's fraud claim against it, the claim is based on alleged acts that were to take place in the future, and thus would constitute a claim for promissory fraud. Promissory fraud requires a present intent to deceive when the alleged promise is made. *See, e.g., Aldridge v. DaimlerChrysler Corp*, 809 So. 2d 785 (Ala. 2001). There is not even an allegation of a present intent to deceive in Plaintiff's complaint, and the complaint therefore should be dismissed for failure to state a claim.

4.    In the alternative, to the extent there are other claims and allegations made against Franklin, Plaintiff should be required to furnish a more definite statement of those claims. Specifically, Plaintiff complains of various things involving the closing on his mortgage. Franklin was not involved in the closing in any way. Title companies and their closing agents generally conduct closings – as Plaintiff alleges happened here. If, as it seems, Plaintiff is seeking to impose liability on Franklin for actions occurring at or around the closing, this would be improper and inconsistent with his pleadings. Plaintiff should, at a minimum, be required to more particularly delineate which allegations of his complaint are directed at which Defendant so that each Defendant may properly form a response to those allegations. *Ala. R. Civ. P.* 12(e).

WHEREFORE, premises considered, Franklin requests that this Court dismiss Plaintiff's fraud claim against it because Plaintiff has obviously suffered no damage based on the allegations made herein. In the alternative, Franklin respectfully requests that Plaintiff be required to furnish

a more definite statement of his allegations so that Franklin may form a meaningful response thereto.

Franklin requests such other, further, and different relief as justice may require.

Respectfully submitted,

KIRKLAND E. REID (REI023)
Attorney for Defendant
Franklin Bank, SSB

OF COUNSEL:
MILLER, HAMILTON,
    SNIDER & ODOM, L.L.C.
Post Office Box 46
Mobile, Alabama 36601
(251) 432-1414

## CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing has been filed electronically with AlaFile on this 16th day of November, 2006, and will be served as indicated to the following:

**VIA ELECTRONIC MAIL:**
Chase R. Laurendine
P. O. Box 850817
5909 Airport Boulevard
Mobile, Alabama 36685
seachaseiv@micro-comm.com

**VIA U.S. MAIL:**
Joseph M. Sheffield
11835 Stringfellow Rd.
Grand Bay, AL 36541

KIRKLAND E. REID

3



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: EDWARD B MCDERMOTT

To:  KIRKLAND REID
kirkreid@mhsolaw.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following matter was FILED on 6/27/2007 3:05:53 PM

### D001 FRANKLIN BANK SSB

### FRANKLIN BANK, SSB'S RENEWED MOTION TO DISMISS

[Attorney: REID KIRKLAND EDWARD]

Notice Date:     6/27/2007 3:05:53 PM

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
jo.schwarzauer@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: EDWARD B MCDERMOTT

To:   SHEFFIELD JOSEPH M     (PRO SE)
      11835 STRINGFELLOW RD
      GRAND BAY, AL 36541

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

**JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL**
**02-CV-2006-003123.00**

The following matter was FILED on 6/27/2007 3:05:53 PM

**D001 FRANKLIN BANK SSB**

**FRANKLIN BANK, SSB'S RENEWED MOTION TO DISMISS**

[Attorney: REID KIRKLAND EDWARD]

Notice Date:     6/27/2007 3:05:53 PM

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
jo.schwarzauer@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: EDWARD B MCDERMOTT

To:  LAURENDINE CHASE R
crl@laurendine.net

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
02-CV-2006-003123.00

The following matter was FILED on 6/27/2007 3:05:53 PM

D001 FRANKLIN BANK SSB

FRANKLIN BANK, SSB'S RENEWED MOTION TO DISMISS

[Attorney: REID KIRKLAND EDWARD]

Notice Date:     6/27/2007 3:05:53 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
jo.schwarzauer@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: EDWARD B MCDERMOTT

To: REID KIRKLAND EDWARD
kirkreid@mhsolaw.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following matter was FILED on 6/27/2007 3:05:53 PM

**D001 FRANKLIN BANK SSB**

**FRANKLIN BANK, SSB'S RENEWED MOTION TO DISMISS**

[Attorney: REID KIRKLAND EDWARD]

Notice Date:    6/27/2007 3:05:53 PM

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
jo.schwarzauer@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: EDWARD B MCDERMOTT

To:  LAURENDINE CHASE R
crl@laurendine.net

---

# NOTICE OF CASE SETTING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

**JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL**
**02-CV-2006-003123.00**

The following matter was SET FOR HEARING

**D001 FRANKLIN BANK SSB**

**FRANKLIN BANK, SSB'S RENEWED MOTION TO DISMISS**

[Attorney: REID KIRKLAND EDWARD]

