IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH M. SHEFFIELD and, ) | |
| MARGIE L. SHEFFIELD, ) | |
|     Plaintiffs, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO: 09-00061-KD-M |
| ) | |
| FEDERAL DEPOSIT INS. CO., ) | |
| (as Receiver for FRANKLIN BANK, SSB) ) | |
| and PRESTIGE TITLE CO., INC., ) | |
|     Defendants. ) | |

**ORDER**

This matter is before the Court on a review of the record. Defendant Federal Deposit Insurance Corporation ("FDIC")/Franklin Bank removed this case on February 5, 2009 to this Court. (Doc. 1). In so doing, the Defendant FDIC/Franklin Bank asserted in its notice of removal that on November 7, 2008, the Texas Department of Savings and Mortgage Lending declared Franklin Bank, State Savings Bank insolvent and appointed the FDIC as its Receiver, as evidenced by the Order of Closure which also tendered all assets and affairs of Franklin Bank to the receiver. (Id.) The FDIC/Franklin Bank asserts that it accepted the appointment as receiver pursuant to 12 U.S.C. § 1821(c)(3)(A) on November 7, 2008, as evidenced by the Letter of Acceptance. (Id.) The Defendant FDIC/Franklin Bank removed this case claiming that pursuant to 12 U.S.C. § 1819(b)(2)(A), all suits of a civil nature to which the FDIC, in any capacity, is a party, are deemed to arise under the laws of the United States and the district courts have original jurisdiction thereof as provided under 28 U.S.C. § 1331. (Id.)

District courts are required to remand any action over which they have no subject matter jurisdiction at any time before final judgment such that a district court may remand an action *sua sponte* for lack of subject matter jurisdiction. Indeed, although Plaintiffs have not filed a motion to

remand, federal courts are of limited jurisdiction and this Court has an independent and continuing obligation to confirm its subject matter jurisdiction – even when the parties do not question its existence. See, e.g., University of South Alabama v. American Tobacco Co., 168 F.3d 409, 411 (11th Cir. 1999). Accord Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). See also Sheldon Good & Co. v. San Carlos Condominium Development, LLC, Slip Copy, 2008 WL 5401648, *1 (S.D. Ala. Dec. 29, 2008). The presumption, in fact, is that a federal court lacks jurisdiction in a particular case until the parties demonstrate that jurisdiction over the subject matter exists. United States v. Rojas, 429 F.3d 1317, 1320 (11th Cir. 2005). Facts showing the existence of jurisdiction must be affirmatively alleged. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). Moreover, pursuant to 28 U.S.C. § 1447(c), this Court may, *sua sponte*, review this matter, and "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

In the process of reviewing the parties' respective allegations in the pending motions for summary judgment, the Court finds cause to question its own jurisdiction. Specifically, while the vast majority of suits of a civil nature to which the FDIC is a party are deemed to arise under the laws of the United States, such that federal courts would have original jurisdiction under Section 1331, there is one exception to that rule that has not been addressed by any of the parties: the state law exception. Namely, Section 1819(b)(2) provides, in relevant part, as follows:

> 2) Federal court jurisdiction
> (A) In general
> Except as provided in subparagraph (D), all suits of a civil nature at common law or in equity to which the Corporation, in any capacity, is a party shall be deemed to arise under the laws of the United States.
>                            * * *
> (D) State Actions
> Except as provided in subparagraph (E), any action–

>   (i) to which the Corporation, in the Corporation's capacity as receiver of a State insured depository institution by the exclusive appointment by State authorities, is a party other than as a plaintiff;
>
>   (ii) which involves only the preclosing rights against the State insured depository institution, or obligations owing to, depositors, creditors, or stockholders by the State insured depository institution; and
>
>   (iii) in which only the interpretation of the law of such State is necessary, shall not be deemed to arise under the laws of the United States.
>
> (E) Rule of construction
>
> Subparagraph (D) shall not be construed as limiting the right of the Corporation to invoke the jurisdiction of any United States district court in any action described in such subparagraph if the institution of which the Corporation has been appointed receiver could have invoked the jurisdiction of such court.

12 U.S.C.A. § 1819(b)(2)(A), (D) and (E). In sum, under Section 1819(b)(2)(D)-(E), no federal jurisdiction will lie in those situations where the following six factors exist: 1) the FDIC acts as a receiver for a failed state-insured bank or savings and loan; 2) the FDIC was appointed by a state authority; 3) the FDIC is not a plaintiff; 4) the lawsuit involves only preclosing rights[1] against the FDIC-insured bank or obligations owed by the FDIC-insured bank to depositors, creditors, or stockholders; 5) to decide the case, only the interpretation of the insuring state's law is required; and 6) the state-insured bank or savings and loan itself could not have invoked federal court jurisdiction.

A review of the record indicates that in this case: 1) the FDIC is acting as a receiver for a failed state-insured bank (Franklin Bank, State Savings Bank); 2) the FDIC was appointed as

---

[1] See, e.g., Castleberry v. Goldome Credit Corp., 408 F.3d 773, 785 (11th Cir. 2005) (discussing preclosing rights as those rights which accrue before a failed bank enters receivership (*i.e.*, preclosing equates with pre-receivership)). See also generally Federal Deposit Ins. Corp. v. Sumner Financial Corp., 602 F.2d 670, 679 (5th Cir. 1979) (concluding that the state law exception is an absolute preclusion of federal court jurisdiction).

3

receiver in November 2008 by a state authority (the Texas Department of Savings and Mortgage Lending); 3) the FDIC is not a plaintiff; 4) the lawsuit involves the preclosing rights of the debtors, the Sheffields, namely rights stemming from their May 2006 refinancing of a mortgage with Franklin Bank, State Savings Bank before the bank was closed and before the FDIC was appointed as receiver; and 5) to decide the case, only the interpretation of the insuring state's law is required. Accordingly, it would appear that this case is one in which the state law exception in Section 1819(b)(2)(D) may apply. However, the Court cannot determine from the pleadings whether Franklin Bank could have invoked federal jurisdiction in this case. Specifically, the citizenship of Defendant Prestige Title Company, Inc. is unclear.

In light of the foregoing and because this issue has not been addressed by the Defendant FDIC/Franklin Bank, it is hereby **ORDERED** the Defendant FDIC/Franklin Bank shall file a supplemental brief no later than **September 8, 2009**, regarding the applicability of Sections 1819(b)(2)(D) and (E) as well as provide the appropriate factual information regarding the citizenship of the Defendant Prestige Title Company, Inc.

**DONE** and **ORDERED** this the **1st** day of **September 2009.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**