IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JOSEPH M. SHEFFIELD,** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| v. | *   CIVIL ACTION NO:  09-61-KD-M |
| | * |
| | * |
| **FEDERAL DEPOSIT INSURANCE** | * |
| **CORPORATION, as receiver for** | * |
| **FRANKLIN BANK, SSB, et al.,** | * |
| | * |
| | * |
| **Defendants.** | * |

### DEFENDANT FDIC'S SUPPLEMENTAL BRIEF REGARDING THE D'OENCH DOCTRINE

Defendant Federal Deposit Insurance Corporation ("FDIC"), as receiver for Franklin Bank, SSB ("Franklin"), respectfully submits the following brief in support of its position that the D'Oench doctrine bars plaintiff's claim advanced in this case.[1]

### Prefatory Argument Unrelated to D'Oench

Although the Court requested a supplemental brief solely on the D'Oench doctrine, the FDIC respectfully reasserts its contention that plaintiff fails to state a legally cognizable claim, and that this Court need not even reach the D'Oench doctrine. This is so because the civil justice system can only provide recompense for actual or sustained loss. Here, however, plaintiff's only claim is based on a worry that *after his death* his

---

[1] The FDIC previously filed a motion to alter or amend judgment (doc. 33), and a brief in support of its motion (doc. 34). This Court withheld ruling on the FDIC's motion until after the trial of this case. The FDIC incorporates by reference herein its previously filed motion to alter or amend judgment, and its brief in support thereof. (docs. 33 and doc. 34).

mortgage may not be satisfied. Plaintiff's theory, of course, is based on a purely contingent possibility, and as such, is not compensable.

It is undisputed that for the past 3½ years plaintiff has paid no premium for credit life insurance, and therefore has actually benefited by the lower monthly payment. Accordingly, the only damage plaintiff posits is that his mortgage will not be satisfied upon his death. This Court, however, cannot predict, and compensate, for things that might or might not happen at some point in the future. Again, the law can only provide compensation for actual, sustained injury. Here, other than worrying about an unrealized event, plaintiff has offered no compelling rationale for his cause of action, nor has he offered competent evidence to support his claim for damages even assuming a cognizable claim. Accordingly, the FDIC respectfully submits that plaintiff's complaint fails to state a claim, and should be dismissed without this Court even reaching the D'Oench issue.

### **Eleventh Circuit Law Compels Entry of a Judgment in the FDIC's Favor**

As expressly held by the Eleventh Circuit, "the *D'Oench, Duhme* doctrine remains good law in this Circuit . . . ." *Murphy v. Federal Deposit Ins. Corp.*, 208 F. 3d 959, 969 (11th Cir. 2000). In so holding, the Eleventh Circuit rejected the D.C. Circuit's determination in that Circuit's pre-transfer opinion, 61 F. 3d 34 (D.C. Cir. 1995), that FIRREA preempted the common-law D'Oench doctrine. *Id*. at 964. Accordingly, the D'Oench doctrine has application here.

The Eleventh Circuit has set forth the scope of the D'Oench doctrine, as follows:

> In a suit over the enforcement of an agreement originally executed between an insured depository institution and a private party, *a private party may not enforce against a federal deposit insurer any obligation not specifically memorialized in a written*

2

>   *document* such that the agency would be aware of the obligation
>   when conducting an examination of the institution's records.

*Bufman Organization v. Federal Deposit Ins. Corp.*, 82 F. 3d 1020, 1024-25 (11th Cir. 1996) (quoting *Baumann v. Savers Fed. Savings & Loan Assoc.*, 934 F. 2d 1506, 1515 (11th Cir. 1991)) (emphasis added).

Applying the Eleventh Circuit's pronouncement of D'Oench's scope to plaintiff's claim here, it is plain that D'Oench bars that claim. Plaintiff testified that the only written document evidencing his desire to obtain credit life insurance was the December 29, 2005 Truth in Lending Disclosure Statement wherein, as part of his initial loan application, plaintiff indicated he *wanted* credit life. There is no written document evidencing that Franklin ever acted on plaintiff's desire; no written document evidencing any term or premium for this product; no written document evidencing any payment by plaintiff for this product; and no written document evidencing that Franklin agreed to provide this desired product to plaintiff.