Hearing Date:    06/29/2007
Hearing Time:    08:30:00 AM
Location:        8200

Notice Date:     6/28/2007 10:29:27 AM

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
jo.schwarzauer@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: EDWARD B MCDERMOTT

To:  REID KIRKLAND EDWARD
kirkreid@mhsolaw.com

# NOTICE OF CASE SETTING

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following matter was SET FOR HEARING

### D001 FRANKLIN BANK SSB
### FRANKLIN BANK, SSB'S RENEWED MOTION TO DISMISS

[Attorney: REID KIRKLAND EDWARD]

Hearing Date:    06/29/2007
Hearing Time:    08:30:00 AM
Location:        8200

Notice Date:     6/28/2007 10:29:27 AM

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
jo.schwarzauer@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: EDWARD B MCDERMOTT

To:  SHEFFIELD JOSEPH M        (PRO SE)
11835 STRINGFELLOW RD
GRAND BAY, AL 36541

---

# NOTICE OF CASE SETTING

---

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following matter was SET FOR HEARING

### D001 FRANKLIN BANK SSB

### FRANKLIN BANK, SSB'S RENEWED MOTION TO DISMISS

[Attorney: REID KIRKLAND EDWARD]

Hearing Date:    06/29/2007
Hearing Time:    08:30:00 AM
Location:        8200

Notice Date:     6/28/2007 10:29:27 AM

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
jo.schwarzauer@alacourt.gov

# CHASE R. LAURENDINE, LLC
## ATTORNEY AT LAW
### 5909 AIRPORT BOULEVARD
### MOBILE, ALABAMA 36608

Telephone:
(251) 344-9987
Fax:   460-4009

Mailing Address
P. O. Box 850817
Mobile, Alabama 36685

June 28, 2007

Honorable Edward B. McDermott
Judge, Circuit Court
Mobile Government Plaza
205 Government St.
Mobile, AL  36644-2913

Re:     *Joseph M. Sheffield vs. Franklin Bank, SSB*
        *and Prestige Title Co., Inc.*
        *Civil Action No. CV-06-3123*

Dear Judge McDermott:

In their most recent more definite statement, the Plaintiffs have added Margie Sheffield as a party plaintiff, but there is clearly no change in the Plaintiffs' position that seeks any equitable relief to set aside the mortgage upon which her alleged forged signature appears.

The Plaintiffs still argue that that mortgage is valid in their claim against Franklin Bank by alleging that Franklin Bank "stole the security from my wife and family" that the credit life insurance policy would have afforded him if it had been issued by Franklin Bank [first paragraph of page 2 of amended complaint] and seek damages in the mount of the payoff of said mortgage in the amount of $103,000.00.  In the second paragraph on page 2, Plaintiffs allege that Margie Sheffield signed the warranty deed which conveyed her interest in the subject property to her husband, Joseph Sheffield, but alleges that she signed no other documents.   Plaintiffs next speculate that Mosley [the employee of Prestige Title] and Hobbs [the employee of Franklin Bank] found out that they "could not get the mortgage into probate without both signatures as per Code of Alabama, §6-10-3," but *Mosley* chose to violate Alabama law as to forgery and concealment.  The clear inference from their allegation that Mosley "had the authority to bring us back in to re-sign our signatures," is that the forgeries took place after the Plaintiffs' departure from Prestige's office.  Obviously, if Mrs. Sheffield's signature was forged after they departed, it is logical to assume that someone at Prestige Title forged her name, but it is obvious that neither of the Sheffields have any direct knowledge that Sandy Mosley forged her signature.

Further, there is an allegation in the amended complaint that Prestige is guilty of "concealment." While it can be inferred that the Plaintiffs meant that Prestige concealed the forgery of Mrs. Sheffield's signature, the deed which Mrs. Sheffield admits signing and the mortgage which she

Honorable Edward B. McDermott
June 28, 2007
Page 2

claims is a forgery were both recorded in Probate Court at the same time by Prestige. Since §35-4-51, *Code of Alabama, 1975,* as amended, expressly provides that the recording of conveyances, such as a deed or a mortgage, is constructive notice of the contents of that document, there is no validity to any allegation of concealment by Prestige nor is there any allegation in the complaint of any cause of action which might result from any such concealment.

It is undisputed that §6-10-03, *Code of Alabama, 1975,* as amended, provides that no deed or mortgage of the homestead by a married person shall be valid without the voluntary signature and assent of the husband and wife, whose signature must be notarized. There are numerous Alabama appellate court cases which hold that, if a spouse does not sign a mortgage on homestead property, the mortgage is invalid, a nullity and void in its entirety. *Sims vs. Cox,* 611 So.2d 329 (Ala., 1992); *Worthington vs. Palughi,* 575 So.2d 1092 (Ala., 1991); *Hewett vs. McGaster,* 272 Ala. 498, 133 So.2d 189 (Ala., 1961); *Watkins vs. Penell,* 285 Ala. 208, 231 So.2d 84 (Ala., 1970); *Gardner vs. Roberts,* 565 So.2d 638 Ala.Civ.App. (1990); *Gilley vs. Daniel,* 378 So.2d 716 (Ala., 1979).