Indeed, the only relevant written documents in evidence -- the note, mortgage, HUD-1 settlement statement, and associated closing documents -- make no mention of credit life insurance. Given these unequivocal loan documents, plaintiff bases his fraud claim solely on alleged oral representations of Franklin's loan officer, Steve Hobbs, that Franklin would provide credit life insurance for plaintiff's loan.

The Eleventh Circuit, however, has held that the D'Oench doctrine and § 1823(e) bar claims of fraud "where the alleged misrepresentations implicated an oral side agreement *reached during the loan negotiations which contradicted the express terms of the loan documentation.*" *Resolution Trust Corp, v. Dunmar Corp.*, 43 F. 3d 587, 594 (11th Cir. 1995) (en banc) (emphasis added).

3

Here, plaintiff's entire claim is based on oral representations made during the loan negotiations that are contrary to the terms of the written loan documents, i.e., the note and mortgage. Consequently, under binding Eleventh Circuit law, D'Oench, if determined to apply, bars plaintiff's claim against the FDIC.

And, the Eleventh Circuit has instructed that, in determining whether D'Oench applies or not, "the key inquiry is whether the tort claim is unrelated to a regular banking transaction." *Bufman, supra* at 1025. It is hard to imagine a more "regular banking transaction" than taking out a loan and granting a mortgage, which is what plaintiff did here, and on which his claim is based.[2]

Moreover, as the FDIC argued in its brief in support of its motion to alter or amend judgment (doc. 34), that the FDIC did not acquire any specific asset is not dispositive of this Court's D'Oench analysis. *See, e.g., OPS Shopping Center, Inc. v . FDIC*, 992 F. 2d 306 (11th Cir. 1993). Here, plaintiff, to support his claim, looks back in time (pre-receivership) to the alleged oral representations made by Steve Hobbs. The FDIC, solely because Franklin sold the note prior to the FDIC's receivership appointment, should not be stripped of D'Oench's application and be held liable on a "left behind" claim based on pre-receivership representations. As stated by the Second Circuit:

> Rather than looking to possible subsequent activity, the common law doctrine focuses on whether the agreement, *at the time it was entered into*, would tend to mislead the public authority.

*Inn at Saratoga Assocs. v. FDIC*, 60 F. 3d 78, 82 (2nd Cir. 1995) (citations omitted)

---

[2] As argued in the FDIC's brief in support of its motion to alter or amend judgment (doc. 34), the free standing tort exception recognized in *Vernon v. FDIC*, 981 F. 2d 1230 (11th Cir. 1993) has no application here because plaintiff's claim arises solely out of loan negotiations over the terms of his note and mortgage, a quintessential banking activity.

4

(emphasis in original).

The D'Oench doctrine is expansive and "'applies in virtually all cases where a federal depository institution regulatory agency is confronted with an agreement not documented in the institution's records.'" *Murphy, supra* at 963 (quoting *OPS Shopping Ctr., supra* at 308). Here, Franklin's alleged promise to provide credit life insurance is, without dispute, not documented in its records, and represents an oral agreement contrary to the express terms of the written documents. Accordingly, D'Oench bars plaintiff's claim. *Murphy, supra; Dunmar Corp., supra*.

## Conclusion

For the foregoing reasons, judgment should be entered in the FDIC's favor.

Respectfully submitted,

/s/ Kirkland E. Reid
KIRKLAND E. REID (REIDK9451)
Counsel for Federal Deposit
Insurance Corporation, as Receiver
for Franklin Bank, SSB

OF COUNSEL:

JONES, WALKER, WAECHTER,
POITEVENT, CARRERE & DENEGRE, LLP
Post Office Box 46
Mobile, Alabama  36601
(251) 432-1414

**CERTIFICATE OF SERVICE**

      I hereby certify that on this <u>26th</u> day of October 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will automatically send e-mail notification to the below-named individuals:

Chase R. Laurendine, Esq.
P. O. Box 850817
5909 Airport Boulevard
Mobile, Alabama 36685
srl@laurendine.net

      And, I further certify that I have also served a copy of this document, via U.S. Mail, on the below-named individual:

Joseph M. Sheffield
11835 Stringfellow Rd.
Grand Bay, AL  36541

.

                                                  /s/Kirkland E. Reid