In *Watkins, supra.,* the Supreme expressly held that, in a situation where a deed was not signed by the spouse, it could be set aside and declared person null and void and of no effect. Thus, it is clear that, if Plaintiffs' allegations of a forgery are accurate, which Prestige denies, it is clear that Plaintiffs have the right to seek the equitable relief of setting aside that mortgage. If it clear, however, in this case, that the Plaintiffs do not want that relief. As Mr. Sheffield told the Court, he does not have the ability to refund the loan proceeds which he clearly received when he made that mortgage.

It is clear and unequivocal that the purpose of §6-10-3 is to protect a spouse's interest in the homestead. Since the Plaintiffs have elected not to ask for the equitable relief of setting aside the mortgage, then the next question is what damages have they suffered which are recoverable in an *at law* action. Clearly, Mr. Sheffield has suffered no damages. He admittedly signed the mortgage and received the loan proceeds and it is not fair to repay those loan proceeds. On the other hand, if Mrs. Sheffield's signature is a forgery, then she has not alienated her homestead interest in the property and her homestead interest in that property still primes the mortgage made to Franklin Bank and any future default under that mortgage which resulted in a foreclosure would not affect her homestead rights. *Gilley vs. Daniels, supra.; Alford vs. Lehman, Durr & Co.,* 76 Ala. 526 (Ala., 1984)

The forgery allegedly committed by an employee of Prestige is categorically denied by Prestige, but, if it occurred, that alleged forgery, while reprehensible, Prestige respectfully suggests that, if Plaintiffs continue to elect not to  seek the equitable relief of setting aside that mortgage, then Plaintiffs have suffered no *actual* or punitive damages as a result of that forgery.  Plaintiffs acknowledge having received the loan proceeds they sought from the mortgage to Franklin Bank. There are no allegations that their right of possession to the property has been disturbed or otherwise affected. It is undisputed that Mrs. Sheffield did not sign the note; therefore, she has no legal obligation to repay any debt created by said note. If, in fact, her signature on the mortgage which secures that note was a forgery, then it is also clear that she has not conveyed her homestead interest to the mortgagee, Franklin Bank, Therefore, she still owns the same homestead interest she had in the subject property after her conveyance of it to her husband immediately before this mortgage was executed. That fact seems to be confirmed by Plaintiffs' last amended complaint in

Honorable Edward B. McDermott
June 28, 2007
Page 3

which they allege that their only actual damages are the expenses incurred by them in filing this action in the amount of $882.89.   As the Court stated in open court at our last hearing, it appears that the Plaintiffs want to have their cake and eat it too.

Very truly yours,

/s Chase R. Laurendine

Chase R. Laurendine

CRL/da

cc:    Mr. Joseph M. Sheffield
       Mrs. Margie Sheffield
       Kirkland E. Reid, Esq.

Honorable Edward B. McDermott
June 28, 2007
Page 4

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of June, 2008, I electronically filed the foregoing with the Clerk of the Court using the AlaFile filing system which will send notification of such filing to the following:

Kirkland E. Reid, Esq.
P. O. Box 46
Mobile, Alabama 36601

and I hereby certify that I have mailed by United States Postal Service, properly addressed and first class postage prepaid to the following non AlaFile participants:

Joseph M. Sheffield
Margie Sheffield
11835 Stringfellow Road
Grand Bay, Alabama 36541

/s Chase R. Laurendine
Chase R. Laurendine



**AlaFile E-Notice**

02-CV-2006-003123.00

To: CHASE LAURENDINE
crl@laurendine.net

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following ORDER2 was FILED on 6/28/2007 5:52:23 PM

Notice Date:      6/28/2007 5:52:23 PM

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
jo.schwarzauer@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

To: SHEFFIELD JOSEPH M       (PRO SE)
    11835 STRINGFELLOW RD
    GRAND BAY, AL 36541

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following ORDER2 was FILED on 6/28/2007 5:52:23 PM

Notice Date:     6/28/2007 5:52:23 PM

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
jo.schwarzauer@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

To: LAURENDINE CHASE R
crl@laurendine.net

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA**

**JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL**
**02-CV-2006-003123.00**

The following ORDER2 was FILED on 6/28/2007 5:52:23 PM

Notice Date:        6/28/2007 5:52:23 PM

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
jo.schwarzauer@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

To:  REID KIRKLAND EDWARD
kirkreid@mhsolaw.com

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following ORDER2 was FILED on 6/28/2007 5:52:23 PM

Notice Date:      6/28/2007 5:52:23 PM

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8525
jo.schwarzauer@alacourt.gov



ELECTRONICALLY FILED
2/25/2008 2:09 PM
CV-2006-003123.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

SHEFFIELD JOSEPH M,                        )
              Plaintiff,            )
                            )
              v.                         )          Case No.:   CV-2006-003123.00
                            )
FRANKLIN BANK SSB,                         )
PRESTIAGE TITLE CO INC,                    )
              Defendants.           )

ORDER

This case is set for a status hearing on March 7, 2008 at 9:00 A.M. in Courtroom 8200.

DONE this 25th day of February, 2008

                                        /s MICHAEL A YOUNGPETER
                                        CIRCUIT JUDGE



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: EDWARD B MCDERMOTT

To:  LAURENDINE CHASE R
crl@laurendine.net

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
02-CV-2006-003123.00

The following matter was FILED on 2/25/2008 2:10:03 PM

Notice Date:    2/25/2008 2:10:03 PM

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8420
jo.schwarzauer@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: EDWARD B MCDERMOTT

To:  REID KIRKLAND EDWARD
     kirkreid@mhsolaw.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following matter was FILED on 2/25/2008 2:10:03 PM

Notice Date:     2/25/2008 2:10:03 PM

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8420
jo.schwarzauer@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: EDWARD B MCDERMOTT

To: SHEFFIELD JOSEPH M        (PRO SE)
11835 STRINGFELLOW RD
GRAND BAY, AL 36541

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
02-CV-2006-003123.00

The following matter was FILED on 2/25/2008 2:10:03 PM

Notice Date:        2/25/2008 2:10:03 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8420
jo.schwarzauer@alacourt.gov



ELECTRONICALLY FILED
7/30/2008 9:37 AM
CV-2006-003123.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

SHEFFIELD JOSEPH M,                      )
                    Plaintiff,           )
                                         )
          v.                             )        Case No.:  CV-2006-003123.00
                                         )
FRANKLIN BANK SSB,                       )
PRESTIAGE TITLE CO INC,                  )
                    Defendants.          )

ORDER

Franklin Bank, SSB's Renewed Motion to Dismiss is denied.

DONE this 30th day of July, 2008

                              /s MICHAEL A YOUNGPETER
                              _____

                              CIRCUIT JUDGE



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: EDWARD B MCDERMOTT

To:  LAURENDINE CHASE R
crl@laurendine.net

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following matter was FILED on 7/30/2008 9:37:42 AM

Notice Date:     7/30/2008 9:37:42 AM

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8420
jo.schwarzauer@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: EDWARD B MCDERMOTT

To:  REID KIRKLAND EDWARD
     kirkreid@mhsolaw.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following matter was FILED on 7/30/2008 9:37:42 AM

Notice Date:     7/30/2008 9:37:42 AM

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8420
jo.schwarzauer@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: EDWARD B MCDERMOTT

To:  SHEFFIELD JOSEPH M          (PRO SE)
11835 STRINGFELLOW RD
GRAND BAY, AL 36541

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following matter was FILED on 7/30/2008 9:37:42 AM

Notice Date:     7/30/2008 9:37:42 AM

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8420
jo.schwarzauer@alacourt.gov

ELECTRONICALLY FILED
8/8/2008 3:02 PM
CV-2006-003123.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

**IN THE CIRCUIT COURT OF MOBILE COUNTY,**

| | | |
|---|---|---|
| JOSEPH M. SHEFFIELD, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CIVIL ACTION NO.: CV-06-3123 |
| | * | |
| FRANKLIN BANK, SSB and | * | |
| PRESTIGE TITLE CO., INC., | * | |
| | * | |
| Defendants. | * | |

## ANSWER

Franklin Bank, SSB ("Franklin"), one of the defendants in the above-styled lawsuit, answers

plaintiff's amended *pro se* complaint (styled a "motion for a more 'defined' complaint"), as follows:

1.    Denied.

2.    Denied.

3.    Denied.

4.    Denied.

5.    Denied.

6.    The allegations of paragraph six constitute legal analysis and require no response

from Franklin.

7.    Denied.

8.    The allegations of paragraph eight are not directed towards Franklin, and therefore

require no response.

9.    The allegations of paragraph nine are not directed towards Franklin, and therefore

require no response.

10.    Denied.

11.    Denied.

12.    Denied.

## FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

## THIRD AFFIRMATIVE DEFENSE

No justiciable controversy exists between plaintiff and Franklin.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to elect remedies.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

Respectfully submitted,

s/Kirkland E. Reid
KIRKLAND E. REID (REI023)
Attorney for Defendant
Franklin Bank, SSB

OF COUNSEL:
MILLER, HAMILTON,
   SNIDER & ODOM, L.L.C.
Post Office Box 46
Mobile, Alabama  36601
(251) 432-1414

## CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing has been filed electronically with AlaFile on this 8th day of August, 2008, and will be served as indicated to the following:

**VIA ELECTRONIC MAIL:**
Chase R. Laurendine
P. O. Box 850817
5909 Airport Boulevard
Mobile, Alabama 36685
srl@laurendine.net

**VIA U.S. MAIL:**
Joseph M. Sheffield
11835 Stringfellow Rd.
Grand Bay, AL 36541

s/Kirkland E. Reid
KIRKLAND E. REID

3



**AlaFile E-Notice**

02-CV-2006-003123.00

To:  KIRKLAND E. REID
     kirkreid@mhsolaw.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following answer was FILED on 8/8/2008 3:02:46 PM

Notice Date:     8/8/2008 3:02:46 PM

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8420
jo.schwarzauer@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

To:  SHEFFIELD JOSEPH M       (PRO SE)
11835 STRINGFELLOW RD
GRAND BAY, AL 36541

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following answer was FILED on 8/8/2008 3:02:46 PM

Notice Date:      8/8/2008 3:02:46 PM

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8420
jo.schwarzauer@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

To:  LAURENDINE CHASE R
crl@laurendine.net

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following answer was FILED on 8/8/2008 3:02:46 PM

Notice Date:     8/8/2008 3:02:46 PM

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8420
jo.schwarzauer@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

To:   REID KIRKLAND EDWARD
      kirkreid@mhsolaw.com

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following answer was FILED on 8/8/2008 3:02:46 PM

Notice Date:      8/8/2008 3:02:46 PM

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8420
jo.schwarzauer@alacourt.gov

**STATE OF ALABAMA**
Unified Judicial System

02-MOBILE

Revised 3/5/08

☐ District Court  ☑ Circuit Court

Case

CV2006003123.00
CV200600312800

ELECTRONICALLY FILED
12/5/2008 11:43 AM
CV-2006-003123.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

**CIVIL MOTION COVER SHEET**

JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL

*Name of Filing Party:* D001 - FRANKLIN BANK SSB

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

KIRKLAND E. REID

254 STATE STREET
MOBILE, AL 36603

*Attorney Bar No.:* REI023

☐ Oral Arguments Requested

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| | ☐ Consolidation |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Disburse Funds |
| | ☐ Extension of Time |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ In Limine |
| | ☐ Joinder |
| ☐ Motion to Intervene ($297.00) | ☐ More Definite Statement |
| | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| ☐ Other _____ | ☐ New Trial |
| pursuant to Rule _____ ($50.00) | ☐ Objection of Exemptions Claimed |
| | ☐ Pendente Lite |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| ☐ Local Court Costs $ _____ | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☑ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other _____ |
| | pursuant to Rule _____ (Subject to Filing Fee) |

| | | |
|---|---|---|
| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐ | *Date:*<br><br>12/5/2008 11:40:47 AM | *Signature of Attorney or Party:*<br><br>/s KIRKLAND E. REID |

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: MICHAEL A YOUNGPETER

To:  LAURENDINE CHASE R
crl@laurendine.net

# NOTICE OF COURT ACTION

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

A court action was entered in the above case on 12/8/2008 9:18:29 AM

### D001 FRANKLIN BANK SSB
### MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Attorney: REID KIRKLAND EDWARD]

| | |
|---|---|
| Disposition: | OTHER |
| Judge: | MAY |
| Notice Date: | 12/8/2008 9:18:29 AM |

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8420
jo.schwarzauer@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: MICHAEL A YOUNGPETER

To:  REID KIRKLAND EDWARD
     kreid@joneswalker.com

---

# NOTICE OF COURT ACTION

---

**IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA**

**JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL**
**02-CV-2006-003123.00**

A court action was entered in the above case on 12/8/2008 9:18:29 AM

**D001 FRANKLIN BANK SSB**

**MOTION TO DISMISS PURSUANT TO RULE 12(B)**

[Attorney: REID KIRKLAND EDWARD]

Disposition:      OTHER
Judge:            MAY

Notice Date:      12/8/2008 9:18:29 AM

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8420
jo.schwarzauer@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: MICHAEL A YOUNGPETER

To: SHEFFIELD JOSEPH M  (PRO SE)
11835 STRINGFELLOW RD
GRAND BAY, AL 36541

# NOTICE OF COURT ACTION

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

A court action was entered in the above case on 12/8/2008 9:18:29 AM

### D001 FRANKLIN BANK SSB
### MOTION TO DISMISS PURSUANT TO RULE 12(B)

[Attorney: REID KIRKLAND EDWARD]

Disposition:     OTHER
Judge:           MAY

Notice Date:     12/8/2008 9:18:29 AM

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8420
jo.schwarzauer@alacourt.gov

ELECTRONICALLY FILED
12/9/2008 8:52 AM
CV-2006-003123.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

SHEFFIELD JOSEPH M,                       )
                        Plaintiff,         )
                                           )
            v.                             )        Case No.:   CV-2006-003123.00
                                           )
FRANKLIN BANK SSB,                         )
PRESTIAGE TITLE CO INC,                    )
                        Defendants.        )

ORDER

   The trial set December 15, 2008 is continued.  The action is stayed 90 days.  A status hearing is
set April 17, 2009 at 9:00 a.m. in Courtroom 8200.  The Clerk is ordered to mail a copy of this order to
the pro se Plaintiff at the address listed in the file.

   DONE this 9th day of December, 2008

                                           /s MICHAEL A YOUNGPETER

                                           CIRCUIT JUDGE



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: MICHAEL A YOUNGPETER

To:  LAURENDINE CHASE R
crl@laurendine.net

# NOTICE OF COURT ACTION

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

A court action was entered in the above case on 12/9/2008 8:52:21 AM

### D001 FRANKLIN BANK SSB
### MOTION TO STAY

[Attorney: REID KIRKLAND EDWARD]

| | |
|---|---|
| Disposition: | GRANTED |
| Judge: | MAY |
| Notice Date: | 12/9/2008 8:52:21 AM |

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8420
jo.schwarzauer@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: MICHAEL A YOUNGPETER

To: REID KIRKLAND EDWARD
kreid@joneswalker.com

# NOTICE OF COURT ACTION

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

A court action was entered in the above case on 12/9/2008 8:52:21 AM

### D001 FRANKLIN BANK SSB
### MOTION TO STAY

[Attorney: REID KIRKLAND EDWARD]

Disposition:    GRANTED
Judge:          MAY

Notice Date:    12/9/2008 8:52:21 AM

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8420
jo.schwarzauer@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: MICHAEL A YOUNGPETER

To:  SHEFFIELD JOSEPH M        (PRO SE)
     11835 STRINGFELLOW RD
     GRAND BAY, AL 36541

# NOTICE OF COURT ACTION

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

A court action was entered in the above case on 12/9/2008 8:52:21 AM

### D001 FRANKLIN BANK SSB
### MOTION TO STAY

[Attorney: REID KIRKLAND EDWARD]

Disposition:     GRANTED
Judge:           MAY

Notice Date:     12/9/2008 8:52:21 AM

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8420
jo.schwarzauer@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: MICHAEL A YOUNGPETER

To:  LAURENDINE CHASE R
     crl@laurendine.net

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following matter was FILED on 12/12/2008 3:16:51 PM

Notice Date:      12/12/2008 3:16:51 PM

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8420
jo.schwarzauer@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: MICHAEL A YOUNGPETER

To:  REID KIRKLAND EDWARD
kreid@joneswalker.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following matter was FILED on 12/12/2008 3:16:51 PM

Notice Date:     12/12/2008 3:16:51 PM

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8420
jo.schwarzauer@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: MICHAEL A YOUNGPETER

To: SHEFFIELD JOSEPH M      (PRO SE)
11835 STRINGFELLOW RD
GRAND BAY, AL 36541

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following matter was FILED on 12/12/2008 3:16:51 PM

Notice Date:      12/12/2008 3:16:51 PM

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8420
jo.schwarzauer@alacourt.gov

ELECTRONICALLY FILED
12/12/2008 3:16 PM
CV-2006-003123.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| SHEFFIELD JOSEPH M, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:  CV-2006-003123.00 |
| | ) | |
| FRANKLIN BANK SSB, | ) | |
| PRESTIAGE TITLE CO INC, | ) | |
| Defendants. | ) | |

ORDER

Plaintiffs' Motion to Amend Complaint and Add New Plaintiff is set for hearing on April 17, 2009 at 9:00 a.m. in Courtroom 8200.

DONE this 12th day of December, 2008

/s MICHAEL A YOUNGPETER

CIRCUIT JUDGE



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: MICHAEL A YOUNGPETER

To:   KIRKLAND E. REID
      kreid@joneswalker.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following matter was FILED on 12/5/2008 11:43:03 AM

**D001 FRANKLIN BANK SSB**

**MOTION TO STAY**

[Attorney: REID KIRKLAND EDWARD]

Notice Date:    12/5/2008 11:43:03 AM

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8420
jo.schwarzauer@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: MICHAEL A YOUNGPETER

To:  SHEFFIELD JOSEPH M      (PRO SE)
11835 STRINGFELLOW RD
GRAND BAY, AL 36541

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
### 02-CV-2006-003123.00

The following matter was FILED on 12/5/2008 11:43:03 AM

**D001 FRANKLIN BANK SSB**

**MOTION TO STAY**

[Attorney: REID KIRKLAND EDWARD]

Notice Date:      12/5/2008 11:43:03 AM

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8420
jo.schwarzauer@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: MICHAEL A YOUNGPETER

To:  LAURENDINE CHASE R
crl@laurendine.net

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA**

**JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
02-CV-2006-003123.00**

The following matter was FILED on 12/5/2008 11:43:03 AM

**D001 FRANKLIN BANK SSB**

**MOTION TO STAY**

[Attorney: REID KIRKLAND EDWARD]

Notice Date:      12/5/2008 11:43:03 AM

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8420
jo.schwarzauer@alacourt.gov



**AlaFile E-Notice**

02-CV-2006-003123.00

Judge: MICHAEL A YOUNGPETER

To:   REID KIRKLAND EDWARD
      kreid@joneswalker.com

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA**

**JOSEPH M SHEFFIELD VS FRANLIN BANK SSB ET AL
02-CV-2006-003123.00**

The following matter was FILED on 12/5/2008 11:43:03 AM

**D001 FRANKLIN BANK SSB**

**MOTION TO STAY**

[Attorney: REID KIRKLAND EDWARD]

Notice Date:      12/5/2008 11:43:03 AM

**JOJO SCHWARZAUER
CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8420
jo.schwarzauer@alacourt.gov

ELECTRONICALLY FILED
12/5/2008 11:43 AM
CV-2006-003123.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

**IN THE CIRCUIT COURT OF MOBILE COUNTY,**

| | | |
|---|---|---|
| JOSEPH M. SHEFFIELD, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CIVIL ACTION NO.: CV-06-3123 |
| | * | |
| FRANKLIN BANK, SSB and | * | |
| PRESTIGE TITLE CO., INC., | * | |
| | * | |
| Defendants. | * | |

## MOTION TO STAY TRIAL PROCEEDINGS

The Federal Deposit Insurance Corporation ("FDIC"), as receiver for Franklin Bank, SSB ("Franklin"), respectfully requests that this Court stay these proceedings pursuant to 12 U.S.C. § 1821(d)(12)(A)(ii). In support of this motion, the FDIC states as follows:

1. On November 7, 2008, Franklin was closed by the Texas Department of Savings and Mortgage Lending, and the FDIC was appointed as receiver of Franklin. (*See* FDIC: Failed Bank Information, attached hereto as Exhibit A). The FDIC, as receiver, is charged with winding up the affairs of Franklin. 12 U.S.C. § 1821(d)(3).

2. As part of the FDIC's responsibilities and duties as receiver, it may request a stay of any legal action in which the failed institution, here Franklin, is a party. *See* 12 U.S.C. § 1821(d)(12)(A)(ii), for a period not to exceed 90 days. Further, 12 U.S.C. § 1821(d)(12)(B) states, in pertinent part, as follows:

> Upon receipt of a request by any . . . receiver pursuant to subparagraph (A) for a stay of any judicial action or proceeding in any court with jurisdiction of such action or proceeding, the court *shall grant such stay as to all parties.*

*Id.* (emphasis added).

3.    The receiver will notify plaintiff Sheffield of the required statutory claims procedure to proceed with his claim against the FDIC, pursuant to 12 U.S.C. §1821(d)(3).

WHEREFORE, premises considered, the FDIC, as receiver for Franklin, requests that this Court stay this action pursuant to the statutory requirements described above.

Respectfully submitted,

/s/Kirkland E. Reid
KIRKLAND E. REID (REI023)
Attorney for FDIC, as receiver for
Franklin Bank, SSB

OF COUNSEL:
JONES, WALKER, WAECHTER,
POITEVENT, CARRERE & DENEGRE, LLP
Post Office Box 46
Mobile, Alabama  36601
(251) 432-1414

## CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing has been filed electronically with AlaFile on this 5TH day of December, 2008, and will be served as indicated to the following:

**VIA ELECTRONIC MAIL:**
Chase R. Laurendine
P. O. Box 850817
5909 Airport Boulevard
Mobile, Alabama 36685
seachaseiv@micro-comm.com

**VIA U.S. MAIL:**
Joseph M. Sheffield
11835 Stringfellow Rd.
Grand Bay, AL 36541

/s/Kirkland E. Reid
KIRKLAND E. REID

2

ELECTRONICALLY FILED
12/5/2008 11:43 AM
CV-2006-003123.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

Home > Industry Analysis > Failed Banks > Failed Bank Information

# Failed Bank Information

## Information for Franklin Bank, SSB, Houston, TX

I. **Introduction**
II. **Press Release**
III. **Acquiring Financial Institution**
IV. **Question and Answer Guide**
    **En Español**
V. **Banking Services**
VI. **Loan Customers**
VII. **Possible Claims Against the Failed Institution**
VIII. **Priority of Claims**
IX. **Dividend Information**
X. **Brokered Deposits**

## I. Introduction

On November 7, 2008, Franklin Bank, SSB, Houston, TX was closed by the Texas Department of Savings and Mortgage Lending and the Federal Deposit Insurance Corporation (FDIC) was named Receiver. No advance notice is given to the public when a financial institution is closed.

The FDIC has assembled useful information regarding your relationship with this institution. Besides a checking account, you may have Certificates of Deposit, a car loan, a business checking account, a commercial loan, a Social Security direct deposit, and other relationships with the institution. The FDIC has compiled the following information which should answer many of your questions.

Back to top

## II. Press Release

The FDIC has issued a press release (PR-113-2008) about the institution's closure. If you represent a media outlet and would like information about the closure, please contact David Barr at 703-622-4790 (Closing Weekend) or 202-898-6992 (Thereafter).

Back to top

## III. Acquiring Financial Institution

All deposit accounts have been transferred to Prosperity Bank, El Campo, TX ("assuming institution") and will be available immediately. On Saturday, November 8, 2008, the former Franklin Bank, SSB locations will reopen as branches of Prosperity Bank.

Your transferred deposits will be separately insured from any accounts you may already have at Prosperity Bank for six months after the failure of Franklin Bank, SSB. Checks that were drawn on Franklin Bank, SSB that did not clear before the institution closed will be honored as long as there are sufficient funds in the account. You may speak to an FDIC representative regarding deposit insurance by calling: 1-800-591-2845 or visit EDIE the FDIC's Electronic Deposit Insurance Estimator.

EDIE - FDIC's Electronic Deposit Insurance Estimator

You may withdraw your funds from any transferred account without an early withdrawal penalty until you enter into a new deposit agreement with Prosperity Bank as long as the deposits are not pledged as collateral for loans. You may view more information about Prosperity Bank by visiting their web site.

Prosperity Bank (www.prosperitybanktx.com)

Back to top

http://www.fdic.gov/bank/individual/failed/franklinbank.html



12/5/2008

## V. Banking Services

The Automated Teller Machines (ATM) and online service will remain available.

As of Saturday, November 8, 2008, you may continue to use the services to which you previously had access, such as, safe deposit boxes, night deposit boxes, wire services, etc.

Your checks will be processed as usual. All outstanding checks will be paid against your available insured balance(s) as if no change had occurred. Your new bank will contact you soon regarding any changes in the terms of your account. If you have a problem with a merchant refusing to accept your check, please contact your branch office. An account representative will clear up any confusion about the validity of your checks.

All interest accrued through Friday, November 7, 2008, will be paid at your same rate. Prosperity Bank will be reviewing rates and will provide further information soon. You will be notified of any changes.

Your automatic direct deposit(s) and/or automatic withdrawal(s) will be transferred automatically to your new bank. If you have any questions or special requests, you may contact a representative of your assuming institution at your branch office.

Back to top

## VI. Loan Customers

If you had a loan with Franklin Bank, SSB, you should continue to make your payments as usual. The terms of your loan will not change under the terms of the loan contract because they are contractually agreed to your promissory note with the failed institution. Checks should be made payable as usual and sent to the same address until further notice. If you have further questions regarding an existing loan, you may call 1-800-373-7840.

For all questions regarding new loans and the lending policies of Prosperity Bank, please contact your branch office.

Back to top

## VII. Possible Claims Against the Failed Institution

Claims against failed financial institutions occur when bills sent to the institution remain unpaid at the time of failure. Shortly after the failure, the FDIC sends notices directly to all known service providers to explain the claim filing process.

**Please note: there are time limits for filing a claim, as specified in the notice.**

If you provided a service for Franklin Bank, SSB, and have not received a notice, please contact:

Federal Deposit Insurance Corporation
Receiver: Franklin Bank, SSB
Attention: Claims Department, DRR
1601 Bryan Street
Dallas, Texas  75201

**Or:**
Call toll free 1-800-568-9161

Back to top

## VIII.  Priority of Claims

In accordance with Federal law, allowed claims will be paid, after administrative expenses, in the following order of priority:

1. Depositors
2. General Unsecured Creditors
3. Subordinated Debt
4. Stockholders

Back to top

## X.  Dividend Information

No dividends have been declared at this time.

Dividend Information on Failed Financial Institutions

Back to top

## XI.  Brokered Deposits

The FDIC offers a reference guide to deposit brokers acting as agents for their investor clientele.  This site outlines the FDIC's policies and procedures that must be followed by deposit brokers when filing for pass-through insurance coverage on custodial accounts deposited in a failed FDIC insured institution.

Deposit Broker Processing Guide

Back to top

General Disclaimer

Last Updated 11/07/2008

Customer Service

**Home**  **Contact Us**  **Search**  **Help**  **SiteMap**  **Forms**
Freedom of Information Act (FOIA) Service Center    Website Policies    USA.gov
FDIC Office of Inspector General